

**Duane Morris**

FIRM and AFFILIATE OFFICES

NEW YORK
LONDON
SINGAPORE
LOS ANGELES
CHICAGO
HOUSTON
HANOI
PHILADELPHIA
SAN DIEGO
SAN FRANCISCO
BALTIMORE
BOSTON
WASHINGTON, DC
LAS VEGAS
ATLANTA
MIAMI
PITTSBURGH
NEWARK
WILMINGTON
PRINCETON
LAKE TAHOE
HO CHI MINH CITY

GREGORY P. GULIA
DIRECT DIAL: 212.692.1027
E-MAIL: gpgulia@duanemorris.com

www.duanemorris.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/31/07

RECEIVED
CHAMBERS OF
OCT 31 2007
JUDGE SCHEINDLIN

October 31, 2007

BY FACSIMILE

Hon. Shira A. Scheindlin
United States District Judge
Southern District of New York
500 Pearl St., Room 1620
New York, NY 10007

    Re:  Brassica Protection Products LLC v. Caudill Seed & Warehouse Co. d/b/a
            Caudill Seed Co., Index No. 07cv7844 (SAS)(DFE)

Dear Judge Scheindlin:    **MEMO ENDORSED**

    We submit this letter on behalf of defendant Caudill Seed & Warehouse Company d/b/a Caudill Seed Company ("Caudill"). We are writing to request a pre-motion conference with the Court to discuss Caudill's intent to file a motion to dismiss, stay or transfer in the above-captioned action ("New York Federal Action").

    Caudill intends to seek dismissal or stay of the New York Federal Action on the following bases: the first-filed rule; convenience of the parties and witnesses favors the litigation of this action in Kentucky; and the forum selection clause in the license agreement between the parties is unenforceable because the underlying suit does not arise out of the contract between the parties. In the alternative, Caudill intends to seek transfer of the New York Federal Action to the United States District Court for the Western District of Kentucky.

    Dismissal or stay of the New York Federal Action is warranted because there is an earlier-filed action pending in the United States District Court for the Western District of Kentucky ("Kentucky Action") involving the same parties and principally the same claims at issue in this litigation. Under the first-filed rule, "where there are two competing lawsuits, the first suit should have priority, absent the showing of balance of convenience or special circumstances giving priority to the second." First City Nat'l Bank & Trust Co. v. Simmons, 878 F.2d 76, 79 (2d Cir. 1989); D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 106 (2d Cir. 2006). "[T]he rule favoring the right of the first litigant to choose the forum . . . [is] 'just as valid when applied to the situation where one suit precedes the other by a day as they are in a case where a year intervenes between the suits.'" Genentech, Inc. v. Eli Lilly & Co., 998 F.2d 931, 937 (Fed.

MICROFILM
NOV -1 2007

# DuaneMorris

Hon. Shira A. Scheindlin
October 31, 2007
Page 2

Cir. 1993) (citations omitted). "The first-to-file rule applies when there is substantial overlap between the two competing cases in that they have 'identical or substantially similar parties and claims.'" Williams Adv. Mat'ls, Inc. v. Target Tech. Co., LLC, No. 03-CV-276-A, 2007 U.S. Dist. LEXIS 56189, at *12 (W.D.N.Y. Aug. 1, 2007).

The Kentucky Action was the first-filed action. The New York Federal Action and the Kentucky Action involve the same parties and the same key issues: patent infringement, validity, and enforceability. Since the Kentucky Action is the first-filed case that "had possession of the subject" at the heart of the parties' dispute, litigation of these issues should be conducted in the Western District of Kentucky.

The convenience of the witnesses and parties also clearly favor litigation of this dispute in the Kentucky forum. Given that this is an action for patent infringement, the claims of patent infringement purportedly arose in Kentucky—where Caudill's headquarters are located. The testimony and attendance of Caudill's senior managers would be required during most, if not all, of the trial. Although BPP has elected to litigate this matter in New York, neither New York nor Kentucky is the city in which BPP has its principal place of business—thus, neither location is convenient for BPP. Given that BPP will not be prejudiced by the litigation of this action in either venue but Caudill would be severely prejudiced by the litigation of this action in New York, the balance of conveniences clearly favors litigation of this dispute in Kentucky. See Corke v. Sameiet M. S. Song of Norway, 572 F.2d 77, 80-81 (2d Cir. 1978) (deeming it reversible error for district court to deny motion to transfer if "refusal to transfer would severely prejudice [movant], whereas transfer would work no hardship on [the opposing party]").

In addition, the forum selection clause contained in the license agreement entered into by Caudill and BPP on December 6, 2004 ("the Agreement") is unenforceable and should not determine the venue of the dispute between the parties because the primary subject matter of this dispute concerns claims of patent infringement, validity and enforcement which do not arise out of the Agreement. A forum selection clause is unenforceable when it "does not encompass the claims at issue ... or the underlying suit does not arise out of the contract containing the clause." Kenneth Light v. Richard Taylor, No. 05-CV-5003, 2007 U.S. Dist. LEXIS 5855, at *14 (S.D.N.Y. Jan. 29, 2007); Cuno, inc. v. Hayward Indus. Prod., Inc., No. 03-CV-3076, 2005 U.S. Dist. LEXIS 8886 (S.D.N.Y. May 11, 2005). Moreover, the Agreement was terminated before the commencement of this action and the choice of forum clause did not survive the termination.

In the alternative, Caudill intends to seek transfer of the New York Federal Action to the United States District Court for the Western District of Kentucky. Federal law provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district court or division where it may have been brought." 28 U.S.C. § 1404(a). In considering a motion to transfer under Section 1404(a), the Court must "weigh in the balance the convenience of the witnesses and those public-interest factors of

# DuaneMorris

Hon. Shira A. Scheindlin
October 31, 2007
Page 3

systemic integrity and fairness that, in addition to private concerns, come under the heading of 'the interest of justice.'" Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 30 (1988). As this Court has previously noted, the relevant factors include: (1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, (7) the relative means of the parties; and (8) the forum's familiarity with the governing law. See Caville v. Malibu Toys, Inc., No. 03 Civ. 9727, 2004 U.S. Dist. LEXIS 12514, at *7 (S.D.N.Y. 2004) (Scheindlin, J.).

In this case, Caudill (the plaintiff in the first-filed Kentucky action) manifested its original choice of Kentucky as the forum in which to resolve the parties' dispute. Louisville is its hometown and its principal place of business. None of the known potential witnesses reside in New York. Caudill's anticipated witnesses all live and work in the Louisville, Kentucky area. In contrast, BPP's witnesses, who presumably live and work in the Baltimore area, will be forced to travel, regardless of whether the case proceeds in New York or in Kentucky. A substantial majority of the relevant documents and physical proof relating to Caudill's alleged infringement are in Kentucky. Similar to the issue regarding the convenience of the witnesses, Kentucky is much more convenient for Caudill, but the convenience for BPP is basically the same regardless of whether the case proceeds in Kentucky or New York. Moreover, the locus of operative facts is in Kentucky. See Williams Adv. Mat'ls, 2007 U.S. Dist. LEXIS 56189, at *19 ("[t]he locus of operative facts is where the research, design, and development of the infringing product occurred"). Lastly, to retain this case, which has no real nexus to New York, would only serve to further delay adjudication of other cases brought by parties who are compelled to sue in the Southern District of New York. See Morales v. Navieras de Puerto Rico, 713 F. Supp. 711, 713 (S.D.N.Y. 1989).

Based on the foregoing reasons, we believe that a dismissal or stay of the New York Federal Action, or, in the alternative, transfer of the New York Federal Action to the Western District of Kentucky is warranted and hereby request a pre-motion conference to present these issues.

Respectfully submitted,

*Gregory Gulia* (vch)
Gregory P. Gulia

cc: Edward L. Powers, Esq. (counsel for Plaintiff) (by facsimile 212.702.3619)
Ann G. Schoen, Esq.

*Defendant's request for a pre-motion conference is granted. A conference is hereby scheduled for Friday, Nov. 9, at 4:30 p.m.*

*SO ORDERED.*

Date: Oct. 31, 2007

*Shira A. Scheindlin USDJ*