

DECL OF CAUDILL
Exh. 2  LETTER 6-8-07

June 8, 2007

EMAIL 1-2.

*VIA FEDERAL EXPRESS*

Caudill Seed Co., Inc.
1402 W. Main Street
Louisville, Kentucky 40203
Attention: Mr. Dan Caudill

Dear Dan:

I am writing in accordance with the Sublicense, Manufacture, and Distribution Agreement (the "Agreement"), dated as of December 6, 2004, between Brassica Protection Products LLC ("BPP") and Caudill Seed & Warehouse Co., Inc., d/b/a Caudill Seed Co. ("CSC"). Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Agreement.

Notice of Termination. Pursuant to section 10.2(a) of the Agreement, BPP hereby terminates the Agreement for the Events of Default described below. The termination of the Agreement will be effective on July 12, 2007, or such earlier date as the parties may hereafter agree (the "Effective Date"). Notwithstanding the foregoing, the termination will not be effective if within 30 days from this notice CSC cures the Events of Default to the reasonable satisfaction of BPP, as provided in section 10.2(a)(i)(B).

In accordance with section 10.4(a) of the Agreement, upon the Effective Date all rights granted to CSC shall revert to BPP and CSC shall cease the production, manufacture, distribution, sale, use or advertisement of the Product.

Events of Default. The following material breaches constitute Events of Default pursuant to sections 10.3(e) and 10.3(f) of the Agreement:

*Quality Control*

CSC is not manufacturing the Product in accordance with sections 3.1 (Manufacturing Standards), 3.2 (Manufacturing Facility), and 3.8 (Product Specifications Amendments) of the Agreement. CSC's numerous deficiencies are described in Carl Reynolds' May 31, 2007 report of the recent audit of the CSC facilities (the "Audit"), which is enclosed.

In contravention of section 6.2 (Manufacturing Records), CSC does not maintain in a form readily available and comprehendible by BPP all Records relating to the production, manufacture, packaging, labeling, storage, shipment, supplying and disposition of each Product batch. In this regard, and despite its prior written and verbal assurances, CSC has not provided BPP with complete Product manufacturing batch records, which are fundamental to compliance with Good Manufacturing Practices.

2400 BOSTON STREET • SUITE 358 • BALTIMORE, MARYLAND 21224
TEL: 410-732-1200 • FAX: 410-732-1980 • E-MAIL: MAIL@BRASSICA.COM

Caudill Seed Co., Inc.
June 8, 2007
Page 2

CSC and its customers have repeatedly failed to label and package all Product with Labeling and Packaging approved in advance and in writing by BPP, as required by section 3.4 of the Agreement. These failures include, but may not be limited to, Labeling and Packaging for BroccoLiv from LA Naturals, Vitamin Shoppe Advanced Longevity Formula, and Quest SGS.

CSC has not obtained BPP's express written advance approval of health claims (section 3.4 and 4.3(b)); CSC has not obtained BPP's express written advance approval of advertising (section 4.3(a)); CSC (including its customers) has used Labels and Packaging that do not include the applicable patent numbers (section 1.21).

To our knowledge, CSC has not obtained from purchasers of unlabeled Finished Product and purchasers of Ingredient Product their agreements to comply with certain provisions of the Agreement (section 2.1).

CSC has failed to provide BPP with samples of each lot or batch of Product manufactured and shipped under the Agreement (section 3.7).

### *Other Material Breaches*

No annual Marketing Plan as required by section 4.5 of the Agreement has been submitted by CSC. More specifically, CSC has not submitted a plan that addresses or delineates CSC's marketing strategy and positioning to customers and consumers, planned advertising, marketing and promotional activities, including promotion at trade events, and including market research, sales and distribution audits.

CSC does not appear to maintain files of all customer communications (section 8.3).

CSC has not furnished BPP with certificates of insurance evidencing coverage of BPP as an additional insured (section 12.4).

With reference to the August 23, 2006 letter regarding certain material rights and obligations of the parties under the Agreement (copy enclosed), CSC has breached its obligations to:

- deliver to BPP written standard operating procedures ("SOPs") for the irradiation and handling of all then-existing Product;
- furnish to BPP a comprehendible and complete inventory of all then-existing Product, including the sale or disposition of such Product, the location thereof and whether such Product has been irradiated;
- make no sales of then-existing Product unless irradiated;
- deliver to BPP a letter from a recognized expert stating that the Product can legally be sold if irradiated and that the irradiated Product has been Labeled in accordance with FDA rules and regulations;

Caudill Seed Co., Inc.
June 8, 2007
Page 3

        receive prior written approval of Johns Hopkins and BPP for the use by CSC or its customers of the Johns Hopkins name in Labeling and marketing material.

Most of the foregoing breaches and failures have been the subject of previous efforts by BPP to obtain CSC compliance. In large part, these efforts have been ignored, resisted, or not adequately addressed by CSC. For example, CSC has represented to BPP that it meets or exceeds all appropriate standards for its Product including, specifically, the proposed 21 CFR 111 and 112, Current Good Manufacturing Practice in Manufacturing, Packing or Holding Dietary Ingredients and Dietary Supplements published March 13, 2003, yet the Audit demonstrates CSC's failure to do so.

If additional Events of Default by CSC come to BPP's attention, BPP reserves the right and option to supplement this notice.

        **Post-termination.** On or prior to the Effective Date, please (a) prepare and furnish to us a correct and understandable Inventory, as provided in section 10.4(b) of the Agreement; and we will notify you with respect to the possible exercise of our purchase option, and (b) return all of BPP's Confidential Information, as required by section 10.4(d) of the Agreement. For your convenience, you may return the Confidential Information to our counsel in Louisville, whose contact information is set forth below.

        John L. Tate, Esq.
        Stites & Harbison PLLC
        400 West Market Street, Suite 1800
        Louisville, KY 40202
        (502) 681-0460

BPP will return CSC information marked "confidential" in accordance with the Agreement.

        Prior to the Effective Date, BPP will forward CSC a license for CSC to execute regarding the use of CSC patents and Know-How, in accordance with section 10.7 of the Agreement.

        Sincerely,

        BRASSICA PROTECTION PRODUCTS LLC

        By: _____
        Antony Talalay
        CEO

VIA FEDEX
.cc:  Patrick J. Welsh, Esq.
     Floyd I. Wittlin, Esq.
     John L. Tate, Esq.

# BINGHAM

LEGAL INSIGHT. BUSINESS INSTINCT.

DECL OF
CAUDILL
Exh. 3 - 7·11·07

Floyd L. Wittlin
Direct Phone: 212.705.7466
Direct Fax:    212.702.3625
floyd.wittlin@bingham.com
Our File No.:  0795308/0000310006

July 11, 2007

Exam 12

Mr. Patrick J. Welsh
Greenebaum Doll & McDonald
3300 National City Tower
Louisville, KY 40202

Dear Pat:

We represent Brassica Protection Products LLC ("BPP"). I refer to the letter dated June 8, 2007 from Antony Talalay, CEO of BPP, to Caudill Seed Co. (the "Letter"). Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Letter.

At your request, BPP agrees to extend the Effective Date until July 20, 2007 for the sole purpose of giving the parties time to negotiate a new Sublicense, Manufacture and Distribution Agreement and for no other purpose.

If, on or before July 20, 2007, BPP and CSC enter into a new Sublicense, Manufacture and Distribution Agreement, then BPP will withdraw the Letter. If, on or before July 20, 2007, BPP and CSC do not enter into a new Sublicense, Manufacture and Distribution Agreement, then the Letter shall continue in effect and the Effective Date shall be July 21, 2007. Except as hereby modified, the Letter remains unchanged and in full force and effect.

Very truly yours,

Floyd I. Wittlin

FIW/sja

Boston
Hartford
Hong Kong
London
Los Angeles
New York
Orange County
San Francisco
Santa Monica
Silicon Valley
Tokyo
Walnut Creek
Washington

Bingham McCutchen LLP
399 Park Avenue
New York, NY 10022-4689

T 212.705.7000
F 212.752.5378
bingham.com