Exhibit 8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BRASSICA PROTECTION PRODUCTS LLC,

Plaintiff,

-against-

CAUDILL SEED & WAREHOUSE CO. d/b/a
CAUDILL SEED CO.,

Defendant.

*11/14/07*

**SCHEDULING ORDER**

07 Civ. 7844 (SAS)

**Conference Date:**
**November 13, 2007**

WHEREAS, the Court issued an Order for a Conference in accordance with Fed. R. Civ.

P. 16(b) on October 17, 2007 (the "Order"); and

WHEREAS the Order requires that the parties jointly prepare and sign a proposed

scheduling order containing certain information;

NOW, THEREFORE, the parties hereby submit the following information as required by

the Order:

(1)     The date of the Rule 16 conference is November 13, 2007, at 3:15 p.m.   The

appearances for the parties at the conference are:

Richard S. Taffet
Edward L. Powers
BINGHAM McCUTCHEN LLP
399 Park Avenue
New York, NY 10022-4689
(212) 705-7000

*Attorneys for Plaintiff*
*Brassica Protection Products LLC*

Gregory P. Gulia
DUANE MORRIS LLP
1540 Broadway
New York, NY 10036-4086
(212) 692-1000

Ann Schoen
FROST BROWN TODD LLC
201 East Fifth Street
Cincinnati, Ohio 45202-4182

*Attorneys for Defendant*
*Caudill Seed & Warehouse Co., Inc.*

A/72299506.5

(2)    A concise statement of the issues as they now appear:

Plaintiff, as exclusive patent licensee, alleges that Defendant is infringing claims of four patents (the "patents-in-suit") that were the subject of a sublicense agreement (the "Agreement") between the parties entered into in December 2004. The Agreement was terminated by Plaintiff in July 2007, and Defendant has continued to manufacture and distribute the products (the "Products") that were the subject of the licensing Agreement, as well as another product that Plaintiff contends is infringing one or more claims of the patents-in-suit. Plaintiff further alleges that Defendant breached the Agreement by, *inter alia*, continuing to manufacture and distribute Product and failing to pay royalties.

Although Defendant has not answered the complaint, Defendant denies that it is infringing any claims of the patents-in-suit, asserts several defenses including that the patents-in-suit are invalid and unenforceable, and denies that it is in breach of the Agreement with Plaintiff. Further, in its anticipated answer, Defendant may assert also counterclaims for breach of the Agreement.

In addition, Defendant has notified Plaintiff and the Court that it intends to seek dismissal or stay of this action, or transfer of this action to the United States District Court for the Western District of Kentucky (the "Kentucky action"), where Defendant's declaratory judgment action with respect to the patents-in-suit, which was filed on September 4, 2007, is pending. Pursuant to the Court's Individual Practice Rules, Defendant has requested a pre-motion conference to discuss its intent to file its motion. The Court has scheduled a pre-motion conference to discuss these issues on November 13, 2007.

On or before December 6, 2007, Plaintiff intends to move for dismissal or transfer of the Kentucky action to this Court.

(2)

A/72299506.5

(3)    Schedule:

(a)    <u>Depositions and deponents:</u>

Subject to the parties identifying additional witnesses during discovery whose depositions may be noticed, Plaintiff intends to take the deposition of Defendant, pursuant to Rule 30(b)(6), Dan Caudill, Keene Ashurst, Gary Gobeli, Iris Mudd, Joseph Lyons, Del Thacker, any fact or expert witnesses designated by Defendant to testify at the claim construction hearing, and any experts designated by Defendant to testify at the trial.    Plaintiff intends to obtain documents from and take the depositions of some or all of non-party witnesses Sterigenics, Texas A & M University, Crown Iron Works, Perry Bratton, LA Naturals, and Vitamin Shoppe. Defendant intends to take the depositions of Plaintiff, pursuant to Rule 30(b)(6), Antony Talalay, Paul Talalay, Jed Fahey, Earl Houserman, any fact or expert witnesses designated by Plaintiff to testify at the claim construction hearing, and any experts designated by Plaintiff to testify at the trial. The parties will schedule the non-expert depositions in order to complete them by July 31, 2008.

(b)    <u>Initial Disclosures; Production of Documents:</u>

The parties will exchange initial disclosures as required by Rule 26(a)(1) on November 30, 2007. Initial requests pursuant to Rule 34 will be served in order for responses and responsive documents to be due for production on or before January 31, 2008.    Any subsequent Rule 34 requests must be served in order for responses and responsive documents to be received by the close of fact discovery.

(c)    <u>Disclosure of Preliminary Infringement Contentions:</u>

By December 15, 2007, Plaintiff will serve its infringement contentions, which should include, as then known by Plaintiff: each patent claim allegedly infringed by Defendant;

(3)

the accused product of Defendant, for each claim, of which Plaintiff is aware; the method or process allegedly infringed, or product that, when used, allegedly results in the practice of the claimed method or process; and a chart identifying specifically where each element of each asserted patent claim is found within each accused product. Plaintiff is expected to state particular theories of infringement with sufficient specificity to provide the Defendant with notice of infringement beyond which is provided by the mere language of the patent claims themselves. If Plaintiff wishes to preserve the right to assert that its own product practices the claimed invention, Plaintiff should also identify, for each asserted claim, each product that incorporates or reflects that particular claim.

    (d)    <u>Disclosure of Preliminary Invalidity Contentions:</u>

By January 18, 2008, Defendant will serve its invalidity contentions, which should include, as then known by Defendant: each item of prior art that allegedly anticipates each asserted claim or renders it obvious, with (i) prior art patents identified by number, country of origin, and date of issue, (ii) prior art publications identified by title, date of publication, and where feasible, author and publisher, (iii) prior art under 35 U.S.C. § 102(b) identified by specifying the item offered for sale or publicly used or known, the date the offer or use took place or the information became known, and the identity of the person or entity which made the use or which made and received the offer, or the person or entity which made their information known or to whom it was made known, (iv) prior art under 35 U.S.C. § 102(f) identified by providing the name of the person(s) from whom and the circumstances under which the invention or any part of it was derived, and (v) prior art under 35 U.S.C. § 102(g) identified by providing the identities of the person(s) or entities involved in and the circumstances surrounding the making of the invention before the patent applicant(s). Defendant is expected to state

(4)

whether each item of prior art anticipates each asserted claim or renders it obvious. Defendant's contentions should include a chart identifying where specifically in each item of prior art each element of each asserted claim is found, and any grounds of invalidity based on indefiniteness under 35 USC § 112 (paragraph 2), or enablement or written description under 35 USC § 112 (paragraph 1), of any of the asserted claims.

(e)    Supplementation of Preliminary Infringement Contentions:

The parties will make their preliminary infringement and invalidity contentions based upon the information reasonably available to them at the time of their disclosures; they are not excused from making their disclosures because they have not fully completed their investigations of the case. The parties may supplement their preliminary contentions, based upon additional information that becomes available at a later date, up to and including the close of expert discovery.

(f)    Advice of Counsel:

Defendant, no later than January 25, 2008, shall serve and file a written election as to whether it will assert advice of counsel as a defense to the allegation of willful infringement. Such an election will waive the attorney-client privilege otherwise applicable to advice of counsel and will require prompt disclosure of all written opinions embodying such advice. The parties may thereafter pursue this issue by discovery.

(g)    Exchange of expert reports on claims construction and depositions:

The parties may each have up to one expert with respect to claims construction issues. Each party will identify on or before February 18, 2008, its potential claims construction hearing witnesses (including fact witnesses). The parties will exchange expert reports, if any, on claims construction on or before February 25, 2008. The parties may then take the depositions of

(5)

A/72299506.5

the other party's claims construction expert and fact witnesses; the depositions shall be completed by March 24, 2008. Nothing herein constitutes a waiver of either party's right to object to the other party's claims construction witness(es).

    (h)    <u>Claim Construction Hearing</u>:

The parties will simultaneously exchange a list of claim terms that they contend should be construed by the Court on April 4, 2008. Not later than April 18, 2008, the parties will meet and confer for the purpose of preparing a Joint Claim Construction and Prehearing Statement. At this meeting, the parties will exchange proposed constructions of the claim terms and attempt to narrow and finalize the issues for the Joint Claim Construction and Prehearing Statement. If, at any time, the parties determine that a Claim Construction Hearing is not necessary, they shall notify the Court immediately.

By May 2, 2008, the parties will complete and file a Joint Claim Construction and Prehearing Statement with accompanying Memoranda of Law. The Joint Claims Construction and Prehearing Statement shall contain the following information:

    (1)    The construction of those claim terms on which the parties agree.

    (2)    Each party's proposed construction of each disputed claim term together with an identification of all references from the specification or prosecution history that support that construction, and an identification of any extrinsic evidence known to the party on which it intends to rely either to support its proposed construction of the claim or to oppose any other party's proposed construction of the claim.

    (3)    The identification of any witnesses, including any expert, that each party intends to call -- provided that the party identified its witness(es) in accordance with sub-paragraph 3(g), above -- at the Claim Construction Hearing.

(6)

The parties' Reply Memoranda of Law must be served and filed on or before May 23, 2008.

A Claim Construction Hearing will be held on _June 9_, 2008.

(i)     Completion of Discovery:

Fact discovery will close on September 30, 2008.

(j)     Other Experts:

Within 30 days following the close of fact discovery, Defendant shall serve its expert report, if any, on its patent invalidity and inequitable conduct defense(s), and any other issues on which it has the burden of proof, and Plaintiff shall serve its experts' reports, if any, on infringement and damages, and any other issues on which it has the burden of proof. Each party shall serve any expert report in rebuttal 30 days later, and the parties shall conduct and complete their depositions of these experts within the 45 day period following submission of the rebuttal reports. Expert discovery will then be closed.

(k)     Dispositive Motions:

The parties shall serve and file dispositive motions, if any, no later than 30 days after the close of expert discovery. Nothing herein, however, shall preclude the filing of dispositive motions at an earlier time.

(l)     Plaintiff's Pre-Trial Order:

If no dispositive motions are filed, then Plaintiff will supply its pre-trial order matters to Defendant 45 days after the close of discovery. Otherwise, to the extent claims remain in the case for trial following dispositive motions, Plaintiff will supply its pretrial order matters to Defendant 30 days after disposition of dispositive motions.

(7)

(m)    Pre-Trial Order:

The parties will submit a joint pre-trial order 45 days after Plaintiff supplies its pre-trial order matters to Defendant.

(n)    Final Pre-Trial Conference:

The final pre-trial conference, pursuant to Fed. R. Civ. P. 16(d), will be held on _____ to be scheduled _____

(4)    The parties shall endeavor to agree to the terms of a suitable Protective Order.

(5)    Issues on which counsel are unable to reach agreement:

None.

(6)    The anticipated fields of expert testimony are damages; patent claims construction, patent validity, infringement and non-infringement, and inequitable conduct.

(7)    The anticipated length of trial is two weeks, with jury.

(8)    The Scheduling Order may be altered or amended only on a showing of good cause not foreseeable at the time of the conference or when justice so requires.

(8)

November 13, 2007

**BINGHAM McCUTCHEN LLP**

By: _____
    Richard S. Taffet
    Edward L. Powers
    399 Park Avenue
    New York, NY 10022-4689
    (212) 705-7000

    *Attorneys for Plaintiff*
    *Brassica Protection Products LLC*

**DUANE MORRIS LLP**

By: _____
    Gregory P. Gulia
    1540 Broadway
    New York, NY 10036-4086
    (212) 692-1000

    Ann Schoen
    FROST BROWN TODD LLC
    201 East Fifth Street
    Cincinnati, Ohio 45202-4182
    (513) 651-6800

    *Attorneys for Defendant*
    *Caudill Seed & Warehouse Co., Inc.*

SO ORDERED:

_____
SHIRA A. SCHEINDLIN
U.S.D.J.

11/13/07

(9)

A/72299506.5