UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
BRASSICA PROTECTION PRODUCTS LLC,    :    07 Civ. 07844 (SAS)

                Plaintiff,    :

       -against-    :

CAUDILL SEED & WAREHOUSE CO., INC.    :

                Defendant.    :
------------------------------------------------------------X


**REPLY OF DEFENDANT CAUDILL SEED & WAREHOUSE CO., INC. IN SUPPORT OF ITS MOTION TO TRANSFER, STAY, OR DISMISS ACTION**


                                      Gregory P. Gulia
                                      Vanessa C. Hew
                                      DUANE MORRIS LLP
                                      1540 Broadway
                                      New York, NY 10036-4086
                                      (212) 692-1000
                                      (212) 692-1020 (fax)
                                      GPGulia@duanemorris.com
                                      VCHew@duanemorris.com


OF COUNSEL:

Ann G. Schoen
FROST BROWN TODD LLC
2200 PNC Center
201 East Fifth Street
Cincinnati, Ohio 45202
(513) 651-6128
(513) 651-6981 (fax)
aschoen@fbtlaw.com

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ...................................................................................................ii

I.    INTRODUCTION ..................................................................................................1

II.   STATEMENT OF FACTS .....................................................................................3

III.  ARGUMENT...........................................................................................................4

    A.   The Forum Selection Clause At Issue Is Narrow .......................................4

    B.   Caudill Was The First To File And Considerations Of Judicial And Litigant Economy And The Just And Effective Disposition Of Disputes Do Not Require Otherwise .....................................................................................6

    C.   It Is Irrelevant That BPP Served Its Complaint First.................................7

    D.   Kentucky Is The More Convenient Forum, Particularly For Third Party Witnesses .....................................................................................................8

IV.   CONCLUSION .....................................................................................................10

CERTIFICATE OF SERVICE ................................................................................................12

## TABLE OF AUTHORITIES

### FEDERAL CASES

*800-Flowers, Inc. v. Intercontinental Florist, Inc.*, 860 F. Supp. 128 (S.D.N.Y. 1994) ......6

*Caville v. Malibu Toys, Inc.*, No. 03 Civ. 9727, 2004 WL 1516799 (S.D.N.Y. 2004) ......9

*Cruise v. Castleton*, 449 F. Supp. 564 (S.D.N.Y. 1978) ......4

*Full-Sight Contact Lens v. Soft Lenses, Inc.*, 446 F. Supp. 71 (S.D.N.Y. 1978) ......4

*Genentech, Inc. v. Eli Lilly & Co.*, 998 F.2d 931 (Fed. Cir. 1993) ......1, 6

*Gessler v. Sobieski Destylarnia S.A.*, 06 Cir. 6510 (HB), 2007 WL 1295671 (S.D.N.Y. May 3, 2007) ......4

*Interwood Marketing Ltd. v. Media Arts International Ltd.*, No. 90 Civ. 4690, 1990 WL 209432 (S.D.N.Y. Dec. 12, 1990) ......2, 7

*Lancelot Investors Fund, L.P. v. TSM Holdings, Ltd.*, No. 07-C-4023, 2007 WL 3120011 (N.D. Ill. Oct. 24, 2007) ......9

*M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1 (1972) ......4

*Ontel Products, Inc. v Project Strategies Corp.*, 899 F. Supp. 1144 (S.D.N.Y. 1995) ......2

*Schnabel v. Ramsey Quant. System, Inc.*, 322 F. Supp. 2d 505 (S.D.N.Y. 2004) ......2, 7

*Sharimalia Food Corp. v. Monarch Wine Co., L.P.*, No. 91 Civ. 6691 (RPP), 1992 WL 58308 (S.D.N.Y. March 13, 1992) ......8

*Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22 (1988) ......8

*YWCA v. HMC Entm't, Inc.*, 91 Civ. 7943 (KMW), 1992 WL 279361 (S.D.N.Y. 1992) ......4

## FEDERAL STATUTES

28 U.S.C. § 1338(a) ................................................................................................. 7

28 U.S.C. §1404(a) ......................................................................................... 2, 8, 10

Fed. R. Civ. P. 3 .................................................................................................. 2, 7

I.      **INTRODUCTION**

Despite its efforts to distance itself from the facts, BPP cannot escape the reality that this is a patent dispute. The complaints of both parties establish that federal patent law creates the causes of action. Indeed, this Court, recognizing that this present action is based in part on matters involving patent law, has entered a scheduling order to address claim interpretation, non-infringement, invalidity, and unenforceability issues. Although there are side issues related to a historical contractual relationship between the parties that have to be decided, this does not mean that the cause of action arises in contract rather than patent.

BPP asks the Court to read the narrow forum selection clause language to encompass this patent dispute. Unlike the cases relied on by Plaintiff, this forum selection clause does not contain all-inclusive language such as "any action" or "any disputes." By avoiding the more inclusive language ("any action" or "any dispute") used in other contracts, the parties chose to limit the scope of the forum selection clause. As a result of this choice, the clause does not control the parties' current patent dispute. Furthermore, while the forum selection clause does not expressly identify the types of actions to which it applies, it defines its scope by identifying the outcomes possible in disputes governed by it—a provision of the Agreement may be found to be "invalid, void or unenforceable." Such outcomes are only possible in actions related to enforcement or validity.

This Complaint should be dismissed or stayed because this primarily patent dispute is governed by the first-filed rule, the application of which is guided by the precedent of the U.S. Court of Appeals for the Federal Circuit, not the Second Circuit. *Genentech, Inc. v. Eli Lilly & Co.*, 998 F.2d 931, 937 (Fed. Cir. 1993). This precedent gives as much weight to a declaratory judgment action as to a complaint for patent infringement. *Id.* at 938. As a result, this dispute

should properly be determined in the Western District of Kentucky, the first-filed venue. *Schnabel v. Ramsey Quant. Sys., Inc.*, 322 F. Supp.2d 505, 511 (S.D.N.Y. 2004) (*quoting Ontel Prods., Inc. v Project Strategies Corp.*, 899 F. Supp. 1144, 1150 n.9 (S.D.N.Y. 1995) ("Case law indicates that the court in which the first-filed case was brought decides the question of whether or not the firstfiled (sic) rule, or alternatively, an exception to the first-filed rule, applies"). The fact that service of the New York complaint occurred before service of the Kentucky complaint is irrelevant – "the filing of the complaint is the event that determines whether an action is 'first filed.'" *Interwood Mktg. Ltd. v. Media Arts Int'l Ltd.*, No. 90 Civ. 4690, 1990 WL 209432, at *3 (S.D.N.Y. Dec. 12, 1990) (basing the conclusion on Fed. R. Civ. P. 3, "which provides that 'an action is commenced by the filing of a complaint with the Court.'").

Alternatively, this action should be transferred to Kentucky for the convenience of at least four third-party witnesses, or potential witnesses, already identified by the parties, who live or work within 100 miles of Louisville, Kentucky. No identified third-party witnesses or potential witnesses live or work in New York City. *Id.* Kentucky is the more convenient forum. Finally, New York has no connection to this dispute or interest in its outcome, while it affects a local Kentucky company. Under 28 U.S.C. §1404(a), it should be transferred. The narrowness of the forum selection clause and the fact that Caudill filed its declaratory judgment action first further warrant this transfer.

## II.    STATEMENT OF FACTS

While not agreeing with all of the facts set forth by Plaintiff in its Opposition, Caudill will only highlight a few corrections.

First, Caudill has not continued to manufacture "Products" as defined by the former Agreement. The Agreement defined Products as, among other things, "produced and/or

manufactured using BPP Know-How and the BPP Patents or Patent Rights." Exh. A to Caudill's Opening Brief in Support of Motion to Transfer, Stay, or Dismiss ("Opening Brief"), Exh. 1 thereto, at ¶¶1.12, 1.17, 1.31. BPP Patents or Patent Rights are defined as including the patents at issue in this dispute. *Id.*, at ¶1.5. Caudill developed its own process, for which it has applied for its own patent, to manufacture its GR-containing products. *Id.*, at ¶13. As a result, if Caudill's GR-containing product is not covered by any valid claim of any BPP Patent, *i.e.*, is not infringing, then it is not "Product" under the Agreement, and Caudill's right to make, use and sell its products is not in any way impacted by the parties' former Agreement. For at least this reason, the parties' dispute is first and foremost a patent dispute.

Second, BPP is wrong when it asserts that there are no identified third-party witnesses who live and/or work within 100 miles of the U.S. District Court for the Western District of Kentucky and who will find Kentucky to be the more convenient forum. In his Declaration, Dan Caudill identified two of Caudill's suppliers who are within the subpoena power of the Kentucky court, who are involved in the manufacture and sale of the accused GR-containing product and whose testimony may be required. Exh. A to Opening Brief, at ¶5. One supplier is located in Seymour, Indiana and the other is in Madisonville, Kentucky. In addition, in its list of deponents, submitted in the parties' Rule 26(f) Report and its Rule 26(a) Initial Disclosures, BPP identified Perry Bratton. Affidavit of Edward L. Powers in Opposition to Motion to Transfer, Stay, or Dismiss, at ¶7, Exh. 8 thereto; Exh. H, Exh. 3 thereto. Mr. Bratton is the "Caudill consultant" BPP admits lives in Kentucky. BPP Opposition, at 14. Furthermore, in their Rule 26(a) Initial Disclosures, each party also identified Gary Gobeli, who is not a Caudill employee but rather its independent sales broker, who lives and works in Kentucky. *Id.*, Exh. A to Opening Brief, Exh. 1 thereto, at ¶6. In contrast, no third party witnesses have been identified as living or working in

3

New York City. Therefore, the convenience of third party witnesses is served by moving this dispute to Kentucky.

III. ARGUMENT

    A.     The Scope Of The Forum Selection Clause At Issue Is Narrow

BPP's arguments about the supposed breadth of the forum selection clause at issue highlight how very narrow it actually is. In a case BPP calls "analogous", the forum selection clause expressly required that the party was "confined in any action at law or equity against" the other party. BPP Opposition, at 4, citing *Cruise v. Castleton,* 449 F. Supp. 564, 566 (S.D.N.Y. 1978). Likewise, BPP labeled a case "instructive" where the forum selection clause pertained to "any litigation 'arising under'" the parties' agreement. *See YWCA v. HMC Entm't, Inc.,* 91 Civ. 7943 (KMW), 1992 WL 279361, at *1 (S.D.N.Y. 1992). Other cases cited by BPP have similarly broad language: *M/S Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1 (1972) ("[a]ny dispute arising"); *Full-Sight Contact Lens v. Soft Lenses, Inc.,* 446 F. Supp. 71, 74 (S.D.N.Y. 1978) ("any action brought by Distributor"); and *Gessler v. Sobieski Destylarnia S.A.,* 06 Cir. 6510 (HB), 2007 WL 1295671, at *4 (S.D.N.Y. May 3, 2007) ("any disputes resulting from this agreement").

The language in each of these cases relied on by BPP actually emphasizes the narrow scope of the forum selection clause at issue in the present dispute. By avoiding the more inclusive language ("any action" or "any dispute") used in other contracts, the parties chose to limit the scope of their forum selection clause. As a result of this choice, it does not control the parties' current patent dispute, a dispute that unlike in the *YWCA* case, does not "require consideration of the contract" to make a determination. *YWCA,* 1992 WL 279361, at *4.

4

The forum selection clause at issue does not expressly identify the types of actions to which it applies, but defines its scope by identifying the outcomes possible in disputes governed by it. Exh. A to Opening Brief, Exh. 1 thereto, at ¶14.5. The clause begins by explaining that the Agreement "shall be governed and interpreted" in accordance with New York law. *Id.* Unlike the cases relied on by BPP, the clause does not state the type of claims the parties submit to the jurisdiction of the New York court. However, the balance of the paragraph makes it clear by explaining that a provision of the Agreement may be found to be "invalid, void or unenforceable" and what the parties must do if such an outcome occurs. The expressly identified outcomes are only possible in actions related to enforcement or validity. By explaining the steps to be taken by the parties in the event of such an outcome in a paragraph entitled "Governing Law; Severability", and not entitled "Jurisdiction", the parties evidenced their intent that actions governed by this clause would be limited to performance, enforcement and validity.

BPP attempts to incorporate such broadening language into the parties' forum selection clause after the fact by pointing to the use of the words "any proceeding" in the portion of the clause related to appointment of an agent of service. BPP Opposition, at 5. However, in attempting to find the magic words, BPP has taken the phrase out of context. In reading the entire clause as a whole, it is evident that what was meant was only that the parties appointed the New York Secretary of State to receive service of process "in any proceeding" that falls within the purview of this forum selection clause. Exh. A to Opening Brief, Exh. 1 thereto, at §14.5.

BPP's allegations of gamesmanship are unfounded. BPP Opposition, at 6, n. 4. BPP accuses Caudill of reversing course by first relying on the allegations of patent infringement made in a state court complaint and then "arguing that the contract and patent claims are independent." BPP misunderstands Caudill's argument. The patent dispute is at the heart of the

5

parties' dispute – both parties have filed complaints alleging patent issues. Whether Caudill is infringing any valid claim of any of the BPP Patents can and will be decided without reference to the parties' Agreement. The fact that the initial allegations were made in a complaint filed in a court that did not have jurisdiction over this now central dispute is irrelevant and is certainly not gamesmanship.

### B. Caudill Was The First To File And Considerations Of Judicial And Litigant Economy And The Just And Effective Disposition Of Disputes Do Not Require Otherwise

Try as it might, BPP cannot shoe-horn its circumstances into the holding of the *800-Flowers* case so that its state court action can be called the first-filed case. *800-Flowers, Inc. v. Intercontinental Florist, Inc.*, 860 F. Supp. 128, 131 n.1 (S.D.N.Y. 1994).

First, BPP tries to explain (without citation) that its subsequent federal filing "essentially amended its earlier complaint." BPP Opposition, at 8. That is not possible; the patent claims could never have been brought in state court because, of course, the federal courts have exclusive jurisdiction over patent matters. 28 U.S.C. § 1338(a). The *800-Flowers* case involved trademark infringement claims over which the state court had jurisdiction. That alone distinguishes it from the present case, where the state court could not have exercised subject matter jurisdiction over the patent issues. Furthermore, the 800-Flowers case was a federal action that had been removed from state court. In the instant case, BPP separately instituted this separate action and then voluntarily dismissed the state court action *after* it was removed to federal court. Exh. G to Opening Brief, at ¶4. Thus, BPP cannot rely on the state court case to establish priority.

Second, BPP ignores the fact that Second Circuit law does not control the patent dispute, or the application of the first-filed rule, which application is guided by the precedent of the U.S. Court of Appeals for the Federal Circuit. *Genentech,* 998 F.2d at 937. Federal Circuit precedent

6

favors the first-filed forum, even when the first filed case is a declaratory judgment action, unless considerations of judicial and litigant economy, and the just and effective disposition of disputes, require otherwise. *Id.*, at 937-38. As explained in Caudill's Memorandum in Support of its Motion to Dismiss, Stay or Transfer and further explained below, economy and convenience favors Kentucky, as does the just and effective disposition of disputes. In fact, the Kentucky court, as the first-filed court, decides the forum for this dispute. *Schnabel,* 322 F. Supp.2d at 511 (citations omitted) ("Case law indicates that the court in which the first-filed case was brought decides the question of whether or not the firstfiled (sic) rule, or alternatively, an exception to the first-filed rule, applies.").

### C.   It Is Irrelevant That BPP Served Its Complaint First

BPP argues that it served its Complaint first and that Caudill delayed in serving its first-filed complaint, thereby forfeiting its first-filed status. BPP Opposition, at 9. This argument is both legally and factually wrong.

First, "filing of the complaint is the event that determines whether an action is 'first filed.'" *Interwood,* 1990 WL 209432, *3. The *Interwood* court, noting that many other district courts have followed this logic, based its conclusion on Fed. R. Civ. P. 3, "which provides that 'an action is commenced by the filing of a complaint with the Court.'" *Id.*

Second, Caudill did not delay in its service of the Kentucky Action complaint. In Kentucky, service of process can be achieved by request of the Kentucky Secretary of State, a proceeding Caudill diligently followed. Exh. I, Declaration of Tom O'Brien, at ¶5. The unintentional delay occurred, as explained by Mr. O'Brien because of inadvertent overpayment of the service fee. *Id.* at Exh. 4 thereto. There was no intentional delay introduced on Caudill's part. Furthermore, BPP was aware of the Kentucky Action almost immediately, having been

provided with a courtesy copy of the complaint to its counsel on September 6, 2007. Exh. H, at Exh. 1 thereto.

### D. Kentucky Is The More Convenient Forum, Particularly For Third Party Witnesses

BPP argues that Caudill has waived its right to make a convenience argument by agreeing to the forum selection clause. This argument is contradicted by the very clear Supreme Court holding that a forum selection is not dispositive, but rather a factor to be considered in weighing transfer under 28 U.S.C. §1404(a). *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). It is telling that the cases cited by BPP in its Opposition, at 12, predate this controlling Supreme Court case. In fact, a more modern case, cited by BPP for another proposition, states very clearly that "[t]he forum-selection should weigh no more decisively than any of the other considerations in the court's balance of convenience." *Sharimalia Food Corp. v. Monarch Wine Co., L.P.*, No. 91 Civ. 6691 (RPP), 1992 WL 58308, at *3 (S.D.N.Y. March 13, 1992). Under current precedent, the forum selection clause does not solely control where this dispute should be determined.

BPP also criticizes Caudill for not providing adequate detail about the balance of conveniences, particularly as it relates to potential third-party witnesses. This is not true. In its opening Memorandum, Caudill provided a detailed explanation why the Western District of Kentucky was a more convenient forum overall for the parties and the witnesses. It is particularly more convenient for at least four third-party witnesses, or potential witnesses, who live or work within 100 miles of Louisville, Kentucky and have been identified by the parties in the Declaration of Dan Caudill in support of Defendant's Motion to Dismiss, etc.; Plaintiff's list of deponents in the parties' Rule 26(f) Report; and the parties' Rule 26(a) Initial Disclosures.

8

In his Declaration, Dan Caudill identified two of Caudill's suppliers who are within the subpoena power of the Kentucky court, who are involved in the manufacture and sale of the accused GR-containing product, and whose testimony may be required. Exh. A to Opening Brief, Exh. 1 thereto, at ¶5. One supplier is located in Seymour, Indiana and the other is in Madisonville, Kentucky. In addition, in its list of deponents, submitted in the parties' Rule 26(f) Report and its Rule 26(a) Initial Disclosures, BPP identified Perry Bratton. Affidavit of Edward L. Powers in Opposition to Motion to Transfer, Stay, or Dismiss, at ¶7, Exh. 8 thereto; Exh. H, Exh. 3 thereto. Mr. Bratton is the "Caudill consultant" BPP admits lives in Kentucky. BPP Opposition, at 14. Furthermore, in its Rule 26(a) Initial Disclosures, BPP also identified Gary Gobeli, who is not a Caudill employee but rather its independent sales broker, who lives and works in Kentucky. *Id.*, Exh. A to Opening Brief, Exh. 1 thereto, at ¶6. In contrast, no third party witnesses have been identified as living or working in New York City. For at least this reason, Kentucky is the more convenient forum.

Public policy supports transfer to Kentucky. "The administration of justice is generally served more efficiently when the action is litigated in the forum that is 'closer to the action.'" *Lancelot Investors Fund, L.P. v. TSM Holdings, Ltd.,* No. 07-C-4023, 2007 WL 3120011, at *4 (N.D. Ill. Oct. 24, 2007). Louisville, Kentucky is "closer to the action." New York has no connection to this dispute or any interest in its outcome, while it affects a local Kentucky company.

Finally, as this Court has previously pointed out, patent law is federal law so any district court is competent to handle a patent case. *Caville v. Malibu Toys, Inc.,* No. 03 Civ. 9727, 2004 WL 1516799, at *5 (S.D.N.Y. 2004) (Scheindlin, J.).

It should be noted that there is no appreciable difference in the caseloads of the Kentucky and New York courts that would lead one to expect disposition of this matter will be quicker in one court or the other. According to the Judicial Caseload Profile Reports, available on the U.S. Courts' website at www.uscourts.gov, the caseloads per judge, median times to disposition, and median times to filing are similar for both courts. Exh. G to Opening Brief, at ¶ 5, Exhibit 6 thereto. The civil filings per judgeship in the twelve month period ending September 2006 were 314 in the Western District of Kentucky and 385 in the Southern District of New York. *Id.* The median time from filing to disposition in the twelve month period ending September 2006 was 8.7 months in the Western District of Kentucky and 8.3 months in the Southern District of New York. *Id.* Similarly, the median time from filing to trial in the twelve month period ending September 2006 was 27.5 months in the Western District of Kentucky and 25.7 months in the Southern District of New York. *Id.* Proceeding in one forum or the other should not substantially affect the ability of the parties to obtain a timely resolution of their dispute.

Under 28 U.S.C. §1404(a), this case should be transferred to the Western District of Kentucky. The narrowness of the forum selection clause and the fact that Caudill filed its declaratory judgment action first further support this transfer.

IV.   **CONCLUSION**

For all of the reasons set forth above and in Caudill's Memorandum in Support of its Motion to Transfer, Stay, or Dismiss, Caudill respectfully requests that this action be either (a) dismissed or stayed, or (b) transferred to the Western District of Kentucky.

Respectfully submitted,

/s/

Gregory P. Gulia
Vanessa C. Hew
DUANE MORRIS LLP
1540 Broadway
New York, NY 10036-4086
Tel: (212) 692-1000
Fax: (212) 692-1020 (fax)

and

Ann G. Schoen
FROST BROWN TODD LLC
2200 PNC Center
201 East Fifth Street
Cincinnati, Ohio 45202
(513) 651-6128
(513) 651-6981 (fax)

Attorneys for Defendant
Caudill Seed & Warehouse Co. Inc.
d/b/a Caudill Seed Co.

## CERTIFICATE OF SERVICE

I hereby certify that on December 4, 2007, the Reply in Support of Defendant Caudill Seed & Warehouse Co., Inc.'s Motion to Transfer, Stay, or Dismiss was filed with the Clerk of the Court via ECF and served in accordance with Southern District's Rules on Electronic Service upon the following counsel for Plaintiff:

> Richard S. Taffet, Esq.
> Edward L. Powers, Esq.
> Bingham McCutchen LLP
> 399 Park Avenue
> New York, NY 10022-4689

_____
Vanessa C. Hew

DM1\1244128.1

12