Richard S. Taffet
Edward L. Powers
Lavanya Kilaru
BINGHAM McCUTCHEN LLP
399 Park Avenue
New York, New York 10022
212.705.7000
*Attorneys for Plaintiff*
*Brassica Protection Products LLC*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

**BRASSICA PROTECTION PRODUCTS LLC,**

Plaintiff,

-against-

**CAUDILL SEED & WAREHOUSE CO., INC.**
**d/b/a/ CAUDILL SEED CO.,**

Defendant.

07 Civ. 7844 (SAS)

---

### INITIAL DISCLOSURES OF PLAINTIFF
### BRASSICA PROTECTION PRODUCTS LLC

Pursuant to Federal Rule of Civil Procedure 26(a)(1), Plaintiff Brassica Protection Products LLC ("Brassica") hereby provides its initial disclosures in the above-captioned matter. These disclosures are based upon the information reasonably available to Brassica at this time. As of the date of these disclosures Defendant Caudill Seed & Warehouse Co., Inc. d/b/a Caudill Seed Co. ("Caudill") has not filed an answer in this action and, consequently, Brassica does not know whether and to what extent Caudill will admit or deny the factual averments in Brassica's complaint. Brassica reserves the right to amend, clarify or supplement these disclosures after receipt of Caudill's answer and as Brassica's factual investigation progress. Brassica also reserves the right to object to the admissibility of any information disclosed and reserves any other applicable objections

A/72332933.2

that it may have, including but not limited to objections based on relevance, materiality, attorney-client privilege, work-product doctrine, burden and confidentiality.

Unless otherwise stated, references below to the "Agreement" refer to the Sublicense, Manufacture and Distribution Agreement dated as of December 6, 2004, between the parties, and references to the "Patents" refer to the patents-in-suit identified and appended to the Complaint. Other capitalized terms have the same meaning as set forth in the Agreement.

### A. **POTENTIAL WITNESSES**

Pursuant to Fed. R. Civ. P. 26(a)(1)(A), Brassica hereby identifies those individuals likely to have discoverable information that Brassica may rely upon to support its claims. Employees and consultants of Brassica should be contacted through counsel for Brassica, Bingham McCutchen LLP, only. With respect to non-party entities, Brassica has listed the name and address and, if readily known, the identity of the person or persons with knowledge at the entity. If no individual is named, Brassica reserves the right to supplement this disclosure with such information when it becomes available.

| Name | Category | Subject Area(s) |
|---|---|---|
| Antony Talalay | Brassica Employee | The Agreement, including but not limited to the contractual relationship between the parties, communications with Caudill, Caudill non-compliance with the Agreement, quality control standards, good manufacturing practices, Specifications, receipt and use of Brassica Know-How, reported contamination and irradiation of Product, meetings, labeling of Product, Caudill Events of Default, post-termination matters, Caudill ongoing production and sales of Product, and Caudill infringement of the Patents |

| **Name** | **Category** | **Subject Area(s)** |
|---|---|---|
| William Tew | Brassica Board member and consultant | Preparation of, and efforts to implement Specifications and obtain Caudill compliance with quality control provisions in the Agreement |
| Paul Talalay | Inventor, Brassica founder, consultant | Development of inventions, Product formulations, extraction techniques, knowledge, practices and procedures, communications with Caudill regarding standards and expectations for its production of Product for human consumption |
| Earl Hauserman | Brassica Employee | Brassica quality control practices and expectations with respect to sprout growers, seed supply |
| Dan Copp | Brassica consultant | Interactions with Caudill in connection with efforts to gain Caudill compliance with inventory and reporting provisions of the Agreement and understandings set forth in August 23, 2006 memorandum of the parties |
| Jed Fahey | Inventor; Brassica founder; consultant | Inventions; work at Texas A&M; development, transmission and Caudill use of Brassica Know-How |
| Dan Caudill | Caudill Employee | The Agreement, including but not limited to the contractual relationship between the parties, communications with Brassica, Caudill non-compliance with the Agreement, quality control standards, good manufacturing practices, Specifications, receipt and use of Brassica Know-How, reported contamination and irradiation of Product, meetings, labeling, Caudill Events of Default, post-termination matters, Caudill ongoing production and sales of Products, and Caudill infringement of the Patents |
| Iris Mudd | Caudill Employee | Product Inventory, disposition, sales and damages |

| Name | Category | Subject Area(s) |
|---|---|---|
| Gary Gobeli | Caudill Employee (or former employee) | Marketing issues, Labeling and marketing in connection with Caudill's non-performance of the Agreement |
| Kean Ashurst | Caudill Employee | Caudill manufacturing, quality control, receipt and use of Brassica Know-How, non-compliance with Agreement; Caudill ongoing production and sales of Product, infringement of the Patents compliance with GMP, contamination and irradiation of Product |
| Joseph Lyons | Caudill Employee | Labeling and marketing in connection with Caudill's non-performance of the Agreement |
| Perry Bratton | Food Protection Services, LLC | Caudill consultant, Caudill quality control issues, presence at audit of Caudill facilities in April 2007 |
| Carl Reynolds | EAS Consulting Group | Inspection and audit of Caudill documents and facilities, including but not limited to quality control, compliance by Caudill with the proposed dietary supplement regulations and the Agreement Specifications |
| Texas A&M University Food Protein R&D Center Cater-Mattil Hall 2476 TAMU College Station, TX 77843 Steve Gregory, Carl Vavra, Scott McKenzie | Non-Party witness | Issues relating to manufacturing of Product, reported contamination, quality control |
| Sterigenics International, Inc. Schaumberg, IL Juan Segovia | Non-Party witness | Irradiation of Product |
| Crown Iron Works Company 2500 West County Road C Roseville, MN 55113 | Non-Party witness | Critical extraction work, quality control |

A/72332933.2

| **Name** | **Category** | **Subject Area(s)** |
|---|---|---|
| Los Angles Naturals<br>c/o Palko Distributing Co., Inc.<br>4991 W US HWY 20<br>Michigan City, IN 46360 | Non-Party witness | Product labeling |
| Vitamin Shoppe<br>North Bergen, NJ<br><br>Eric Cohen | Non-Party witness | Product labeling |
| B&D Nutritional Ingredients,<br>Vista, CA<br><br>Bill Van Dyke | Non-Party witness | Caudill distribution of Product documentation; good manufacturing practices, standards in industry |

Brassica includes the following persons among the potential witnesses who may have discoverable information that Brassica may rely upon to support its claims: all persons identified by Defendant in its respective initial disclosures; all persons identified by Defendant in its respective depositions or document productions; all expert witnesses designated by either party; and all persons referred to in the documents produced in this litigation.

Because this litigation is ongoing and because discovery has not yet begun, Brassica reserves any and all rights to supplement its potential list of witnesses as appropriate during the course of litigation.

**B.     DOCUMENTS, DATA COMPILATIONS, AND TANGIBLE THINGS**

Set forth below are categories and/or identified documents that Brassica may use to support its claims. These documents are in the possession, custody or control of Brassica and/or Brassica's undersigned counsel and, to the extent they are not protected from discovery by the attorney-client privilege or work-product doctrine, may be produced as they become available through investigation and discovery:

1. The documents appended as exhibits to the Complaint filed in this matter -- the Patents and Agreement, and appendices and exhibits thereto.

2. The Johns Hopkins University license granting Brassica exclusive worldwide rights to the Patents.

3. Documents relating to Brassica's development and transmittal to Caudill of Brassica Know-How, including technology, expertise, and Confidential Information.

4. The August 23, 2006 letter signed by the parties in connection with their meeting in New York the same day, and subsequent correspondence and documents between the parties relating thereto.

5. Documents relating to the implementation of, and efforts to obtain Caudill's compliance with, quality control and related requirements in the Agreement, including the proposed Dietary Supplement Regulations, 21 CFR Parts 111 and 112, and the Specifications.

6. Correspondence between the parties regarding the audits of Caudill's production documentation and its facilities; audit reports by EAS Consultants furnished by Brassica to Caudill and related correspondence between the parties.

7. Documents relating to the use by Caudill and its customers of unapproved Labeling and Packaging, including correspondence with Caudill, Labeling and Packaging for BroccoLive by LA Naturals, Labeling and Packaging for Vitamin Shoppe Advanced Longevity Formula, and Quest SGS.

8. Documents relating to the use by Caudill and its customers of unapproved health claims and advertising for the Product, and use of Labels and Packaging without applicable patent numbers.

9. Documents and correspondence between the parties relating to marketing, marketing plans, irradiation, inventory, quality control, including Brassica's October 9 and October 13, 2006 email and letter to Caudill and Caudill's November 14, 2006 response.

10. Brassica's June 8, 2007 notification of default to Caudill, and the July 11, 2007 letter from Brassica's counsel agreeing to extend the date upon which the Agreement would terminate.

11. Documents relating to Caudill's production and marketing of Product since the termination of the Agreement.

12. Documents relating to Caudill's production and marketing of Brocc-Olio.

13. The official file histories of the patents-in-suit.

Because this litigation is ongoing, Brassica reserves any and all rights to supplement its list of documents, data compilations, and tangible things as appropriate during the course of litigation.

C. **CALCULATION OF DAMAGES**

Brassica is entitled to damages from Caudill arising from and relating to the allegations set forth in the Complaint. This includes Caudill's contractual obligation to pay royalties for the second quarter of 2007 and the prorated Minimum Royalty for the 2007 period ending with the termination of the Agreement. In addition, Brassica is entitled to damages for Caudill's breach of its obligations to cease the production, manufacture, distribution, and sales of the Products, and for Caudill's sale of Inventory after the termination of the Agreement. At this time, Brassica lacks sufficient information regarding Caudill sales of post-contract Product and related activities to calculate Brassica's contract damages, except Brassica states that, at minimum, it is

A/72332933.2

entitled to damages based upon the royalties that would otherwise be due under the Agreement for so long as Caudill continues to produce the Product. Brassica is entitled to damages, as provided by law, for Caudill's infringement of the Patents. Brassica seeks an award of treble damages under 35 U.S.C. § 284 for willful infringement and supplemental damages for any continuing post-verdict infringement up and until entry of final judgment with an accounting, as needed. Brassica is incurring attorneys' fees and costs in pursuing its patent rights in this action and, if the Court finds this is an exceptional case under 35 U.S.C. § 285, Brassica will seek an award of its costs of this action, including disbursements, and reasonable attorneys' fees. With the exception of the quarterly and Minimum royalty payments due under the Agreement, Brassica is unable to provide an estimate of its actual damages, pending investigation, discovery and analysis.

**D.    INSURANCE COVERAGE**

Brassica is not aware of any policy of insurance held by defendant Caudill that would cover a judgment against Caudill in this action.

Dated: New York, New York
       December 3, 2007

BINGHAM McCUTCHEN LLP

By: _____
Richard S. Taffet
Edward L. Powers
Lavanya Kilaru
399 Park Avenue
New York, NY 10022-4689
(212) 705-7000
(212) 752-5378 (fax)

*Attorneys for Plaintiff*
*Brassica Protection Products LLC*

8

A/72332933.2