UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- X
BRASSICA PROTECTION PRODUCTS
LLC,

               Plaintiff,

- against -

CAUDILL SEED & WAREHOUSE CO.,
INC.,

               Defendant.
------------------------------------------------------- X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/19/07

**MEMORANDUM**
**OPINION AND ORDER**

07 Civ. 7844 (SAS)

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

## I.   BACKGROUND

Brassica has exclusive licenses for the Patents, which relate to certain chemicals that are believed to have anti-carcinogenic properties. Pursuant to the Agreement, which was signed on December 6, 2004, Brassica licensed to Caudill the rights to the Patents and certain trademarks and information relating to the chemicals. Caudill was intended to be the sole supplier of the Products to Brassica, which intended to manufacture nutritional supplements with cancer-fighting properties.

Section 14.5 of the Agreement states that "The parties (I) irrevocably submit to the exclusive jurisdiction or the courts of the State of New York and the United States District Court located in the Borough of Manhattan in New York City" and that they waive any objections to venue, *forum non conveniens*, and

jurisdiction.[1]

The relationship between Brassica and Caudill turned sour as the parties encountered difficulties in agreeing to various details of production. On June 8, 2007, Brassica informed Caudill that Caudill was in breach of the Agreement, and Brassica terminated the Agreement on July 21, 2007. Caudill apparently claimed that the Agreement did not terminate.

Brassica alleges that Caudill owes royalties under the Agreement and that it is producing and distributing products that make use of the Patents and related information. Caudill responds that the Patents are invalid.

On August 6, 2007, Brassica filed an action in New York State court that asserted breach of contract and related claims. On September 4, Caudill filed a suit in the Western District of Kentucky for a declaratory judgment that it was not infringing on Brassica's patents.[2] One day later, Brassica filed this action and then moved to dismiss its New York State action. This action alleges patent

---

[1] *See* Sublicense, Manufacture, and Distribution Agreement, Ex. A to Opening Brief in Support of Defendant Caudill Seed & Warehouse Co., Inc.'s Motion to Transfer, Stay, or Dismiss ("Caudill Mem.").

[2] Caudill argues that its action in Kentucky should be considered the first to be filed because the New York state court in which Brassica's first action was filed could not have jurisdiction over its patent claim. *See* Caudill Mem. at 9-11. I do not need to reach this issue because I find that even were Caudill's action considered filed first, enforcement of the forum selection clause would still militate against a transfer. Nonetheless, were I to reach this issue, I would likely conclude that Brassica was the first to file.

infringement and breach of contract. Caudill now moves to transfer this action to the Western District of Kentucky, or in the alternative, to dismiss the action or stay the action pending the outcome of the declaratory judgment action in Kentucky.

## II. APPLICABLE LAW

### A. Forum Selection Clause

"Although courts once frowned upon enforcement of forum-selection clauses, it is now settled law that parties may bargain in advance to select the forum in which their disputes will be adjudicated."[3] Any remaining hostility toward forum-selection clauses is "simply a vestigial remainder of an outmoded doctrine."[4] As stated by the Supreme Court, forum selection clauses "are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances."[5] Thus, "[f]orum selection clauses are presumptively enforceable,"[6] "unless it clearly can be shown that enforcement would be unreasonable and unjust, or that the clause was invalid for

---

[3] *Design Strategy Corp. v. Nghiem*, 14 F.Supp.2d 298, 300 (S.D.N.Y. 1998) (citing *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 13 (1972) and *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 590-96 (1991)).

[4] *Bense v. Interstate Battery Sys. of Am.*, 683 F.2d 718, 721 (2d Cir. 1982).

[5] *M/S Bremen*, 407 U.S. at 10.

[6] *J.B. Harris, Inc. v. Razei Bar Indus.*, 37 F. Supp. 2d 186, 189 (E.D.N.Y. 1998), *aff'd*, 181 F.3d 82 (2d Cir. 1999).

such reasons as fraud or overreaching."[7]

## B. Transfer Under Section 1404(a)

Section 1404(a) of title 28 of the United States Code provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." "The presence of a forum-selection clause . . . will be a significant factor that figures centrally in the district court's calculus."[8]

## III. DISCUSSION

### A. Forum Selection Clause

Caudill claims that this action is essentially about patent infringement, and that the Agreement will play a minimal role in the resolution of the dispute. I disagree. Caudill's argument regarding the invalidity of the patent is raised as a defense to Brassica's charge that Caudill has violated the Agreement. It is true that the fundamental dispute between the parties relates to Caudill's production of products that are covered by the Patents. However, Caudill negotiated a license to produce those products, and now seeks to avoid its obligations under that license by claiming the Patents are invalid. While most of

---

[7] *Karl Koch Erecting Co. v. New York Convention Ctr. Dev. Corp.*, 838 F.2d 656, 659 (2d Cir. 1988) (internal quotation marks and citations omitted).

[8] *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988).

Brassica's claims against Caudill are premised on patent infringement, Brassica also asserts that Caudill has breached the Agreement and is suing for damages.

The forum selection clause at issue is exceedingly broad. It states that the parties "irrevocably submit to the exclusive jurisdiction" of this district and waive all objections to proceeding here, without limitation as to the types of actions that might be brought. The natural reading of this clause is that the parties intended that any disputes between them would be settled in this district. Caudill argues that in context, the clause demonstrates an intention only to agree to litigate claims arising directly out of the Agreement. However, I need not determine the scope of the clause because even assuming, *arguendo*, that the clause were limited solely to claims arising from the Agreement, the instant dispute would be covered.

Caudill has not argued that the enforcement of the Agreement would be unjust or unfair, or that it was fraudulently induced to agree to its terms. Given that there is no reason to disturb the parties' agreement to litigate in this district, I find that the Agreement should be enforced.

### B.   Transfer Under Section 1404(a)

Forum selection clauses are entitled to great weight. In this case, although some witnesses might be inconvenienced by proceeding in New York, the parties have determined that this would be an appropriate place for them to litigate. Further, it does not appear that a proceeding in this district would cause

significant inconvenience to any party. In light of the forum selection clause and the lack of substantial inconvenience, I decline to transfer the action.

## IV. CONCLUSION

For the reasons stated above, defendants' motion to transfer, stay or dismiss is denied. The Clerk of the Court is directed to close this motion (no. 13 on the Docket). The parties in this action shall immediately forward a copy of this Order to the court in the Western District of Kentucky. A conference is scheduled for January 16, 2008, at 4:00pm.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:      New York, New York
            December 19, 2007

## - Appearances -

**For Plaintiff:**

Edward Lawrence Powers, Esq.
Richard S. Taffet, Esq.
Bingham McCutchen LLP
399 Park Avenue
New York, NY 10022
(212) 705-7000

**For Defendant:**

Ann Gallagher Schoen, Esq.
Frost Brown Todd LLC
2200 PNC Ctr., 201 E. 5th St.
Cincinnati, OH 45202
(513) 651-6128

Gregory Paul Gulia, Esq.
Duane Morris, LLP
1540 Broadway
New York, NY 10036
(212) 692-1000