Richard S. Taffet
Edward L. Powers
Lavanya Kilaru
**BINGHAM McCUTCHEN LLP**
399 Park Avenue
New York, NY 10022-4689
Telephone: (212) 705-7000
Facsimile: (212) 752-5378

*Attorneys for Plaintiffs*
*Brassica Protection Products LLC and*
*The Johns Hopkins University*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRASSICA PROTECTION PRODUCTS LLC and THE JOHNS HOPKINS UNIVERSITY<br><br>Plaintiffs,<br><br>-against-<br><br>CAUDILL SEED & WAREHOUSE CO., INC. d/b/a CAUDILL SEED CO.,<br><br>Defendant. | 07 Civ. 7844 (SAS)<br><br>**PLAINTIFFS' REPLY TO AMENDED ANSWER AND COUNTERCLAIMS** |

Plaintiffs, Brassica Protection Products LLC ("Brassica") and The Johns Hopkins University ("JHU"), by and through their undersigned counsel, Bingham McCutchen LLP, as for their Reply to the Counterclaims of Defendant Caudill Seed & Warehouse Co., Inc. d/b/a/ Caudill Seed Co.'s ("Caudill") hereby state as follows:

1.  Paragraph 1 of the Counterclaims purports to summarize the claims described therein. In response, Plaintiffs refer to the claims themselves for their contents and refer to Plaintiffs' Reply to those claims as stated herein.

2.  Plaintiffs deny that subject matter jurisdiction exists with regard to U.S. Patent No. RE-36,784; U.S. Patent No. 5,968,505; U.S. Patent No. 6,521,818; and U.S. Patent No.

A/72446038.2

6,737,441, deny that subject matter jurisdiction exists pursuant to 28 U.S.C. § 1332, and admit the remaining averments of paragraph 2 of the Counterclaims.

3. Plaintiffs admit the averments of paragraph 3 of the Counterclaims.

4. Plaintiffs deny the averments of paragraph 4 of the Counterclaims, except admit that venue exists in this judicial district pursuant to 28 U.S.C. § 1391 and 28 U.S.C. § 1400 and further aver that venue is proper in this judicial district pursuant to a forum selection clause contained in the parties' December 6, 2004 Agreement (the "Agreement").

5. Plaintiffs deny knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 5 of the Counterclaims, except Plaintiffs admit that Defendant makes and sells glucoraphanin containing products.

6. Plaintiffs admit the averments of paragraph 6 of the Counterclaims.

7. Plaintiffs deny the averments of paragraph 7 of the Counterclaims except admit that Brassica is the licensee of U.S. Patent Nos. 5,725,895; 5,968,505; 6,177,122; 5,968,567; 6,242,018; and 7,303,770 and aver that Brassica's license in United States Patent Nos. RE-36,784 and 6,521,818 is pending and all fees and filings are complete.

8. Plaintiffs deny the averments of paragraph 8 of the Counterclaims and refer to the patents themselves for their contents.

9. Plaintiffs admit the averments of paragraph 9 of the Counterclaims but aver that subject matter jurisdiction does not exist for the '784 patent.

10. Plaintiffs admit the averments of paragraph 10 of the Counterclaims but aver that a reexamination certificate issued on October 10, 2000 for the '895 patent.

11. Plaintiffs admit the averments of paragraph 11 of the Counterclaims.

12.     Plaintiffs admit the averments of paragraph 12 of the Counterclaims but aver that subject matter jurisdiction does not exist for the '505 patent.

13.     Plaintiffs admit the averments of paragraph 13 of the Counterclaims.

14.     Plaintiffs admit the averments of paragraph 14 of the Counterclaims but aver that subject matter jurisdiction does not exist for the '818 patent.

15.     Plaintiffs admit the averments of paragraph 15 of the Counterclaims.

16.     Plaintiffs admit the averments of paragraph 16 of the Counterclaims but aver that subject matter jurisdiction does not exist for the '441 patent.

17.     Plaintiffs admit the averments of paragraph 17 of the Counterclaims.

18.     Plaintiffs deny that there is a substantial controversy between Caudill and Plaintiffs which has adverse legal interests of sufficient immediacy and reality to warrant relief with respect to U.S. Patent No. RE-36,784; U.S. Patent No. 5,968,505; U.S. Patent No. 6,521,818; and U.S. Patent No. 6,737,441, and deny the remaining averments of paragraph 18 of the Counterclaims, except admit that Brassica filed a Complaint in this Court, followed by an Amended Complaint filed by Plaintiffs on February 19, 2008, and that Caudill filed a declaratory judgment suit in the Western District of Kentucky, which has since been transferred to this Court, and respectfully refer to those pleadings for their contents.

19.     Paragraph 19 of the Counterclaims summarizes Caudill's denial of the claims set forth in the Amended Complaint, to which no responsive pleading is required. Plaintiffs respectfully refer to the relevant pleadings for their contents.

20.     Plaintiffs deny that there is an actual controversy between Caudill and Plaintiffs regarding U.S. Patent No. RE-36,784; U.S. Patent No. 5,968,505; U.S. Patent No. 6,521,818; and U.S. Patent No. 6,737,441 and admit that there is an actual controversy between

A/72446038.2                           - 3 -

the parties regarding the remaining patents, and state that the remainder of paragraph 20 of the Counterclaims sets forth a legal conclusion to which no responsive pleading is required.

21. Plaintiffs admit the averments contained in the first sentence of paragraph 21 of the Counterclaims; Plaintiffs deny knowledge or information sufficient to form a belief as to the truth of the averments contained in the second sentence of paragraph 21.

22. Brassica denies knowledge or information sufficient to form a belief as to the truth of the averments contained in the first sentence of paragraph 22 of the Counterclaims; admits the averments contained in the second and third sentences of paragraph 22, admits that Caudill provided processing information to Brassica, and denies knowledge or information sufficient to form a belief as to the truth of the remaining averments in the fourth sentence of paragraph 22. JHU denies knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 22 of the Counterclaims.

23. Brassica denies the averments contained in the first, second and third sentences of paragraph 23 of the Counterclaims, and denies knowledge or information sufficient to form a belief as to the truth of the averments of the remainder of paragraph 23. JHU denies knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 23 of the Counterclaims.

24. Brassica denies the averments of paragraph 24 of the Counterclaims. JHU denies knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 24 of the Counterclaims.

25. Plaintiffs admit the averments contained in the first sentence of paragraph 25 of the Counterclaims. Brassica denies the remaining averments of paragraph 25 of the

Counterclaims. JHU denies knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 25 of the Counterclaims.

26. Brassica denies the averments of paragraph 26 of the Counterclaims, except Brassica admits that it supported Caudill's early efforts to develop a GR-containing supplement. JHU denies knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 26 of the Counterclaims.

27. Brassica denies the averments of paragraph 27 of the Counterclaims, except that Brassica admits that Antony Talalay and Dan Caudill attended a trade show in early 2005 and that Jed Fahey presented a vendor product seminar relating to Caudill's GR-containing supplement; Brassica denies knowledge or information sufficient to form a belief as to the truth of the averments contained in the third and fourth sentences of paragraph 27. JHU denies knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 27 of the Counterclaims.

28. Brassica denies the averments of paragraph 28 of the Counterclaims. JHU denies knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 28 of the Counterclaims.

29. Brassica denies the averments of paragraph 29 of the Counterclaims. JHU denies knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 29 of the Counterclaims.

30. Brassica denies the averments of paragraph 30 of the Counterclaims and JHU denies knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 30 of the Counterclaims, except Plaintiffs admit that Dr. Talalay published an article in Academic Medicine 2001; 76:238-47 and respectfully refer to that article for its contents.

31.     Plaintiffs deny the averments of paragraph 31 of the Counterclaims except admit that Dr. Talalay gave an interview in the fall of 2005 for the Johns Hopkins Newsletter and respectfully refer to the newsletter for its contents.

32.     Brassica denies the averments of paragraph 32 of the Counterclaims. JHU denies knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 32 of the Counterclaims.

33.     Brassica denies the averments of paragraph 33 of the Counterclaims. JHU denies knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 33 of the Counterclaims.

34.     Brassica denies the averments of paragraph 34 of the Counterclaims except admits that following due notice to Caudill and an opportunity to cure, the Agreement was terminated on July 21, 2007. JHU denies knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 34 of the Counterclaims.

35.     Plaintiffs deny the averments of paragraph 35 of the Counterclaims except admit that Brassica brought suit for breach of the Agreement by Caudill, among other claims, in New York state court on August 6, 2007, and that Brassica voluntarily dismissed that action after filing suit in this Court, and that Caudill filed a declaratory judgment action in the Western District of Kentucky, which has since been transferred to this Court, and respectfully refer to those pleadings for their contents.

36.     Plaintiffs deny the averments of paragraph 36 of the Counterclaims except admit that certain claims of the '895, '567, and '505 patents, none of which are at issue here, were found to be invalid.

Case 1:07-cv-07844-SAS    Document 34    Filed 03/04/2008    Page 7 of 10

37. Plaintiffs admit the averments contained in the first sentence of paragraph 37 and deny the remaining averments of paragraph 37 of the Counterclaims.

38. Plaintiffs deny the averments of paragraph 38 of the Counterclaims.

39. Plaintiffs deny the averments of paragraph 39 of the Counterclaims except admit that Dr. Talalay is one of the named inventors on the BPP Patents and has worked for years in the field.

40. Plaintiffs deny the averments of paragraph 40 of the Counterclaims.

41. Brassica admits the averments of paragraph 41 of the Counterclaims. JHU denies knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 41 of the Counterclaims.

42. Brassica denies the averments of paragraph 42 of the Counterclaims. JHU denies knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 42 of the Counterclaims.

43. Brassica denies the averments of paragraph 43 of the Counterclaims except admits that it placed an order for seeds. JHU denies knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 43 of the Counterclaims.

## COUNT 1

### Declaration of Non-Infringement, Invalidity and Unenforceability

44. Plaintiffs repeat and re-aver their responses to paragraphs 1 through 43.

45. Plaintiffs admit the averments of paragraph 45 of the Counterclaims that JHU is the owner of the BPP patents, that Brassica is the exclusive licensee of the BPP Patents, and that Plaintiffs accuse Caudill of infringing the patents identified in the Amended Complaint; Plaintiffs deny that they have accused Caudill of infringing U.S. Patent No. RE-36,784; U.S. Patent No. 5,968,505; U.S. Patent No. 6,521,818; nor U.S. Patent No. 6,737,441.

A/72446038.2    - 7 -

46. Plaintiffs admit that there is a substantial controversy between Caudill and Plaintiffs with regard to the '895, '567, '122, '018, and '770 patents but deny that there is a substantial controversy between Caudill and Plaintiffs with regard to the '784 reissue, the '505, the '818, and the '441 patents.

47.-51. Plaintiffs deny the averments of paragraphs 47 through 51 of the Counterclaims.

## COUNT 2

### Unfair Competition

52. Plaintiffs repeat and re-aver their responses to paragraphs 1 through 51.

53.-56. Brassica deny the averments of paragraphs 53 through 56 of the Counterclaims. JHU denies knowledge or information sufficient to form a belief as to the truth of the averments of paragraphs 53 through 56 of the Counterclaims.

## COUNT 3

### Breach of Contract

57. Plaintiffs repeat and re-aver their responses to paragraphs 1 through 56.

58.-62. Brassica denies the averments of paragraphs 58 through 62 of the Counterclaims. JHU denies knowledge or information sufficient to form a belief as to the truth of the averments of paragraphs 58 through 62 of the Counterclaims.

## COUNT 4

### Breach of Implied Duty of Good Faith and Fair Dealing

63. Plaintiffs repeat and re-aver their responses to paragraphs 1 through 62.

64.-67. Brassica denies the averments of paragraphs 64 through 67 of the Counterclaims. JHU denies knowledge or information sufficient to form a belief as to the truth of the averments of paragraphs 64 through 67 of the Counterclaims.

A/72446038.2

- 8 -

## DEFENSES

### FIRST DEFENSE

The Counterclaims fail to state a claim upon which relief may be granted.

### SECOND DEFENSE

The Counterclaims are barred, in whole or in part, by the doctrines of laches, waiver and estoppel.

### THIRD DEFENSE

The BPP Patents are valid and enforceable.

### FOURTH DEFENSE

Brassica's conduct has not proximately caused any losses or damages purportedly suffered by Defendant Counterclaimant Caudill.

### FIFTH DEFENSE

New York law, which governs Caudill's breach of contract claim, does not recognize a separate claim for breach of the implied duty of good faith and fair dealing and Count 4 of the Counterclaims should be dismissed for failure to state a claim upon which relief may be granted.

### SIXTH DEFENSE

This Court is without subject matter jurisdiction over Caudill's claims for declaratory relief with respect to U.S. Patent No. RE-36,784; U.S. Patent No. 5,968,505; U.S. Patent No. 6,521,818; and U.S. Patent No. 6,737,441.

The Plaintiffs reserve the right to allege other defenses as they may become known during the course of discovery, or otherwise, and specifically reserve the right to amend this Reply to Defendant Caudill's Counterclaims to allege such defenses as they become known.

**WHEREFORE,** Plaintiffs Brassica and The Johns Hopkins University pray for the following relief:

      A.    On their Reply, dismissing Defendant Counterclaimant Caudill's Counterclaims;

      B.    Awarding Plaintiffs reasonable costs and disbursements of this action, including attorneys' fees; and

      C.    Such other and further relief as this Court deems just, equitable, and proper.

Respectfully submitted,

Dated: March 3, 2008

/s/ Edward L. Powers
Richard S. Taffet
Edward L. Powers
Lavanya Kilaru
BINGHAM McCUTCHEN LLP
399 Park Avenue
New York, New York 10022
(212) 705-7000
*Attorneys for Plaintiffs*
*Brassica Protection Products LLC and*
*The Johns Hopkins University*

Of Counsel
*(Not admitted in SDNY)*
Malcolm K. McGowan
Erin M. Dunston
BINGHAM McCUTCHEN LLP
2020 K Street, N.W.
Washington, D.C. 20006
(202) 373-6000