**APPENDIX C**
**DEFENDANTS' SUPPORTING EVIDENCE**

| Ref. No. | Claim | Claim Term | Defendant's Construction | References from the Patent Specification and Prosecution History, Extrinsic Evidence[1] |
|---|---|---|---|---|
| **The "Food Product" Terms** | | | | |
| 3. | U.S. Patent 5,725,895, Claims 14, 15<br><br>U.S. Patent 6,177,122, Claims 6, 7, 8, 12<br><br>U.S. Patent 6,242,018, Claims 1, 2<br><br>U.S. Patent 7,303,770, Claims 10, 13, 15, 16, 17, 18, 19, 20, 21, 23, 24, 26 | Food product | "Food product" means any ingestible preparation containing the sprouts of the instant invention, which are identified and have the characteristics described in the '895 patent specification, at col. 10, l. 28 - col. 11, l. 17, or extracts or preparations made from these sprouts, which are capable of delivering Phase 2 inducers to the mammal ingesting the food product. | Intrinsic Evidence<br><br>'895 patent specification (Exh. 1-A):<br>    col. 6, l. 11 -14.;<br>    col. 6, ll. 26-37;<br>    col. 10, l. 28 - col. 11, l. 17.<br><br>'895 patent prosecution:<br>    Amendment, dated March 17, 1997, at 3-4, 8 (Exh. 1-C at 38-39, 43);<br>    Declaration of Paul Talalay, dated March 13, 1997, at ¶¶5, 11 (Exh. 1-D at 12, 15);<br>    Notice of Allowability, dated August 14, 1997, at 3 (Exh. 1-D at 32).<br><br>'567 patent prosecution:<br>    Interview Summary, dated June 19, 1998 (Exh. 2-D at 18);<br>    Amendment and Request for Reconsideration, dated June 30, 1998, at 3-5, 7-8 (Exh. 2-D at 28-30, 32-33);<br>    Declaration of Paul Talalay, dated June 18, 1998, at ¶¶ 5, 7, 12 (Exh. 2-E at 29-30, 33). |
| 4. | U.S. Patent 5,968,567, Claims 9, | Human food product | "Human food product" means any ingestible preparation containing the sprouts of the instant invention, which are | U.S. Patent No. 5,968,505 prosecution history:<br>    Amendment, dated January 25, 1999, at 4, 6-8 |

---

[1] For ease of reference, all references to the patent specification will be to U.S. Patent No. 5,725,895 ("the '895 patent). All of the other patents-in-suit are continuations or divisionals that claim priority to the '895 patent and have the same specification.

1

**APPENDIX C**
**DEFENDANTS' SUPPORTING EVIDENCE**

| Ref. No. | Claim | Claim Term | Defendant's Construction | References from the Patent Specification and Prosecution History, Extrinsic Evidence[1] |
|---|---|---|---|---|
| | 16, 18 | | identified and have the characteristics described in the '895 patent specification, at col. 10, l. 28 - col. 11, l. 17, or extracts or preparations made from these sprouts, which are capable of delivering Phase 2 inducers to the mammal ingesting the food product, wherein the mammal is a human being. | (Exh. 6-D at CSC017646, CSC017648-50); Declaration of Paul Talalay, dated February 18, 1999, at ¶12 (Exh. 6-D at CSC017656); Examiner Interview Summary Record, dated February 17, 1999 (Exh. 6-E at CSC017666).<br><br>'770 patent prosecution:<br>     Amendment dated Oct. 22, 2002 (Exh. 5-F at 41). |
| | | | | |
| 5. | U.S. Patent 5,725,895, Claims 14, 15<br><br>U.S. Patent 5,968,567, Claims 9, 16, 18<br><br>U.S. Patent 6,177,122, Claims 1, 2, 5, 6, 7, 8, 9, 10, 12<br><br>U.S. Patent 6,242,018, | Cruciferous; Crucifer; | "Crucifer" or "cruciferous" means of or related to the sprouts of the instant invention, which are identified and have the characteristics described in the '895 patent specification, at col. 10, l. 28 - col. 11, l. 17. | Intrinsic Evidence<br><br>'895 patent specification (Exh 1-A):<br>     col. 10, l. 28 - col. 11, l. 17;<br>     col. 6, l. 65 – col. 7, l.1; col. 7, l. 49-53;<br>     col. 7, ll. 49-52;<br>     Example 4, col. 14, ll. 15-17; 46-49 and Table 2<br>     Example 5, col. 15, ll. 11-45 and Table 3. |

2

**APPENDIX C**
**DEFENDANTS' SUPPORTING EVIDENCE**

| Ref. No. | Claim | Claim Term | Defendant's Construction | References from the Patent Specification and Prosecution History, Extrinsic Evidence[1] |
|---|---|---|---|---|
| | Claims 1, 2<br><br>U.S. Patent 7,303,770, Claims 10, 13, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 26 | | | |
| 6. | U.S. Patent 7,303,770, Claims 10, 13, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 26 | Plant tissue | "Plant tissue" is the fresh, soft, fragile plant parts, particularly leaves and stems, capable of being "wounded" by rough handling and so does not include seed. | Intrinsic Evidence<br><br>'895 patent specification (Exh 1-A):<br>    col. 8, ll. 48-51. |
| 7. | U.S. Patent 5,725,895, Claim 14, 15<br><br>U.S. Patent 6,242,018, Claim 2 | Non-toxic levels of indole glucosinolates and their breakdown products and goitrogenic hydroxybutenyl glucosinolates | The patent does not specify what a non-toxic level of these compounds is and so the term is indefinite. | Intrinsic Evidence<br><br>'895 patent specification (Exh 1-A):<br>    *See, e.g.,* col. 2, ll. 47-49; col. 3, ll. 28-30; etc; col. 11, ll. 10-13. |

3

**APPENDIX C**
**DEFENDANTS' SUPPORTING EVIDENCE**

| Ref. No. | Claim | Claim Term | Defendant's Construction | References from the Patent Specification and Prosecution History, Extrinsic Evidence[1] |
|---|---|---|---|---|
| **Claim Terms Related to the Extraction Process** | | | | |
| 8. | U.S. Patent 5,725,895, Claim 15 | Extracting glucosinolates and isothiocyanates with a non-toxic solvent and isothiocyanates from cruciferous seeds, sprouts, plants or plant parts | "Extracting … from" means the process of removing glucosinolates and isothiocyanates by a solvent from solid material, *i.e.,* seeds, sprouts, etc.<br><br>This claim is ambiguous and capable of two constructions. As such it is indefinite.<br><br>It can be construed to mean removing both glucosinolates and isothiocyanates from cruciferous seeds, sprouts, plants or plant parts (as those are defined above) using a non-toxic liquid solvent; and removing isothiocyanates from cruciferous seeds, sprouts, plants or plant parts (as those are defined above) using any liquid solvent.<br><br>Alternatively, it can be construed to mean removing both glucosinolates and isothiocyanates from cruciferous seeds, sprouts, plants or plant parts (as those are defined above) using a liquid mixture of non-toxic solvent and | Intrinsic Evidence<br><br>'895 patent specification (Exh. 1-A):<br>    col. 4, ll. 43-45;<br>    col. 9, ll. 1-2;<br>    col. 11, ll. 18-31;<br>    col. 12, l. 22 – col. 21, l. 35;<br>    Example 1, col. 12, ll. 25-61;<br>    Example 5, col. 14, l. 62 – col. 15, l. 55.<br><br>'770 patent prosecution history:<br>    Amendment and Reply, dated October 22, 2002 (Exh. 5-F at 41);<br>    Amendment and Reply, dated July 16, 2003, at 4 (Exh. 5-G at 18);<br>    Reply, dated Jan. 20, 2004, at 5 (Exh. 5-G at 37);<br>    Amendment and Reply, dated Nov. 14, 2005, at 6-7 (Exh. 5-I at 34-35);<br>    Amendment, mailed October 9, 2007 (Exh. 5-K at 21-26);<br>    Response, mailed October 22, 2007 (Exh. 5-K at 31-32).<br><br>Extrinsic Evidence<br><br>Expert Report of Gregory R. Ziegler, Ph.D., dated March 10, 2008 (Exh. 8).<br><br>Rebuttal Report of Gregory R. Ziegler, Ph.D., dated March 20, 2008 (Exh 10-A). |

4

**APPENDIX C**
**DEFENDANTS' SUPPORTING EVIDENCE**

| Ref. No. | Claim | Claim Term | Defendant's Construction | References from the Patent Specification and Prosecution History, Extrinsic Evidence[1] |
|---|---|---|---|---|
| | | | isothiocyanates. | *Unit Operations of Chemical Engineering*, 4th Ed., W.L. McCabe, J.C. Smith and P. Harriott, McGraw-Hill Book Co., New York (1985), at 533 (Exh. BB at B002018). |
| 9. | U.S. Patent 5,968,567, Claims 9, 16, 18  U.S. Patent 7,303,770, Claims 10, 13, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 26 | Extracting … from | "Extracting … from" means the process of removing glucosinolates and isothiocyanates by a solvent from solid material, *i.e.,* the cruciferous seeds, sprouts, or combination (as set forth in the claims and as those terms are defined above). | *Principles and Modern Applications of Mass Transfer Operations,* Jaime Benitez, Wiley-Interscience, John Wiley & Sons, Inc., New York (2002), at 385 (Exh. DD at B002053).  *Quantitative Analytical Chemistry,* 2nd ed., J.S. Fritz and G.H. Schenk, Jr., Allyn and Bacon, Inc., Boston (1969), at 362 (Exh. 10-B at CSC019409).  *Food Engineering Operations,* 3rd ed. J.G. Brennan, J.R. Butters, N.D. Cowell and A.E.V. Lilley, Elsevier Applied Science, London (1990), at 199 (Exh. 10-B at CSC019406). |
| 10. | U.S. Patent 5,968,567, Claims 9, 16, 18 | Removing the extracted sprouts, seeds, or a combination thereof from said solvent | "Removing the extracted sprouts, seeds, or a combination thereof from said solvent" means that the sprouts, seeds or combination thereof from which the glucosinolates and isothiocyanates have been removed by a solvent are then themselves taken out of the solvent. | "Extraction System Design," L. Erickson, *Encyclopedia of Agricultural, Food and Biological Engineering,* D.R. Heldman, ed., Marcel Dekker, New York (2003), at 290 (Exh. 10-B at CSC019412).  "Leaching – Organic Materials," H.G. Schwartzber, Ch. 10, *Handbook of Separation Process Technology,* R.W. Rousseau, ed., John Wiley & Sons, New York (1987), at 540 (Exh. 10-B at CSC019403). |
| 11. | U.S. Patent 5,968,567, Claims 9, 16, 18 | Recovering the extracted glucosinolates and isothiocyanates | "Recovering the extracted glucosinolates and isothiocyanates" means obtaining the glucosinolates and isothiocyanates that have been removed from the seeds, sprouts, | "Liquid-Solid Operations and Equipment," Section 18-55, Leaching, *Perry's Chemical Engineers'* |

**APPENDIX C**
**DEFENDANTS' SUPPORTING EVIDENCE**

| Ref. No. | Claim | Claim Term | Defendant's Construction | References from the Patent Specification and Prosecution History, Extrinsic Evidence[1] |
|---|---|---|---|---|
| | | | or combination thereof by a solvent from the solvent by further processing such as evaporation, cooling, freezing, or freeze-drying. | *Handbook,* 7th ed., R.H. Perry & C.H. Chilton, eds., McGraw Hill Publishing Co., New York (1997), at 18-55 (Exh 10-E at CSC019467).<br><br>Robert E. Treybal, *Mass-Transfer Operations,* 3rd ed., McGraw-Hill Book Company, New York (1980), at 477, 717-719 (Exh CC at CSC023323-26).<br><br>Ziegler, G.R. and Liaw, Y.-J. 1993. Deodorization and deacidification of edible oils using dense carbon dioxide. *J. Am. Oil. Chem. Soc.* 70(1):947-953 (Exh. EE).<br><br>U.S. Patent No. 4,488,912, entitled "Preparation of High Fructose Syrups from Citrus Residues," issued to Robert A. Milch, Patricia Guerry-Kopecko, Carol Koeble-Smith, and Edward M. Sybert, on December 18, 1984 (Exh. FF).<br><br>U.S. Patent No. 4,547,226, entitled "Preparation of High Fructose Syrups from Citrus Residues," issued to Robert A. Milch, Patricia Guerry-Kopecko, Carol Koeble-Smith, and Edward M. Sybert, on October 15, 1985 (Exh. GG). |
| 12. | U.S. Patent 5,968,567, Claims 16, 18 | Drying said extracted glucosinolates and isothiocyanates | "Drying said extracted glucosinolates and isothiocyanates" means obtaining the glucosinolates and isothiocyanates that have been removed from the sprouts, seeds, or a combination thereof by a solvent from the solvent by evaporation of the solvent. | |
| 13. | U.S. Patent 5,968,567, Claim 18 | An extract prepared according to the method of any one of claims 9, 16 or 17. | "An extract prepared according to the method of any one of claims 9, 16 or 17" means material removed from a solid by use of a solvent, wherein the extract can contain the removed material and the solvent, wherein the extract is prepared according to | |
| 14. | U.S. Patent 6,177,122, Claims 1, 2, 5, 6, 7, 8 | A non-toxic solvent extract of crucifer seed or cruciferous sprout | "A non-toxic solvent extract of crucifer seed or cruciferous sprout" means material removed from a crucifer seed or cruciferous sprout by use of a non-toxic solvent, wherein the | |

6

**APPENDIX C**
**DEFENDANTS' SUPPORTING EVIDENCE**

| Ref. No. | Claim | Claim Term | Defendant's Construction | References from the Patent Specification and Prosecution History, Extrinsic Evidence[1] |
|---|---|---|---|---|
| | | | extract can contain the removed material and the solvent. | |
| 15. | U.S. Patent 6,177,122, Claim 2 | To extract said seed or sprout | "To extract said seed or sprout" means to remove a material from seed or sprout by use of a solvent, wherein the solvent dissolves the material out of the seed or sprout. | |
| 16. | U.S. Patent 6,177,122, Claim 5 | Said extract is dried, cooled, frozen, or freeze-dried | "Said extract is dried, cooled, frozen, or freeze-dried" means material removed from a crucifer seed or cruciferous sprout by use of a non-toxic solvent, wherein the extract, which can contain the removed material and the solvent, is dried, cooled, frozen, or freeze-dried. | |
| 17. | U.S. Patent 6,177,122, Claims 6, 7, 8 | The extract | "The extract" means "material removed from a crucifer seed or cruciferous sprout by use of a non-toxic solvent, wherein the extract can contain the removed material and the solvent." | |
| 18. | U.S. Patent 6,177,122, Claims 9, 10, 12 | Extract of said seed | "Extract of said seed" means "material removed from a seed by use of a non-toxic solvent, wherein the extract can contain the removed material and the | |

**APPENDIX C**
**DEFENDANTS' SUPPORTING EVIDENCE**

| Ref. No. | Claim | Claim Term | Defendant's Construction | References from the Patent Specification and Prosecution History, Extrinsic Evidence[1] |
|---|---|---|---|---|
| | | | solvent." | |
| 19. | U.S. Patent 7,303,770, Claims 10, 13, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 26 | Recovering said glucosinolates and isothiocyanates | "Recovering said glucosinolates and isothiocyanates" means obtaining the glucosinolates and isothiocyanates, which have been removed from the seeds or sprouts, from the solvent in which they reside by further processing of the extract, such as evaporation, cooling, freezing, or freeze-drying. | |
| 1. | U.S. Patent 5,968,567, Claim 18<br><br>U.S. Patent 6,177,122, Claims 1, 2, 5, 6, 7, 8, 9, 10, 12 | Extract | By focusing on a single word, Plaintiffs are ignoring the context of the balance of each claim.<br><br>"Extract" in the context of claim 18 of the '567 patent means "material removed from a solid by use of a solvent, wherein the extract can contain the removed material and the solvent," wherein the extract is prepared according to the method of any one of claims 9, 16 or 17.<br><br>In the context of claims 1, 2, 5 - 8 of the '122 patent, "extract" means "material removed from a crucifer seed or cruciferous | |

8

**APPENDIX C**
**DEFENDANTS' SUPPORTING EVIDENCE**

| Ref. No. | Claim | Claim Term | Defendant's Construction | References from the Patent Specification and Prosecution History, Extrinsic Evidence[1] |
|---|---|---|---|---|
| | | | sprout by use of a non-toxic solvent, wherein the extract can contain the removed material and the solvent." <br><br> In the context of claims 9, 10, and 12 of the '122 patent, "extract" means "material removed from a crucifer seed or cruciferous sprout by use of a solvent, wherein the extract can contain the removed material and the solvent." | |
| 2. | Row intentionally left blank. | | | |
| | | | | |
| 20. | U.S. Patent 7,303,770, Claims 10, 13, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 26 | At a temperature sufficient to inactivate myrosinase enzyme activity | "At a temperature sufficient to inactivate myrosinase enzyme activity" means at a temperature of at least hot or boiling water. | Intrinsic Evidence <br><br> '895 patent specification (Exh. 1-A): <br>    col. 11, ll. 22-24. |
| 21. | U.S. Patent 7,303,770, Claim 21 | Homogenizing said plant tissue with said non-toxic solvent | "Homogenizing said plant tissue with said non-toxic solvent" means grinding the plant tissue into such small pieces that it is dispersed evenly in the solvent. The plant sample must be completely homogenized, which | Intrinsic Evidence <br><br> '895 patent specification (Exh. 1-A): <br>    col. 8, ll. 58-60; <br>    col. 12, ll. 44-49. |

**APPENDIX C**
**DEFENDANTS' SUPPORTING EVIDENCE**

| Ref. No. | Claim | Claim Term | Defendant's Construction | References from the Patent Specification and Prosecution History, Extrinsic Evidence[1] |
|---|---|---|---|---|
| | | | is not explained in the patent specification and so is indefinite. | |

10