

7

# Paper Number

# 7

7

7

7

**2-D1**

Exhibit 2-D

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Attorney Docket No. 046528/0105

In re patent application of
Jed FAHEY et al.

Serial No. 08/840,234

Filed: April 11, 1997

For: CANCER CHEMOPROTECTIVE FOOD PRODUCTS

Group Art Unit: 1302

Examiner: Wong, L.

### TRANSMITTAL

FEB 25 1998
GROUP 1100

Assistant Commissioner for Patents
Washington, D.C. 20231

Sir:

Transmitted herewith is an Amendment in the above-captioned application.
The fee has been calculated as shown below. *(Small entity fees indicated
in parentheses.)*

| CLAIMS AS AMENDED | | | | | | |
|---|---|---|---|---|---|---|
| (1) | (2) | (3) | (4) | (5) | (6) | (7) |
| | Claims Remaining After Amendment | | Highest Number Previously Paid For | Extra Claims | Rate | Fee |
| Total Claims | 21 | - | 31 | 0 | 22.00 | 0.00 |
| (Small Entity) | | | | | (11.00) | |
| Independent claims | 2 | - | 11 | 0 | 80.00 | 0.00 |
| (Small Entity) | | | | | (40.00) | |
| Multiple Dependent | 2 | - | 0 | 2 | 260.00 | 130.00 |
| (Small Entity) | | | | | (130.00) | |

| Extension of Time | One Month | Two Months | Three Months |
|---|---|---|---|
| Fee | $110 | $390 | $930 |
| (Small Entity) | ($55) | ($195) | ($465) |

| Total | | $130.00 |
|---|---|---|

A check in the amount of the above Total Fee is attached. This amount is
believed to be correct; however, the Commissioner is hereby authorized to
charge any deficiency or credit any overpayment to Deposit Account No. 19-
0741.

03/10/1998 JMKTIS  00000051 DAW:190741  08840234
01 FC:204        5.00 CH    130.00 OP

Respectfully submitted,

Richard C. Peet
Reg. No. 35,792

Date:  February 25, 1998

FOLEY & LARDNER
3000 K Street, N.W., Suite 500
P.O. Box 25696
Washington, D.C.  20007-8696
(202) 672-5300

2-D2



# Paper Number

# 8

**2-D3**

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Attorney Docket No. 046528/0109

In re patent application of

Jed W. FAHEY *et al.*

Serial No.: 08/840,234                    Group Art Unit:  1302

Filed:  April 11, 1997                    Examiner:  Wong, L.

For: CANCER CHEMOPROTECTIVE FOOD PRODUCTS


### INFORMATION DISCLOSURE STATEMENT
### UNDER 37 CFR §1.56 and §1.97


Assistant Secretary and Commissioner
of Patents and Trademarks
Washington, D.C.  20231

Sir:

Submitted herewith on a modified Form PTO-1449 is a listing of a document known to applicants in order to comply with applicants' duty of disclosure pursuant to 37 CFR §1.56

The submission of the document herewith, which is not a statutory bar, is not intended as an admission that such document constitutes prior art against the claims of the present application or that such document is considered material to patentability as defined in 37 CFR §1.56(b). Applicants do not waive any rights to take any action that would be appropriate to antedate or otherwise remove as a competent reference any document which is determined to be a prima facie prior art reference against the claims of the present application.

Serial No:  08/840,234

### TIMING OF THE DISCLOSURE

The instant Information Disclosure Statement is being filed before the mailing of the first Office Action on the merits under 37 CFR §1.97(b)(3).  Applicants respectfully request that the Information Disclosure Statement and accompanying document be considered by the Examiner and be made of record in the present application and that an initialed copy of form PTO-1449 be returned in accordance with M.P.E.P. §609.

### RELEVANCE OF EACH DOCUMENT

The document listed on the attached PTO-1449 discloses that broccoli sprouts contain sulphoraphane, a type of glucosinolate. However, *inter alia*, this document neither discloses that broccoli sprouts are rich in glucosinolates, nor teaches a method of preparing a food product rich in glucosinolates, for example, having at least 200,000 units per gram of fresh weight of Phase 2-inducing potential, nor teaches when to harvest the sprouts to achieve these results, as claimed in the present invention.

Respectfully submitted,

February 25, 1998
Date

Richard C. Peet
Reg. No. 35,792

FOLEY & LARDNER
3000 K Street, N.W., Suite 500
Washington, DC  20007-5109
Tel:  (202) 672-5300

2

**2-D5**

Sheet _1_ of _5_

FORM PTO 1449 (modified)

U.S. DEPARTMENT OF COMMERCE
PATENT AND TRADEMARK OFFICE

LIST OF REFERENCES CITED BY APPLICANT(S)
(Use several sheets if necessary)

Date Submitted to PTO: April 11, 1997

| ATTY DOCKET NO. 46528/109 | SERIAL NO. Unassigned |
|---|---|
| APPLICANT FAHEY et al. | |
| FILING DATE April 11, 1997 | GROUP Unassigned |

U.S. PATENT DOCUMENTS

| *EXAMINER INITIAL | | DOCUMENT NUMBER | DATE | NAME | CLASS | SUBCLASS | FILING DATE IF APPROPRIATE |
|---|---|---|---|---|---|---|---|
| LAW | A1 | 5,411,986 | 05/1995 | Cho et al. | 514 | 514 | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

FOREIGN PATENT DOCUMENTS

| | | DOCUMENT NUMBER | DATE | COUNTRY | CLASS | SUBCLASS | TRANSLATION YES | NO |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |
| | | | | | | | | |

OTHER DOCUMENT(S) (Including Author, Title, Date, Pertinent Pages, Etc.)

| LAW | A2 | The Good New Sprouts Recipe Book, International Sprout Growers Association, pp. 1-8, August 1992. |
|---|---|---|
| LAW | A3 | Posner et al., "Design and Synthesis of Bifunctional Isothiocyanate Analogs of Sulforaphane |
| | | Correlation between Structure and Potency as Inducers of Anticarcinogenic Detoxication Enzymes", |
| | | Journal of Medicinal Chemistry, Vol. 37, No. 1. pp. 170-176, 1994. |

| EXAMINER   Leslie Wong | DATE CONSIDERED   4/23/98 |
|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609; Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

IPT-212(s):4/90

Sheet _2_ of _5_

FORM PTO 1449 (modified)

U.S. DEPARTMENT OF COMMERCE
PATENT AND TRADEMARK OFFICE

LIST OF REFERENCES CITED BY APPLICANT(S)
(Use several sheets if necessary)

Date Submitted to PTO: April 11, 1997

| ATTY DOCKET NO. | SERIAL NO. |
|---|---|
| 46528/109 | Unassigned |

| APPLICANT | |
| FAHEY et al. | |

| FILING DATE | GROUP |
| April 11, 1997 | Unassigned |

### U.S. PATENT DOCUMENTS

| *EXAMINER INITIAL | | DOCUMENT NUMBER | DATE | NAME | CLASS | SUBCLASS | FILING DATE IF APPROPRIATE |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

### FOREIGN PATENT DOCUMENTS

| | | DOCUMENT NUMBER | DATE | COUNTRY | CLASS | SUBCLASS | TRANSLATION YES | NO |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |
| | | | | | | | | |

### OTHER DOCUMENT(S) (Including Author, Title, Date, Pertinent Pages, Etc.)

| | | |
|---|---|---|
| LAW | A4 | Zhang et al., "A major inducer of anticarcinogenic protective enzymes from broccoli: isolation and elucidation of structure", Proc. Natl. Acad. Sci. USA, Vol. 89, pp. 2399-2403, March 1992. |
| LAW | A5 | Prochaska et al., "Rapid detective of inducers of enzymes that protect against carcinogens", Proc. Natl. Sci. USA, Vol. 89, pp. 2394-2398, March 1992. |
| LAW | A6 | Zhang et al., "Anticarcinogenic activities of sulforaphane and structurally related synthetic norbornyl isothiocyanates", Proc. Natl. Sci. USA, Vol. 91, pp. 3147-3150, April 1994. |

| EXAMINER | Leslie Wory | DATE CONSIDERED | 4/29/98 |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609; Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

IPT-212(a):4/90

**2-D7**

Sheet __3__ of __5__

| FORM PTO 1449 *(modified)* | ATTY DOCKET NO. 46528/109 | | SERIAL NO. Unassigned | |
|---|---|---|---|---|
| **U.S. DEPARTMENT OF COMMERCE** **PATENT AND TRADEMARK OFFICE** LIST OF REFERENCES CITED BY APPLICANT(S) *(Use several sheets if necessary)* Date Submitted to PTO: April 11, 1997 | APPLICANT FAHEY *et al.* | | | |
| | FILING DATE April 11, 1997 | | GROUP Unassigned | |

**U.S. PATENT DOCUMENTS**

| *EXAMINER INITIAL | DOCUMENT NUMBER | DATE | NAME | CLASS | SUBCLASS | FILING DATE IF APPROPRIATE |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

**FOREIGN PATENT DOCUMENTS**

| | DOCUMENT NUMBER | DATE | COUNTRY | CLASS | SUBCLASS | TRANSLATION YES    NO |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |

**OTHER DOCUMENT(S)** *(Including Author, Title, Date, Pertinent Pages, Etc.)*

| | | |
|---|---|---|
| [initials] | A7 | Prochaska et al., "Regulatory Mechanisms of Monofunctional and Bifunctional Anticarcinogenic Enzyme Inducers in Murine Liver", Cancer Research Vol. 48, pp. 4776-4782, September 1988. |
| [initials] | A8 | Prochaska et al., "Direct Measurement of NAD(P)H: Quinone Reductase from Cells Cultured in Microtiter Wells: A Screening Assay for Anticarcinogenic Enzyme Inducers", Analytical Biochemistry, Vol. 169, pp. 328-336, 1988. |
| [initials] | A9 | Beecher, "Cancer prevention properties of varieties of Brassica oleracea: a review [1-3]", Am J. Clin. Nutr.:59(suppl.) pp. 1166s-1170s, 1994. |

| EXAMINER *[signature] Leslie Wong* | DATE CONSIDERED *4/23/98* |
|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609; Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

IPT-212(a):4/90

**2-D8**

Sheet 4 of 5

| FORM PTO 1449 (modified) | | ATTY DOCKET NO.<br>46528/109 | | SERIAL NO.<br>Unassigned |
| --- | --- | --- | --- | --- |
| U.S. DEPARTMENT OF COMMERCE<br>PATENT AND TRADEMARK OFFICE | | APPLICANT<br>FAHEY et al. | | |
| LIST OF REFERENCES CITED BY APPLICANT(S)<br>(Use several sheets if necessary) | | FILING DATE<br>April 11, 1997 | | GROUP<br>Unassigned |
| Date Submitted to PTO: April 11, 1997 | | | | |

### U.S. PATENT DOCUMENTS

| *EXAMINER INITIAL | | DOCUMENT NUMBER | DATE | NAME | CLASS | SUBCLASS | FILING DATE IF APPROPRIATE |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

### FOREIGN PATENT DOCUMENTS

| | | DOCUMENT NUMBER | DATE | COUNTRY | CLASS | SUBCLASS | TRANSLATION YES | NO |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

### OTHER DOCUMENT(S) (Including Author, Title, Date, Pertinent Pages, Etc.)

| | | |
| --- | --- | --- |
| (initials) | A10 | Prestera et al, "Chemical and molecular regulation of enzymes that detoxify carcinogens", Proc.<br>Natl. Acad. Sci. USA, Vol. 90, pp. 2965-2969, April 1993. |
| (initials) | A11 | Zhang et al., "Anticarcinogenic Activities of Organic Isothiocyanates: Chemistry and Mechanisms[1]",<br>Cancer Research suppl., 54, pp. 1976s-1981s, April 1, 1994. |
| (initials) | A12 | Talalay, "The role of Enzyme Induction in Protection Against Carcinogenesis", Cancer Chemoprevention,<br>pp. 469-478, 1992. |
| (initials) | A13 | Prestera et al., "The Electrophile Counterattack Response: Protection Against Neoplasia and Toxicity",<br>Advan. Enzyme Regul., Vol. 33, pp. 281-296, 1993. |
| (initials) | A14 | Masilungan et al., "Screening of Philippine Medicinal Plants for Anticancer Agents using CCNSC<br>Protocols", Cancer Chemotherapy Reports (Part 2) Vol. 2, No. 1, pp. 135-140, April 1971. |

| EXAMINER   Leslie Wong | DATE CONSIDERED   4/23/98 |
| --- | --- |

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609; Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

IPT-212(s):4/90

**2-D9**

Sheet _5_ of _5_

FORM PTO 1449 *(modified)*

U.S. DEPARTMENT OF COMMERCE
PATENT AND TRADEMARK OFFICE

LIST OF REFERENCES CITED BY APPLICANT(S)
*(Use several sheets if necessary)*

Date Submitted to PTO: April 11, 1997

| ATTY DOCKET NO. 46528/109 | | SERIAL NO. Unassigned |
| APPLICANT FAHEY *et al.* | | |
| FILING DATE April 11, 1997 | | GROUP Unassigned |

### U.S. PATENT DOCUMENTS

| *EXAMINER INITIAL | | DOCUMENT NUMBER | DATE | NAME | CLASS | SUBCLASS | FILING DATE IF APPROPRIATE |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

### FOREIGN PATENT DOCUMENTS

| | | DOCUMENT NUMBER | DATE | COUNTRY | CLASS | SUBCLASS | TRANSLATION YES    NO |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |

### OTHER DOCUMENT(S) *(Including Author, Title, Date, Pertinent Pages, Etc.)*

| | | |
|---|---|---|
| *(initials)* | A15 | Polasa et al., "Cancer preventive properties of varieties of Brassica oleracea: A review Source", |
| | | American Journal of Clinical Nutrition 59 (5 Suppl.), 1994 ( abstract ). |
| *(initials)* | A16 | Patent Abstracts of Japan Sect. No. 305, Vol. 9, No. 2371, p. 2, September 1985. |
| *(initials)* | A17 | Barrett et al., "Protective Effect of Cruciferous Seed Meals Against Mouse Colon Cancer", Cereal |
| | | Foods World 613, Vol. 39, No. 8, pp. 613, August 1994. |

| EXAMINER  LESLIE WONG | DATE CONSIDERED  4/23/98 |
|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609; Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.*

IPT-212(s):4/90

**2-D10**



# Paper Number

# 9



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| APPLICATION NUMBER | FILING DATE | FIRST NAMED APPLICANT | ATTY. DOCKET NO. |
|---|---|---|---|

365287109

| | EXAMINER |
|---|---|

| ART UNIT | PAPER NUMBER |
|---|---|
| 1781 | 9 |

DATE MAILED:

04/24/98

This is a communication from the examiner in charge of your application.
COMMISSIONER OF PATENTS AND TRADEMARKS

# OFFICE ACTION SUMMARY

[X] Responsive to communication(s) filed on _4/11/97, 12/24/97, and 2/25/98_

[ ] This action is **FINAL**.

[ ] Since this application is in condition for allowance except for formal matters, **prosecution as to the merits is closed in** accordance with the practice under *Ex parte Quayle*, 1935 D.C. 11; 453 O.G. 213.

A shortened statutory period for response to this action is set to expire _3_ month(s), or thirty days, whichever is longer, from the mailing date of this communication. Failure to respond within the period for response will cause the application to become abandoned. (35 U.S.C. § 133). Extensions of time may be obtained under the provisions of 37 CFR 1.136(a).

## Disposition of Claims

[X] Claim(s) _69-86_ is/are pending in the application.
    Of the above, claim(s) _____ is/are withdrawn from consideration.
[ ] Claim(s) _____ is/are allowed.
[X] Claim(s) _69-86_ is/are rejected.
[ ] Claim(s) _____ is/are objected to.
[ ] Claim(s) _____ are subject to restriction or election requirement.

## Application Papers

[ ] See the attached Notice of Draftsperson's Patent Drawing Review, PTO-948.
[ ] The drawing(s) filed on _____ is/are objected to by the Examiner.
[ ] The proposed drawing correction, filed on _____ is [ ] approved [ ] disapproved.
[ ] The specification is objected to by the Examiner.
[ ] The oath or declaration is objected to by the Examiner.

## Priority under 35 U.S.C. § 119

[ ] Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d).

    [ ] All [ ] Some* [ ] None of the CERTIFIED copies of the priority documents have been

        [ ] received.
        [ ] received in Application No. (Series Code/Serial Number) _____ .
        [ ] received in this national stage application from the International Bureau (PCT Rule 17.2(a)).

    *Certified copies not received: _____

[ ] Acknowledgment is made of a claim for domestic priority under 35 U.S.C. § 119(e).

## Attachment(s)

[X] Notice of Reference Cited, PTO-892
[X] Information Disclosure Statement(s), PTO-1449, Paper No(s). _____
[ ] Interview Summary, PTO-413
[ ] Notice of Draftsperson's Patent Drawing Review, PTO-948
[ ] Notice of Informal Patent Application, PTO-152

**2-D12**

--SEE OFFICE ACTION ON THE FOLLOWING PAGES--

Serial Number: 08/840234                                                    Page 2

Art Unit: 1761

The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all obviousness

rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set forth in
> section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are
> such that the subject matter as a whole would have been obvious at the time the invention was made to a person
> having ordinary skill in the art to which said subject matter pertains.  Patentability shall not be negatived by the
> manner in which the invention was made.

Claims 69-86 are rejected under 35 U.S.C. 103(a) as being unpatentable over The Sprout

House Cookbook in view of Beecher (Am. J. Clin. Nutr., A9), Zhang et al (A11), Zhang et al

(A4), and Cho et al ('986).

The Sprout House Cookbook discloses broccoli sprouts.  The production of sprouts (e.g.

broccoli) is notoriously well-known.

The claims differ as to the specific recitation of enzyme-inducing potential and

glucosinolates..

Zhang et al disclose the anticarcinogenic activities of isothiocyanates (see pages 1976s-

1981s).

Beecher discloses the cancer preventive properties of varieties of Brassica oleracea (see

pages 1166s-1170s).

Zhang et al disclose a major inducer of anticarcinogenic protective enzymes from broccoli

(see pages 2399-2403).

Cho et al disclose chemoprotective isothiocyanates (see entire patent).

It would have been obvious to a person of ordinary skill in the art, at the time the

invention was made, that the process of preparing the product of The Sprout House Cookbook

Serial Number: 08/840234                                                                 Page 3

Art Unit: 1761

would be rich in chemoprotective agents as Beecher, Zhang et al (A11), Zhang et al (A4), and

Cho et al  all teach the cancer preventive properties of *Brassica*.

In the absence of unexpected results, it is not seen how the claimed invention differs from

the teachings of the prior art.  Applicant's claims are drawn to a combination of known

components which produces expected results, see In re Kerkhoven 205 USPQ 1069 and In re

Gershon 152 USPQ 602.

All of the claim limitations have been considered.  None of them are seen as serving as

basis for patentability.

No claim is allowed.

Any inquiry concerning this communication or earlier communications from the examiner

should be directed to Leslie Wong whose telephone number is (703) 308-1979.  The examiner can

normally be reached on Tuesday-Thursday from 6:30 AM to 5:00 PM.

The fax number for this Group is (703) 305-7718.

Any inquiry of a general nature or relating to the status of this application should be

directed to the Group receptionist whose telephone number is (703) 308-0661.

**Leslie Wong**
**Primary Examiner**
**Art Unit 1761**

LAW
April 23, 1998

Sheet 1 of 1

FORM PTO 1449 (modified)

U.S. DEPARTMENT OF COMMERCE
PATENT AND TRADEMARK OFFICE

LIST OF REFERENCES CITED BY APPLICANT(S)
(Use several sheets if necessary)

Date Submitted to PTO: February 25, 1998

| ATTY DOCKET NO. 046528/0109 | SERIAL NO. 08/840,234 |
| APPLICANT Jed FAHEY et al. | |
| FILING DATE April 11, 1997 | GROUP 1302 |

**U.S. PATENT DOCUMENTS**

| *EXAMINER INITIAL | | DOCUMENT NUMBER | DATE | NAME | CLASS | SUBCLASS | FILING DATE IF APPROPRIATE |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

**FOREIGN PATENT DOCUMENTS**

| | | DOCUMENT NUMBER | DATE | COUNTRY | CLASS | SUBCLASS | TRANSLATION YES/NO/ OR ABSTRACT |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

**OTHER DOCUMENT(S) (Including Author, Title, Date, Pertinent Pages, Etc.)**

| | | |
|---|---|---|
| ~~22~~ | ~~The Sprout House Cookbook, Steve Meyerowitz (The Sprout House, Inc.,~~ | |
| | ~~Great Barrington, MA 1999), pages 20-21, 65, 128-129~~, 1993. | |
| | | |
| | | |
| | | |

| EXAMINER    Leslie Wong | DATE CONSIDERED    4/23/98 |

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609; Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

IPT-212(a):4/90

TO SEPARATE, HOLD TOP AND BOTTOM EDGES, SNAP—APART AND DISCARD CARBON

| FORM PTO-892 (REV. 2-92) | U.S. DEPARTMENT OF COMMERCE PATENT AND TRADEMARK OFFICE | SERIAL NO. 08/840234 | GROUP ART UNIT 1761 | ATTACHMENT TO PAPER NUMBER | 9 |
|---|---|---|---|---|---|
| | NOTICE OF REFERENCES CITED | APPLICANT(S) Fahey | | | |

## U.S. PATENT DOCUMENTS

| * | | DOCUMENT NO. | DATE | NAME | CLASS | SUB-CLASS | FILING DATE IF APPROPRIATE |
|---|---|---|---|---|---|---|---|
| | A | | | | | | |
| | B | | | | | | |
| | C | | | | | | |
| | D | | | | | | |
| | E | | | | | | |
| | F | | | | | | |
| | G | | | | | | |
| | H | | | | | | |
| | I | | | | | | |
| | J | | | | | | |
| | K | | | | | | |

NO ADDITIONAL REFERENCES CITED

## FOREIGN PATENT DOCUMENTS

| * | | DOCUMENT NO. | DATE | COUNTRY | NAME | CLASS | SUB-CLASS | PERTINENT SHTS. DWG | PP. SPEC. |
|---|---|---|---|---|---|---|---|---|---|
| | L | | | | | | | | |
| | M | | | | | | | | |
| | N | | | | | | | | |
| | O | | | | | | | | |
| | P | | | | | | | | |
| | Q | | | | | | | | |

## OTHER REFERENCES (Including Author, Title, Date, Pertinent Pages, Etc.)

| | | |
|---|---|---|
| R | | |
| S | | |
| T | | |
| U | | |

| EXAMINER Leslie Wong | DATE 4/23/98 | |
|---|---|---|

* A copy of this reference is not being furnished with this office action.
(See Manual of Patent Examining Procedure, section 707.05 (a).)



# Paper Number

# 10

08/840234



**UNITED STATES DEPARTMENT OF COMMERCE**
Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED APPLICANT | ATTORNEY DOCKET NO. |
|---|---|---|---|
| | | | |

| EXAMINER |
|---|
| |

| ART UNIT | PAPER NUMBER |
|---|---|
| | 10 |

DATE MAILED:

### EXAMINER INTERVIEW SUMMARY RECORD

All participants (applicant, applicant's representative, PTO personnel):

(1) Richard Peel                     (3) Paul Talalay

(2) Jed Fahey                        (4) Leslie Wong

Date of interview _____ 6/10/98 _____

Type: ☐ Telephonic  ☑ Personal (copy is given to  ☐ applicant  ☑ applicant's representative).

Exhibit shown or demonstration conducted: ☑ Yes  ☐ No. If yes, brief description: Presentation of summary of invention and distinction over the prior art.

Agreement  ☑ was reached with respect to some or all of the claims in question.  ☐ was not reached.

Claims discussed: _____ all _____

Identification of prior art discussed: _____ that cited _____

Description of the general nature of what was agreed to if an agreement was reached, or any other comments: Discussed applicability of applied references. Applicants' method is directed to sprouts containing high Phase 2 enzyme-inducing potential and non-toxic levels of indoleglucosinolates and their breakdown products. Also discussed possible double

(A fuller description, if necessary, and a copy of the amendments, if available, which the examiner agreed would render the claims allowable must be attached. Also, where no copy of the amendments which would render the claims allowable is available, a summary thereof must be attached.) patenting which will be reviewed.

☑ 1. It is not necessary for applicant to provide a separate record of the substance of the interview.

Unless the paragraph below has been checked to indicate to the contrary, A FORMAL WRITTEN RESPONSE TO THE LAST OFFICE ACTION IS NOT WAIVED AND MUST INCLUDE THE SUBSTANCE OF THE INTERVIEW (e.g., items 1-7 on the reverse side of this form).  If a response to the last Office action has already been filed, then applicant is given one month from this interview date to provide a statement of the substance of the interview.

☐ 2. Since the examiner's interview summary above (including any attachments) reflects a complete response to each of the objections, rejections and requirements that may be present in the last Office action, and since the claims are now allowable, this completed form is considered to fulfill the response requirements of the last Office action.  Applicant is not relieved from providing a separate record of the substance of the interview unless box 1 above is also checked.

PTOL-413 (REV. 2 -93)                    **2-D18**    Examiner's Signature  Leslie Wong

ORIGINAL FOR INSERTION IN RIGHT HAND FLAP OF FILE WRAPPER

1



# Phase 2 Enzyme Inducer Activity of Broccoli

Data [except for frozen] from Tables 1 & 3 of Patent Application

(Thousands)
Units QR Inducer Activity/g fresh wt.

|  | Frozen n=7 | Fresh n=7 | Sprouts (3d) n=19 |
|---|---|---|---|
| Mean | 12,500 | 21,900 | 464,000 |
| Max | 9,091 | 12,500 | 217,000 |
| Min | 15,385 | 37,000 | 1,250,000 |

Market Stage

frefrossp.tc

2

## BROCCOLI

MARKET STAGE
(150 GRAMS)

3-DAY SPROUTS
(3 GRAMS)



FREEZE DRIED WATER EXTRACT
OF 3-DAY SPROUTS
(150 MG)

**ALL PREPARATIONS CONTAIN THE SAME QUANTITY
(2-1/4 MILLION UNITS) OF ANTICARCINOGENIC
ENZYME INDUCER ACTIVITY**

FIGURE 1

3

# PAIRED ION CHROMATOGRAPHY SHOWING
# GLUCOSINOLATE PROFILES OF BROCCOLI (cv. SAGA)



| 5 DAY SPROUTS | | MATURE PLANTS |
|---|---|---|
| Glucoraphanin | Main Peak | Glucobrassicin |
| 5.5 mg | Amount analyzed (fresh wt. equiv) | 14.6 mg |
| 990 Units | Amount of inducer activity | 9.38 Units |

2-D24



# Paper Number

# 11

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Attorney Docket No. 046528/0109

In re patent application of
Jed FAHEY et al.

Serial No. 08/840,234

Filed: April 11, 1997

For: CANCER CHEMOPROTECTIVE FOOD PRODUCTS

Group Art Unit:  1761

Examiner:  L. Wong

**AMENDMENT AND REQUEST FOR RECONSIDERATION
UNDER 37 C.F.R. § 1.111**

Assistant Commissioner for Patents
Washington, D.C.  20231

Sir:

In response to the Official Action mailed April 24, 1998, applicants respectfully request the USPTO amend the application in the manner set out below and that the examiner reconsider the outstanding rejections in view of the following remarks.

IN THE CLAIMS:

Please add the following new claims:

87.  The method according to claim 69, wherein said seeds produce cruciferous sprouts containing at least 200,000 units per gram fresh weight of Phase 2 enzyme-inducing potential measured after 3-days of growth.

88.  The method according to claim 69, wherein said seeds produce cruciferous sprouts containing at least 300,000 units per gram fresh weight of Phase 2 enzyme-inducing potential measured after 3-days of growth.

89.  The method according to claim 69, wherein said seeds produce cruciferous sprouts containing at least 400,000 units per gram fresh weight of Phase 2 enzyme-inducing potential measured after 3-days of growth.

2-D26

Serial No. 08/840,234

E1

90. The method according to claim 69, wherein said seeds produce cruciferous sprouts containing at least 500,000 units per gram fresh weight of Phase 2 enzyme-inducing potential measured after 3-days of growth.--

IN THE SPECIFICATION:

Please amend the specification as follows:

On page 1, between lines 3 and 4, insert --This is a continuation of application serial No. 08/528,858 filed September 15, 1995, now U.S. Patent No. 5,725,895.--.

E2

## REMARKS

Claims 69-86 were rejected in the first Official Action mailed April 24, 1998. New claims 87-90 are presented by means of this amendment. Support for new claims 87-90 is found on page 20, lines 25-34 of the specification. Accordingly, claims 69-90 are pending and presented for reconsideration by the examiner.

I.  **INTERVIEW**

Applicants and their representative thank Examiner Wong for the courtesies extended during an interview held at the USPTO on June 10, 1998. Examiner Wong indicated that claims 69-86 are allowable over the prior art of record.

II.  **THE OBVIOUSNESS REJECTION**

Claims 69-86 are rejected under 35 U.S.C. § 103(a) in view of Meyerowitz, S., SPROUT IT: ONE WEEK FROM SEED TO SALAD, Sprout House, Inc., Great Barrington, MA, pages 20-21, 85-86, and 120-123 (1993) which is inadvertently referred to in our Information Disclosure Statement (IDS) as "THE SPROUT HOUSE COOKBOOK", in view of Beecher, Christopher, *W.W., Am. J. Clin. Nutr.* **59** (Suppl): 1166-1170S (1994); Zhang et al., *Proc. Nati. Acad. Sci. USA* **89: 2399-2403 (1992)**; Zhang *et al., Cancer Research* **54** (Suppl): 1976-1981S (1994) and Cho *et al.*, U.S. Patent 5,411,986.

- 2 -

Serial No. 08/840,234

It is respectfully asserted that the examiner has failed to set
forth a *prima facie* case of obviousness. None of the prior art
references cited by the examiner in the Official Action, either
alone, or in combination, teach or suggest the claimed methods
for preparing food products comprised of the designated
cruciferous sprouts, or extracts made from these sprouts.

> **A.    The Prior Art Fails to Teach or Suggest Methods for
> Preparing Food Products Comprised of the Recited
> Cruciferous Sprouts or Extracts of These Sprouts**

The examiner takes the position that Meyerowitz, S., SPROUT
IT: ONE WEEK FROM SEED TO SALAD, The Sprout House, Inc., Great
Barrington, MA, pages 20-21, 85, and 120-123 (1993) teaches that
"[t]he production of sprouts (e.g., broccoli) is notoriously
well-known." (page 2, lines 11-12). Mr. Meyerowitz does not
teach that the claimed sprouts are well known. The teaching of
Meyerowitz does not even indicate that the claimed sprouts have
been made.

Mr. Meyerowitz simply <u>suggests</u> that certain vegetables and
sprouts may contain sulforaphane. This suggestion is based on
research conducted by the inventors of the instant application
at Johns Hopkins University Medical School as noted on page 121
of the Meyerowitz publication. Significantly, Mr. Meyerowitz
incorrectly teaches on page 122 of this same publication that
carrots and green onions contain sulforaphane. These vegetables
do not contain sulforaphane, but each contains a Phase 2 enzyme
inducer that is not chemically related to sulforaphane. This
important error demonstrates that Mr. Meyerowitz was simply
speculating about the anti-cancer potential of these vegetables
and could not have known that the food product comprised of
cruciferous sprouts produced by the claimed method has
advantageous properties revealed by the inventors of the instant
application.

- 3 -

Serial No. 08/840,234

Mr. Meyerowitz does not teach or suggest that the claimed method of producing a food product comprised of identifying cruciferous seeds which produce sprouts containing high Phase 2 enzyme-inducing potential and non-toxic levels of indole glucosinolates and their breakdown products and goitrogenic hydroybutenylglucosinolates; germinating these seeds; and harvesting the sprouts between the onset of germination up to and including the 2-leaf stage to form a human food product comprising a plurality of sprouts.

Beecher simply summarizes evidence suggesting that consumption of vegetables produced by varieties of *Brassica oleracea,* including broccoli, cauliflower and cabbage, reduce cancer risk. Beecher therefore does not teach or suggest methods for the production of food products comprised of the recited cruciferous sprouts or sprout extracts.

Likewise, the two Zhang articles and the Cho patent fail to teach or suggest methods for the production of food products comprised of the recited cruciferous sprouts or sprout extracts. The Zhang references describe the characterization of anticarcinogenic isothiocyanates found in cruciferous **vegetables.** The Cho patent describes and claims pharmaceutical compositions comprising sulforaphane, and analogues of sulforaphane, that are anticarcinogenic.

The examiner takes the position that:

> [i]t would have been obvious to a person of ordinary skill in the art, at the time the invention was made, that the process of preparing the produce of The Sprout House Cookbook would be rich in chemoprotective agents as Beecher, Zhang *et al.,* (A11),m Zhang *et al.* (A4), and Cho *et al.* all teach the cancer preventive properties of *Brassica.*

(paragraph bridging pages 2 and 3). However, the cited prior art fails to teach or suggest a method of making a human food product comprising the steps of identifying cruciferous seeds which produce sprouts containing high Phase 2 enzyme-inducing potential

– 4 –

Serial No. 08/840,234

and non-toxic levels of indole glucosinolates and their breakdown products and goitrogenic hydroxybutenyl glucosinolates; germinating these seeds; and harvesting sprouts between the onset of germination up to and including the 2-leaf stage to form a food product comprising a plurality of spouts.

B.   **The Cruciferous Sprouts and Sprout Extracts Prepared According to the Claimed Methods Contain Unexpectedly High Levels of Phase 2 Enzyme Inducer Activity and Unexpectedly Low Levels of Phase 2 Enzyme Inducer Activity**

Even assuming the examiner had set forth a *prima facie* case of obviousness, clear evidence of unexpected results contained in the specification has been overlooked. Proof of an unexpected improvement can rebut a *prima facie* case of obviousness. *In re Costello,* 480 F.2d 894, 178 USPQ 290 (CCPA 1973). Specifically, the methods of the instant invention provide food products that have unexpected health benefits compared to food products available in the prior art.

More specifically, the claimed methods of the instant application provide food products comprised of certain cruciferous sprouts, and sprout extracts, with greatly increased levels of Phase 2 inducer activity compared to mature market stage vegetables. As a consequence, a significant health benefit can be realized through ingestion of small quantities of cruciferous sprouts, or sprout extracts, prepared according to the claimed methods. The same health benefits can only be realized, if at all, through the ingestion of impractical large quantities of market stage vegetables that contain significantly lower quantities of anticarcinogenic Phase 2 inducer activity compared to the sprouts of the instant invention.

Phase 2 enzymes conjugate functionalized products with endogenous ligands (*e.g.,* glutathione, glucuronic acid, sulfate) and thereby serve primarily a detoxifying role in xenobiotic metabolism. There is very good evidence indicating that when

- 5 -

2-D30

Serial No. 08/840,234

Phase 2 enzymes are induced, animals and cells are protected against the toxic and neoplastic effects of carcinogens. In fact, anticarcinogens have been identified based on their ability to induce Phase 2 enzymes. *See,* for example, Talalay, Paul, *Chemical Protection Against Cancer by Induction of Electrophile Detoxification (Phase II) Enzymes,* In: CELLULAR AND MOLECULAR TARGETS OF CHEMOPREVENTION, V.E. Steele *et al.,* (eds.), CRC Press, Boca Raton, Florida (1992).

The ability of Phase 2 enzyme inducers, such as isothiocyanates, to block carcinogenesis has been known for many years. *See,* for example, Zhang *et al., Cancer Research* <u>54</u> (Suppl): 1976-1981S (1994). In addition, numerous epidemiological studies suggest that high consumption of yellow and green vegetables, especially those of the family Cruciferae and the genus *Brassica* such as cauliflower, cabbage or broccoli reduces the risk of developing cancer of various organs. *See,* for example, Graham *et al., J. Natl. Cancer Inst.* <u>61</u>: 709-714 (1978). However, the quantity of mature market stage vegetables that must be consumed in order to provide even a 50% reduction in cancer risk ratio is so very large as to be difficult for many individuals and further risk reduction is impractical.

Dr. Talalay notes in the accompanying Rule 132 Declaration, attached hereto as Appendix A that consumption of 425 g/wk of mature market stage *Brassica* vegetables, such as broccoli, would result in an odds ration of approximately 0.5 (50% risk reduction) for colon cancer. It is frequently impractical and many individuals cannot tolerate consumption of such a large quantity of market stage broccoli each week. The large quantity of fiber and other phytochemicals associated with the consumption of such large quantities of this vegetable is likely to cause bowel irritation and/or flatulence in a significant portion of the population. In addition, many individuals dislike the taste of cruciferous vegetables and will not consume such large quantities for this reason.

- 6 -

**2-D31**

Serial No. 08/840,234

Cruciferous sprouts prepared according to the instant invention provide 20 to 50-fold higher levels of Phase 2 enzyme inducer activity than mature, market stage cruciferous vegetables (see Appendix A1). Accordingly, much smaller quantities of the sprouts can be consumed to realize the same health benefit obtained through consumption of larger quantities of mature market stage vegetables. Dr. Talalay in the accompanying Rule 132 Declaration calculates that 3 grams of 3-day old sprouts, or 150 milligrams of lyophilized hot water extract of sprouts, contain the same quantity of Phase 2 inducer activity as 150 grams of mature market stage broccoli. The quantity of mature market stage broccoli, sprouts and sprout extracts that must be consumed to realize the same health benefit (2-1/4 million units of anticarcinogen Phase 2 enzyme inducer activity) is shown in Appendix A2 attached to Dr. Talalay's Rule 132 Declaration.

Another unrecognized and unexpected benefit of the claimed methods is to provide food products comprised of certain cruciferous spouts and sprout extracts that do not contain significant levels of Phase 1 inducer activity, derived from indole glucosinolates. Phase 1 enzymes (cytochromes P-450) functionalize compounds, usually by oxidation or reduction. Although one role of Phase 1 enzymes is to detoxify xenobiotics, **several cytochromes P-450 activate various types of procarcinogens to highly reactive ultimate carcinogens.**

Attached to Dr. Talalay's Rule 132 Declaration as Appendix A3 are graphs showing comparative paired ion chromatographs of broccoli sprouts and mature market stage broccoli. The paired ion chromatographs were prepared according to the method developed in his laboratory by Prestera et al., Anal. Biochem. 239: 168-179 (1996). The principal peaks are glucoraphanin, glucoerucin, glucobrassicin and neoglucobrassicin (Appendix A3) The former two glucosinolates are alkyithioglucosinolates with potent Phase 2 enzyme inducer activity and are the predominant glucosinolates found in sprouts. The latter two glucosinolates are indole glucosinolates which predominate in mature market

- 7 -

Serial No. 08/840,234

stage broccoli. The indole glucosinolates are (1) very weak
Phase 2 enzyme inducers; (2) are bifunctional inducers and
therefore induce both Phase 1 and Phase 2 enzymes; (3) degrade
to produce condensation products which bind to the Ah receptor
and induce certain cytochromes P-450 that activate carcinogens;
and (4) may actually enhance carcinogenic activity. Accordingly,
the food products of the instant invention not only contain
unexpectedly high levels of anticarcinogenic Phase 2 inducer
activity but also contain unexpectedly low levels of carcinogenic
Phase 1 enzyme inducer activity.

C.    Conclusion

        The prior art does not teach or suggest methods for
production of human food products comprised of the recited
cruciferous sprouts or sprout extracts.    Accordingly, the
examiner has failed to set forth a *prima facie* case of
obviousness.  Although unnecessary to overcome the examiner's
obviousness rejection because of the lack of a *prima facie* case
of obviousness, evidence of totally unexpected results is
presented.    The claimed methods of the instant application
provide food products comprised of certain cruciferous sprouts,
and sprout extracts, with greatly increased levels of Phase 2
inducer activity compared to mature market stage vegetables.
Additionally, food products prepared according to the claimed
invention do not contain significant levels of Phase 1 inducer
activity which may actually enhance carcinogenic activity.

        It is therefore respectfully urged that the claims are not
obvious over the prior art cited by the examiner and the
rejection should be withdrawn.

- 8 -

2-D33

Serial No. 08/840,234


     For all the foregoing reasons, it is respectfully urged that the present claims are in condition for allowance. An early notice to this effect is earnestly solicited. Should there be any questions regarding this application, Examiner Wong is invited to contact the undersigned at the number shown below.


                                           Respectfully submitted,

_June 30, 1998_
Date

                                     Bernhard D. Saxe
                                     Reg. No. 28,665


FOLEY & LARDNER
Suite 500
3000 K Street, N.W.
Washington, DC  20007-5109
(202) 672-5300



# Paper Number

# 12



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. |
|---|---|---|---|
| | | | 46328/109 |

| EXAMINER |
|---|
| WONG, L |

| ART UNIT | PAPER NUMBER |
|---|---|
| 1751 | 12 |

FOLEY AND LARDNER
SUITE 500
3000 K STREET NW
WASHINGTON DC 20007

DATE MAILED: 09/10/98

**Please find below and/or attached an Office communication concerning this application or proceeding.**

Commissioner of Patents and Trademarks

| ***Office Action Summary*** | Application No. 08/840234 | Applicant(s) Fahey |
|---|---|---|
| | Examiner L. Wong | Group Art Unit 1761 |

*—The MAILING DATE of this communication appears on the cover sheet beneath the correspondence address—*

**Period for Response**

A SHORTENED STATUTORY PERIOD FOR RESPONSE IS SET TO EXPIRE ___3___ MONTH(S) FROM THE MAILING DATE OF THIS COMMUNICATION.

- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a response be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If the period for response specified above is less than thirty (30) days, a response within the statutory minimum of thirty (30) days will be considered timely.
- If NO period for response is specified above, such period shall, by default, expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to respond within the set or extended period for response will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).

**Status**

☑ Responsive to communication(s) filed on ___6/30/98___.

☐ This action is FINAL.

☐ Since this application is in condition for allowance except for formal matters, **prosecution as to the merits is closed in** accordance with the practice under *Ex parte Quayle*, 1935 C.D. 1 1; 453 O.G. 213.

**Disposition of Claims**

☑ Claim(s) ___69-90___ is/are pending in the application.

Of the above claim(s) _____ is/are withdrawn from consideration.

☐ Claim(s) _____ is/are allowed.

☑ Claim(s) ___69-90___ is/are rejected.

☐ Claim(s) _____ is/are objected to.

☐ Claim(s) _____ are subject to restriction or election requirement.

**Application Papers**

☐ See the attached Notice of Draftsperson's Patent Drawing Review, PTO-948.

☐ The proposed drawing correction, filed on _____ is ☐ approved ☐ disapproved.

☐ The drawing(s) filed on _____ is/are objected to by the Examiner.

☐ The specification is objected to by the Examiner.

☐ The oath or declaration is objected to by the Examiner.

**Priority under 35 U.S.C. § 119 (a)-(d)**

☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 11 9(a)-(d).

   ☐ All ☐ Some* ☐ None of the CERTIFIED copies of the priority documents have been

   ☐ received.

   ☐ received in Application No. (Series Code/Serial Number) _____

   ☐ received in this national stage application from the International Bureau (PCT Rule 1 7.2(a)).

   *Certified copies not received: _____

**Attachment(s)**

☐ Information Disclosure Statement(s), PTO-1449, Paper No(s). _____     ☐ Interview Summary, PTO-413

☑ Notice of References Cited, PTO-892     ☐ Notice of Informal Patent Application, PTO-152

☐ Notice of Draftsperson's Patent Drawing Review, PTO-948     ☐ Other _____

***Office Action Summary***

Serial Number: 08/840234

Art Unit: 1761

Claims 69-90 are rejected under the judicially created doctrine of obviousness-type double patenting as being unpatentable over claims 1-16 of U.S. Patent No. 5,725,895. Although the conflicting claims are not identical, they are not patentably distinct from each other because the recitation of "human" is obvious.

The nonstatutory double patenting rejection is based on a judicially created doctrine grounded in public policy (a policy reflected in the statute) so as to prevent the unjustified or improper timewise extension of the "right to exclude" granted by a patent and to prevent possible harassment by multiple assignees. See *In re Goodman*, 11 F.3d 1046, 29 USPQ2d 2010 (Fed. Cir. 1993); *In re Longi*, 759 F.2d 887, 225 USPQ 645 (Fed. Cir. 1985); *In re Van Ornum*, 686 F.2d 937, 214 USPQ 761 (CCPA 1982); *In re Vogel*, 422 F.2d 438, 164 USPQ 619 (CCPA 1970);and, *In re Thorington*, 418 F.2d 528, 163 USPQ 644 (CCPA 1969).

A timely filed terminal disclaimer in compliance with 37 CFR 1.321© may be used to overcome an actual or provisional rejection based on a nonstatutory double patenting ground provided the conflicting application or patent is shown to be commonly owned with this application. See 37 CFR 1.130(b).

Effective January 1, 1994, a registered attorney or agent of record may sign a terminal disclaimer. A terminal disclaimer signed by the assignee must fully comply with 37 CFR 3.73(b).

Serial Number: 08/840234                                          Page 3

Art Unit: 1761

     Any inquiry concerning this communication or earlier communications from the examiner

should be directed to Leslie Wong whose telephone number is (703) 308-1979.  The examiner can

normally be reached on Tuesday-Thursday from 6:30 AM to 5:00 PM.

     The fax number for this Group is (703) 305-7718.

     Any inquiry of a general nature or relating to the status of this application should be

directed to the Group receptionist whose telephone number is (703) 308-0661.

**Leslie Wong**
**Primary Examiner**
**Art Unit 1761**

LAW
September 3, 1998

TO SEPARATE, HOLD TOP AND BOTTOM EDGES, SNAP APART AND DISCARD CARBON

| FORM PTO-892 (REV. 2-92) | U.S. DEPARTMENT OF COMMERCE PATENT AND TRADEMARK OFFICE | SERIAL NO. 08/840231 | GROUP ART UNIT 1761 | ATTACHMENT TO PAPER NUMBER 12 |
|---|---|---|---|---|

**NOTICE OF REFERENCES CITED**

APPLICANT(S) Fahey

### U.S. PATENT DOCUMENTS

| * | | DOCUMENT NO. | DATE | NAME | CLASS | SUB-CLASS | FILING DATE IF APPROPRIATE |
|---|---|---|---|---|---|---|---|
| | A | 5725895 | 3/98 | Fahey et al. | 426 | 49 | |
| | B | | | | | | |
| | C | | | | | | |
| | D | | | | | | |
| | E | | | | | | |
| | F | | | | | | |
| | G | | | | | | |
| | H | | | | | | |
| | I | | | | | | |
| | J | | | | | | |
| | K | | | | | | |

### FOREIGN PATENT DOCUMENTS

| * | | DOCUMENT NO. | DATE | COUNTRY | NAME | CLASS | SUB-CLASS | PERTINENT SHTS. DWG | PP. SPEC. |
|---|---|---|---|---|---|---|---|---|---|
| | L | | | | | | | | |
| | M | | | | | | | | |
| | N | | | | | | | | |
| | O | | | | | | | | |
| | P | | | | | | | | |
| | Q | | | | | | | | |

### OTHER REFERENCES (Including Author, Title, Date, Pertinent Pages, Etc.)

| | |
|---|---|
| R | |
| S | |
| T | |
| U | |

| EXAMINER Leslie Wong | DATE 9/3/98 | |
|---|---|---|

* A copy of this reference is not being furnished with this office action.
(See Manual of Patent Examining Procedure, section 707.05 (a).)



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**

## NOTICE OF ALLOWANCE AND ISSUE FEE DUE

IM21/8201

FOLEY AND LARDNER
SUITE 500
3000 K STREET NW  P O BOX 25696
WASHINGTON DC 20007-5696

| APPLICATION NO. | FILING DATE | TOTAL CLAIMS | EXAMINER AND GROUP ART UNIT | DATE MAILED |
|---|---|---|---|---|
| 08/840,234 | 04/11/97 | 022 | WONG, L | 1761  02/01/99 |
| First Named Applicant | FAHEY | 35 USC 154(b) term ext. = 0 Days |  |  |

TITLE OF INVENTION  METHOD OF PREPARING A FOOD PRODUCT FROM CRUCIFEROUS SPROUTS (AS AMENDED)

| ATTY'S DOCKET NO. | CLASS-SUBCLASS | BATCH NO. | APPLN. TYPE | SMALL ENTITY | FEE DUE | DATE DUE |
|---|---|---|---|---|---|---|
| 46528/109 | 426-049.000 | T46 | UTILITY | YES | $605.00 | 05/03/99 |

**THE APPLICATION IDENTIFIED ABOVE HAS BEEN EXAMINED AND IS ALLOWED FOR ISSUANCE AS A PATENT. PROSECUTION ON THE MERITS IS CLOSED.**

**THE ISSUE FEE MUST BE PAID WITHIN _THREE MONTHS_ FROM THE MAILING DATE OF THIS NOTICE OR THIS APPLICATION SHALL BE REGARDED AS ABANDONED. _THIS STATUTORY PERIOD CANNOT BE EXTENDED._**

## HOW TO RESPOND TO THIS NOTICE:

I. Review the SMALL ENTITY status shown above.
If the SMALL ENTITY is shown as YES, verify your current SMALL ENTITY status:

    A. If the status is changed, pay twice the amount of the FEE DUE shown above and notify the Patent and Trademark Office of the change in status, or
    B. If the status is the same, pay the FEE DUE shown above.

If the SMALL ENTITY is shown as NO:

    A. Pay FEE DUE shown above, or

    B. File verified statement of Small Entity Status before, or with, payment of 1/2 the FEE DUE shown above.

II. Part B-Issue Fee Transmittal should be completed and returned to the Patent and Trademark Office (PTO) with your ISSUE FEE. Even if the ISSUE FEE has already been paid by charge to deposit account, Part B Issue Fee Transmittal should be completed and returned. If you are charging the ISSUE FEE to your deposit account, section "4b" of Part B-Issue Fee Transmittal should be completed and an extra copy of the form should be submitted.

III. All communications regarding this application must give application number and batch number.
Please direct all communications prior to issuance to Box ISSUE FEE unless advised to the contrary.

**IMPORTANT REMINDER: Utility patents issuing on applications filed on or after Dec. 12, 1980 may require payment of maintenance fees. It is patentee's responsibility to ensure timely payment of maintenance fees when due.**

PATENT AND TRADEMARK OFFICE COPY
PTOL-85 (REV. 10-96) Approved for use through 06/30/99. (0651-0033)
**2-D41**
*U.S. GPO: 1996-437-639/80023



**13**

**13**

# Paper Number

# 13

**13**

**13**

**2-D42**

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Attorney Docket No. 046585/0109

In re patent application of

Jed W. FAHEY *et al.*                              Group Art Unit: 1765

Serial No.: 08/840,234                             Examiner: Wong, L.

Filed: April 11, 1997

For: CANCER CHEMOPROTECTIVE FOOD PRODUCTS

## AMENDMENT AND REQUEST FOR RECONSIDERATION
## UNDER 37 C.F.R. §1.111

Assistant Secretary and Commissioner
of Patents and Trademarks
Washington, D.C. 20231

Sir:

        In response to the Official Action mailed September 10, 1998, applicants ask that the PTO amend the above-identified application as follows. A check in the amount of $55.00 is enclosed to cover the fee for filing a terminal disclaimer. It is believed that no other fees are due. However, the Commissioner is hereby authorized to charge any deficiency or credit any overpayment to Deposit Account No. 19-0741.

        Applicants respectfully request the USPTO amend the application in the manner set out below and that the examiner re-consider the outstanding rejections in view of the following remarks.

IN THE CLAIMS:

        In claim 77, line 2, between "from cruciferous sprouts", and ", with the exception of", please insert —rich in glucosinolates—.

002.164716.1

Serial No:  08/840,234

## REMARKS

Claim 77 is amended to more clearly define the properties of the sprouts that are encompassed by the claimed invention.  Support for the amendment is found throughout the specification and original claims as filed, for example, Page 4, Lines 2-3  Claims 69-90 are pending and presented for reconsideration by the examiner.

Claims 69-90 are pending and presented for reconsideration by the examiner.  These claims were rejected under the judicially created doctrine of obviousness-type double patenting as being unpatentable over claims 1-16 of U.S. Patent No. 5,725,895.  This rejection is rendered moot with the submission of the attached Terminal Disclaimer.  Accordingly, it is respectfully requested that the rejection of claims 69-90 should be withdrawn..

Submitted herewith is a new Form PTO-1449, which corrects the citation for the document designated "ZZ" on Form PTO-1449 which was previously filed on February 25, 1998.  The pages from the book authored by Steve Meyerowitz were inadvertently indicated to be in a text entitled "The Sprout House Cookbook."  The Form PTO-1449 now correctly indicates that the book is entitled "Sprout It! One Week From Seeds to Salad."  The examiner is kindly requested to delete the citation on the Form-1449 submitted February 25, 1998 so that the proper citation appears on the printed patent based on this application.  A copy of the title page from the text, as well as the relevant pages previously submitted for consideration by the examiner, are submitted herewith for the examiner's convenience.

2

Serial No:  08/840,234

## CONCLUSION

In light of the foregoing Amendments, Remarks and Terminal Disclaimer, applicants submit that all claims are in condition for allowance, and they solicit an early indication to that effect.  Should there be any questions regarding this application, Examiner Wong is invited to contact the undersigned at the telephone number listed below.

Respectfully submitted,

November 18, 1998

Richard C. Peet
Reg. No. 35,792

FOLEY & LARDNER
3000 K Street, N.W., Suite 500
Washington, DC  20007-5109
Tel:  (202) 672-5300

3

**2-D45**



**2-D46**

*#14*
*AW*
*11-29-98*

**IN THE UNITED STATES PATENT AND TRADEMARK OFFICE**

**Attorney Docket No. 046585/0109**

*In re* patent application of

Jed FAHEY*et al.*                                    Art Unit:  1761

Serial No. 08/840,234                                Examiner: L. Wong

Filed  April 11, 1997

For:    CANCER CHEMOPROTECTIVE FOOD PRODUCTS

**TERMINAL DISCLAIMER**

Assistant Commissioner for Patents
Washington, D.C. 20231

Sir:

        Your Petitioner, JOHNS HOPKINS SCHOOL OF MEDICINE, 2024 E. Monument
Street, Suite 2-100, Baltimore, Maryland 21205, represents that it is the owner of the entire
right, title, and interest in and to U.S. Patent Application Serial No. 08/840,234, filed April
11, 1997 as evidenced by the Assignment recorded at the USPTO, Reel. No. 7694, Frame
746 (copy attached as Appendix A).  Further, your Petitioner represents that it is the owner of
U.S. Patent No. 5,725,895, which issued on U.S. Patent Application Serial No. 08/528,858,
filed September 15, 1995 as evidenced by the Assignment recorded at the USPTO, Reel
7694, Frame 0746.  Your Petitioner hereby disclaims the terminal part of the term of any
patent granted on the above-identified application which would extend beyond the full
statutory term of U.S. Patent No. 5,725,895, and hereby agrees that any patent so granted on
the above-identified application shall be enforceable only for and during such period that the
legal title to said patent shall be the same as the legal title to U.S. Patent No. 5,725,895, this
agreement to run with any patent granted on the above-identified application and to be binding
upon the grantee, its successors or assigns.

        In making the above disclaimer, Petitioner does not disclaim any terminal part of any
patent granted on the above-identified application, prior to the full statutory term of U.S.
Patent No. 5,725,895, as defined in 35 USC §§154-156 and 173, in the event that U.S. Patent
No. 5,725,895 expires for failure to pay a maintenance fee, is held unenforceable or is found