IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Attorney Docket No. 46585/118

In re patent application of:

**Fahey _et al._**

Serial No. 09/118,867

Filed: July 20, 1998

For:    CANCER CHEMOPROTECTIVE FOOD PRODUCTS

OIPE
APR 2 0 1999
PATENT & TRADEMARK OFFICE

Group Art Unit: 1761

Examiner: Unknown

#8C
HKD
4-26-99

### SUPPLEMENTAL PRELIMINARY AMENDMENT

Commissioner of Patents and Trademarks
Washington, D.C.  20231

RECEIVED

GROUP 1700

Sir:

Prior to examination of the above-identified application, Applicants respectfully request that the following amendments be entered into the application:

**IN THE CLAIMS**

Please cancel, without prejudice or disclaimer, claims 55-58, 60-68, and amend the remaining claims as follows:

49.    (Amended)    The cruciferous sprouts according to claim 48, wherein said sprouts have at least 200,000 units per gram fresh weight of Phase 2 enzyme-inducing potential when measured after 3 days of growth from seeds that produce said sprouts [and non-toxic levels of indole glucosinolates and their breakdown products and goitrogenic hydroxybutenyl glucosinolates and are harvested 1 to 14 days post-germination].

Please add the following claims:

--    69.    A food product comprising a source of glucosinolates or isothiocyanates, wherein said glucosinolate source is a cruciferous seed or cruciferous sprout, or extract

Exhibit 3-D

Serial No. 09/118,867                              Attorney Docket No. 046585/118

thereof, and wherein said sprout is (A) harvested between the onset of germination up to and including the 2-leaf stage, and (B) not a *Brassica oleracea capitata*, *Lepidium sativum*, *Sinapis alba*, *Sinapis nigra*, or *Raphanus sativus* sprout.

70.    A food product according to claim 69, said sprouts have at least 200,000 units per gram fresh weight of Phase 2 enzyme-inducing potential when measured after 3-days of growth from seeds that produce said sprouts.

71.    A food product according to claim 69, said sprouts have at least 250,000 units per gram fresh weight of Phase 2 enzyme-inducing potential when measured after 3-days of growth from seeds that produce said sprouts.

72.    A food product according to claim 69, said sprouts have at least 300,000 units per gram fresh weight of Phase 2 enzyme-inducing potential when measured after 3-days of growth from seeds that produce said sprouts.

73.    A food product according to claim 69, said sprouts have at least 350,000 units per gram fresh weight of Phase 2 enzyme-inducing potential when measured after 3-days of growth from seeds that produce said sprouts.

74.    A food product according to claim 69, said sprouts have at least 400,000 units per gram fresh weight of Phase 2 enzyme-inducing potential when measured after 3-days of growth from seeds that produce said sprouts.

75.    A food product according to claim 69, said sprouts have at least 450,000 units per gram fresh weight of Phase 2 enzyme-inducing potential when measured after 3-days of growth from seeds that produce said sprouts.

76.    A food product according to claim 69, said sprouts have at least 500,000 units per gram fresh weight of Phase 2 enzyme-inducing potential when measured after 3-days of

**3-D2**

Serial No. 09/118,867                                    Attorney Docket No. 046585/118

growth from seeds that produce said sprouts.

77. A food product according to claim 69, wherein said sprout is a *Brassica oleracea* selected from the group of varieties consisting of *acephala, alboglabra, botrytis, costata, gemnifera, gongylodes, italica, medullosa, palmifolia, ramosa, sabauda, sabellica,* and *selensia*.

78. The food product according to claim 77, wherein said sprouts are *Brassica oleracea* variety *italica*.

79. The food product according to claim 77, wherein said sprouts are *Brassica oleracea* variety *botrytis*.

80. The food product according to claim 77, wherein said sprouts are *Brassica oleracea* variety *botrytis* subvariety *cauliflora*.

81. A food product according to claim 69, wherein said source of glucosinolates or isothiocyanates is a crucifer seed.

82. A food product according to claim 81, wherein said seed is incorporated into a food product selected from the group consisting of salads, granolas, and baked goods.

83. A food product according to claim 81, wherein said seed is ground into a flour or meal prior to incorporation into said food product.

84. A food product according to claim 83 wherein said ground seed is incorporated into a food product selected from the group consisting of drinks, shakes, baked goods, pills or tablets.

85. A food product according to claim 69, wherein said source of glucosinolates

-3-

**3-D3**

Serial No. 09/118,867                    Attorney Docket No. 046585/118

or isothiocyanates is a cruciferous sprout.

86.    A food product according to claim 85, wherein said sprout is a harvested sprout incorporated in said food product for fresh consumption.

87.    A food product according to claim 86, wherein said food product is selected from the group consisting of salads, sandwiches and drinks or shakes.

88.    A food product according to claim 85, wherein said sprout has been subject to lyophillization, drying, extraction, freezing, baking, cooking, or boiling prior to incorporation into said food product.

89.    A food product according to claim 88, wherein said food product is selected from the group consisting of baked goods, teas, soups, cereals, pills, tablets, drinks, and shakes.

90.    A food product according to claim 69, wherein said source of glucosinolates or isothiocyanates is crucifer seed or cruciferous sprout extract.

91.    A non-toxic solvent extract of a crucifer seed or cruciferous sprout, wherein said sprout is (A) harvested between the onset of germination up to and including the 2-leaf stage, and (B) not a *Brassica oleracea capitata, Lepidium sativum, Sinapis alba, Sinapis nigra,* or *Raphanus sativus* sprout.

92.    A non-toxic solvent extract according to claim 91, wherein the solvent used to extract said seed or sprout is selected from the group consisting of water, liquid carbon dioxide, and ethanol.

93.    A non-toxic solvent extract according to claim 91, further comprising a crucifer vegetable containing an active myrosinase enzyme.

-4-

Serial No. 09/118,867                              Attorney Docket No. 046585/118

94.    A non-toxic solvent extract according to claim 93, wherein said cruciferous vegetable is of the genus *Raphanus*.

95.    A non-toxic solvent extract of according to claim 91, wherein said extract is dried, cooled, frozen or freeze-dried.

96.    A food product comprising the extract of claim 91.

97.    A food product comprising the extract of claim 95.

98.    A food product according to claim 96, wherein said food product is selected from the group consisting of food supplements, drinks, shakes, baked goods, teas, soups, cereals, pills, tablets, salads, sandwiches, and granolas.

99.    A pill or tablet comprising a cruciferous seed or cruciferous sprout, or extract thereof, wherein said sprout is harvested between the onset of germination up to and including the 2-leaf stage.

100.    A pill or tablet according to claim 99, wherein said sprout is not a *Brassica oleracea capitata, Lepidium sativum, Sinapis alba, Sinapis nigra,* or *Raphanus sativus* sprout.

101.    A food product comprising at least two varieties of cruciferous seed or cruciferous sprout, or extract thereof, wherein said sprout is (A) harvested between the onset of germination up to and including the 2-leaf stage, and (B) not a *Brassica oleracea capitata, Lepidium sativum, Sinapis alba, Sinapis nigra,* or *Raphanus sativus* sprout.--

**3-D5**

Serial No. 09/118,867                    Attorney Docket No. 046585/118

## REMARKS

Applicants respectfully request that the foregoing amendments by entered prior to examination. Claim 49 is amended to more particularly claim and distinctly point out Applicants' invention. Support for this amendment is found throughout the specification, including on page 20, lines 25-34, and the originally filed claims. Claims 69-101 are added. Support for claims 69- 101 is found throughout the specification and originally filed claims.

Upon entry of the foregoing amendments, claims 48-54, 59, and 69-101 are present for examination. Claims 1-47, 55-58, and 60-68 are canceled without prejudice or disclaimer. In view of the foregoing amendments, Applicants respectfully request examination of the present application.

Respectfully submitted,

April 20, 1999
Date

Richard C. Peet
Reg. No. 35,792

Foley & Lardner
3000 K Street, NW
Washington Harbour, Suite 500
Washington, DC 20007
Tel: (202) 672-5300
Fax: (202) 672-5399

Should additional fees be necessary in connection with the filing of this paper, or if a petition for extension of time is required for timely acceptance of same, the Commissioner is hereby authorized to charge Deposit Account No. 19-0741 for any such fees.

-6-

**3-D6**

GAU 1761

Attorney Docket No. 046585/0118

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Patent Application of:

FAHEY et al.

Serial No.: 09/118,867

Group Art Unit: 1761

Filed: July 20, 1998

Examiner: Unknown

For: **CANCER CHEMOPROTECTIVE FOOD PRODUCTS**

Assistant Commissioner for Patents
Washington, D.C. 20231

RECEIVED

APR 2 2 1977

GROUP 1700

Sir:

Transmitted herewith is an Amendment in the above-captioned application. The fee has been calculated as shown below. *(Small entity fees indicated in parentheses.)*

| (1) | (2) Claims Remaining After Amendment | (3) | (4) Highest Number Previously Paid For | (5) Extra Claims | (6) Rate | (7) Fee |
|---|---|---|---|---|---|---|
| **CLAIMS AS AMENDED** | | | | | | |
| Total Claims | 41 | - | 21 | 20 | 18.00 | 360.00 |
| *(Small Entity)* | | | | | *( 9.00)* | |
| Independent claims | 5 | - | 3 | 0 | 78.00 | 156.00 |
| *(Small Entity)* | | | | | *(39.00)* | |
| Multiple Dependent | | - | | | 260.00 | 0.00 |
| *(Small Entity)* | | | | | *(130.00)* | |

| Extension of Time | One Month | Two Months | Three Months | Four Months | |
|---|---|---|---|---|---|
| Fee | $110 | $380 | $870 | $1,360 | 0.00 |
| *(Small Entity)* | *($55)* | *($190)* | *($435)* | *($680)* | |
| **Total** | | | | | 516.00 |

Attorney Docket No.  046585/0118

A check in the amount of the above Total Fee is attached.  This amount is believed to be correct; however, the Commissioner is hereby authorized to charge any deficiency or credit any overpayment to Deposit Account No. 19-0741.

Respectfully submitted,

April 20, 1999
Date

Matthew R. Cohen
Reg. No. 40,960

Foley & Lardner
Washington Harbour
3000 K Street, N.W.
Washington, D.C. 20007
Phone:  (202) 672-5538
Fax:     (202) 672-5399

3-D8



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address:   COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 09/118,867 | 07/20/98 | FAHEY    J | 0465585/0118 |

HM12/0921

FOLEY & LARDNER
3000 K STREET NW STE 500
WASHINGTON DC 20007-5109

| EXAMINER |
|---|
| TATE,C |

| ART UNIT | PAPER NUMBER |
|---|---|
| 1651 | 9 |

DATE MAILED:    09/21/99

**Please find below and/or attached an Office communication concerning this application or proceeding.**

Commissioner of Patents and Trademarks

PTO-90C (Rev. 2/95)

1- File Copy

**3-D9**

| *Office Action Summary* | Application No. **09/118,867** | Applicant **Fahey et al.** |
|---|---|---|
| | Examiner **Christopher Tate** | Group Art Unit **1651** |

☐ Responsive to communication(s) filed on _____ .

☐ This action is **FINAL.**

☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11; 453 O.G. 213.

A shortened statutory period for response to this action is set to expire _____ *1* _____ month(s), or thirty days, whichever is longer, from the mailing date of this communication. Failure to respond within the period for response will cause the application to become abandoned. (35 U.S.C. § 133). Extensions of time may be obtained under the provisions of 37 CFR 1.136(a).

**Disposition of Claims**

☒ Claim(s) *48-54 and 69-101* _____ is/are pending in the application.

    Of the above, claim(s) _____ is/are withdrawn from consideration.

☐ Claim(s) _____ is/are allowed.

☐ Claim(s) _____ is/are rejected.

☐ Claim(s) _____ is/are objected to.

☒ Claims *48-54 and 69-101* _____ are subject to restriction or election requirement.

**Application Papers**

☐ See the attached Notice of Draftsperson's Patent Drawing Review, PTO-948.

☐ The drawing(s) filed on _____ is/are objected to by the Examiner.

☐ The proposed drawing correction, filed on _____ is ☐approved ☐disapproved.

☐ The specification is objected to by the Examiner.

☐ The oath or declaration is objected to by the Examiner.

**Priority under 35 U.S.C. § 119**

☐ Acknowledgement is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d).

    ☐ All ☐ Some* ☐ None  of the CERTIFIED copies of the priority documents have been

       ☐ received.

       ☐ received in Application No. (Series Code/Serial Number) _____ .

       ☐ received in this national stage application from the International Bureau (PCT Rule 17.2(a)).

    *Certified copies not received: _____ .

☐ Acknowledgement is made of a claim for domestic priority under 35 U.S.C. § 119(e).

**Attachment(s)**

☐ Notice of References Cited, PTO-892

☐ Information Disclosure Statement(s), PTO-1449, Paper No(s). _____

☐ Interview Summary, PTO-413

☐ Notice of Draftsperson's Patent Drawing Review, PTO-948

☐ Notice of Informal Patent Application, PTO-152

*--- SEE OFFICE ACTION ON THE FOLLOWING PAGES ---*

U. S. Patent and Trademark Office
PTO-326 (Rev. 9-95)           Office Action Summary           Part of Paper No. __9__

Application/Control Number: 09/118,867

Art Unit: 1651

## DETAILED ACTION

### *Election/Restriction*

Restriction to one of the following inventions is required under 35 U.S.C. 121:

I.    Claims 48-54, drawn to a cruciferous sprout, classified in class 800, subclass 2, for example.

II.   Claims 69-90 and 101, drawn to a food product obtainable from numerous sources including a cruciferous seed, classified in class 426, subclass 629, for example.

III.  Claims 91-98, drawn to a nontoxic solvent plant extract, classified in class 424, subclass 195.1, for example.

IV.   Claims 99-100, drawn to a pill or tablet comprising a cruciferous sprout, classified in class 424, subclass 464, for example.

The products of Groups I-IV are distinct, each from the other, for the following reasons. The product of Group I is drawn to a live plant, which is mutually exclusive from the products of Groups II-IV. The product of Group II is drawn to a food product which may comprise one or more cruciferous seeds, whereas the products of Groups I and III-IV do not necessarily require cruciferous seeds. The product of Group III requires a non-toxic solvent extract of a cruciferous seed or sprout, whereas the products of Groups I, II, and IV do not necessarily require a non-toxic solvent extract thereof. The product of Group IV requires that the cruciferous material be within a pharmaceutical pill or tablet, whereas the products of Groups I-III do not necessarily require this limitation.

Application/Control Number: 09/118,867

Page 3

Art Unit: 1651

The several distinct inventions above have acquired a separate status in the art as a separate subject for inventive effect and require independent searches (as indicated by the different classification). The search for each of the above inventions is not co-extensive particularly with regard to the literature search. Further, a reference which would anticipate the invention of one group would not necessarily anticipate or even make obvious another group.

Applicant is advised that the response to this requirement, to be complete, must include an election of the invention to be examined even though the requirement be traversed.

In addition, with regard to Groups II and III above, this application contains claims directed to the following patentably distinct species of the claimed invention:

(a) A cruciferous sprout.

(b) A cruciferous seed.

(c) An extract of a cruciferous sprout and/or seed.

Applicant is required under 35 U.S.C. 121 to elect a single disclosed species for prosecution on the merits to which the claims shall be restricted if no generic claim is finally held to be allowable. Currently, claims 69 and 99 are generic.

Application/Control Number: 09/118,867                                    Page 4

Art Unit: 1651

     Applicant is advised that a reply to this requirement must include an identification of the

species that is elected consonant with this requirement, and a listing of all claims readable thereon,

including any claims subsequently added.  An argument that a claim is allowable or that all claims

are generic is considered nonresponsive unless accompanied by an election.

     Upon the allowance of a generic claim, applicant will be entitled to consideration of claims

to additional species which are written in dependent form or otherwise include all the limitations

of an allowed generic claim as provided by 37 CFR 1.141.  If claims are added after the election,

applicant must indicate which are readable upon the elected species.  MPEP § 809.02(a).

     Should applicant traverse on the ground that the species are not patentably distinct,

applicant should submit evidence or identify such evidence now of record showing the species to

be obvious variants or clearly admit on the record that this is the case.  In either instance, if the

examiner finds one of the inventions unpatentable over the prior art, the evidence or admission

may be used in a rejection under 35 U.S.C. 103(a) of the other invention.


     Applicant is reminded that upon the cancellation of claims to a non-elected invention, the

inventorship must be amended in compliance with 37 CFR 1.48(b) if one or more of the currently

named inventors is no longer an inventor of at least one claim remaining in the application.  Any

amendment of inventorship must be accompanied by a petition under 37 CFR 1.48(b) and by the

fee required under 37 CFR 1.17(i).

Application/Control Number: 09/118,867                                    Page 5

Art Unit: 1651


        Any inquiry concerning this communication or earlier communications from the examiner

should be directed to Christopher R. Tate whose telephone number is (703) 305-7114.  If

attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, Michael

Wityshyn, can be reached at (703) 308-4743.  The Group receptionist may be reached at (703)

308-0196.  The fax number for art unit 1651 is (703) 308-4242.

Christopher R. Tate
Patent Examiner, Group 1651
September 21, 1999

CAP16508

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Attorney Docket No.  046585/0118

In re patent application of

Jed FAHEY et al.

Serial No.  09/118,867

Filed:  July 20, 1998

For:  CANCER CHEMOPROTECTIVE FOOD PRODUCTS

Group Art Unit:  1651

Examiner:  C. Tate

RECEIVED

OCT 2 2 1999

TECH CENTER 1600/2900

### INFORMATION DISCLOSURE STATEMENT
### UNDER 37 C.F.R. §1.56

OIPE

OCT 2 0 1999

PATENT & TRADEMARK

Assistant Commissioner for Patents
Washington, D.C.  20231

Sir:

Submitted herewith on a modified Form PTO-1449 is a listing of documents known to applicant in order to comply with applicant's duty of disclosure pursuant to 37 C.F.R. §1.56, and in view of MPEP § 2001.06(c).  The listed documents became know to applicant incident to a suit for infringement of U.S. Patent No. 5,725,895 filed in the District Court of Delaware.  The above-captioned patent application is a divisional of U.S. patent application Serial Number 08/840,234, which is a divisional of the patent application which that as U.S. Patent No. 5,725,895.

The accompanying Form PTO-1449 lists several papers and publications that were provided during the course of discovery in the infringement suit.  In addition, the defendants have recently filed a request for reexamination of U.S. Patent No. 5,725,895 citing several of the listed papers and publications.  A copy of the request for reexamination is provided herewith.

Applicant believes that the documents listed in the accompanying Form PTO-1449 do not adversely impact the patentability of the claims of the above-captioned application.  However, out of an abundance of caution, and in compliance with the duty of disclosure, applicant hereby brings these documents to the attention of the Patent Office.

In the course of the infringement suit, the defendants also have lodged several affirmative defenses and counterclaims, including (1) invalidity and unenforceability for

U.S. Serial No. 09/118,667                    Attorney Docket No. 046585/0118

failure to comply with the provisions of 35 U.S.C. §§ 101, 102, 103, and 112, (2) breach of the duty to disclose material information, and (3) patent misuse.  Provided herewith is a copy of the defendants' "Answer, Affirmative Defenses and Counterclaim," which contains these allegations.

Applicant believes that the foregoing affirmative defenses and counterclaims are without merit.  However, out of an abundance of caution, and in compliance with the duty of disclosure, applicant hereby brings these documents to the attention of the Patent Office.

The submission of any document herewith, which is not a statutory bar, is not intended as an admission that such document constitutes prior art against the claims of the present application or is considered to be material to patentability as defined in 37 C.F.R. §1.56(b).   Applicants do not waive any rights to take any action which would be appropriate to antedate or otherwise remove as a competent reference any document which is determined to be a prima facie prior art reference against the claims of the present application.

## TIMING OF THE DISCLOSURE

The instant Information Disclosure Statement is being filed more than three (3) months after the filing date of the above-identified application.  A petition fee in the amount of $130.00 in accordance with 37 C.F.R. §1.17(I)(1) is attached.

## CERTIFICATION

No item of information contained in the Information Disclosure Statement was cited in a communication from a foreign patent office in a counterpart foreign application, and, to the knowledge of the person signing the statement after making reasonable inquiry, no item of information contained in the information disclosure statement was known to any individual designated in 1.56(c) more than three months prior to the filing of the information disclosure statement.

002.256746.1                              -2-

**3-D16**

U.S. Serial No. 09/118,667                 Attorney Docket No. 046585/0118

Applicant respectfully requests that the listed documents be considered by the Examiner and be made of record in the present application and that an initialed copy of Form PTO-1449 be returned in accordance with MPEP §609.

Respectfully submitted,

October 20, 1999
Date

Richard C. Peet
Registration No. 35,792

FOLEY & LARDNER
3000 K Street, NW, Suite 500
Washington, DC 20007-5109
(202) 672-5300

**If there are any fees due which are not enclosed herewith, including any fees required for an extension of time, the Commissioner is hereby authorized to charge any deficiency or credit any overpayment to Deposit Account Number 19-0741.**

-3-

002.256746.1

| Page 1 of 2 | | | | | ATTY DOCKET NO.<br>046585/0118 | SERIAL NO.<br>09/118,867 |
| --- | --- | --- | --- | --- | --- | --- |
| FORM PTO 1449 (modified)<br><br>**U.S. DEPARTMENT OF COMMERCE**<br>**PATENT AND TRADEMARK OFFICE**<br><br>LIST OF REFERENCES CITED BY APPLICANT(S)<br>(Use several sheets if necessary)<br><br>Date Submitted to PTO: October 20, 1999 | | | | | APPLICANT<br>Jed FAHEY et al. | |
| | | | | | FILING DATE<br>July 20, 1998 | GROUP<br>~~1651~~ 1701 |

**OTHER DOCUMENT(S) (Including Author, Title, Date, Pertinent Pages, Etc.)**

| | | | | |
| --- | --- | --- | --- | --- |
| *KH* | | | | The Sproutletter, Number 25, Nov. – Dec. 1984. |
| | | | | "The Sproutletter" May-June 1981, No. 4. |
| | | | | Roy Bruder, Ph.D., Discovering Natural Foods, (including pgs.203-209), Woodbridge Press, 1982. |
| | | | | Brian R. Clement, Hippocrates Health Program, (including pgs 7-11), Hipprocates Publications, 1989. |
| | | | | Jethro Kloss, The Back to Eden Cookbook, pgs. 61-61, Woodbridge Press, 1974. |
| | | | | Steve Meyerowitz, Sproutmann Kitchen Garden Cookbook, The Sprouthouse, Inc., pgs. 178-179, 290, 1994. |
| | | | | Steve Meyerowitz, Sprout It, One week from Seed to Salad, The Sprouthouse, Inc., (including pgs. 84-85, 120-123), June 1994. |
| | | | | Steve Meyerowitz, The Complete Guide to Sprouting, Sprouts The Miracle Food, Sproutman Publications, (including pgs. 121-2), May 1998. |
| | | | | Esther Munroe, Sprouts to Grow and Eat, (including pgs. 2-15), Dec. 1974. |
| | | | | Jean Hewitt, The New York Times "New Natural Foods Cookbook:, Avon Books, pgs. 200-203, 1982. |
| | | | | Martha H. Oliver, Add a Few Sprouts To Eat Better for Less Money, Pivot Original Health Books, (including pgs. 52-53, 118-119), 1975. |
| | | | | James C. Schmidt, Horticulture Facts, "Growing Sprouts Indoors", (Rev. 4/81). |
| | | | | Angnes Toms, The Joy of Eating Natural Foods, The Complete Organic Cookbook, pgs. 318-319, Nov. 1971. |
| | | | | Karen Cross Whyte, The Complete Sprouting Cookbook, Troubador Press, (including pags. 57-59), 1973. |
| | | | | Ann Wigmore, The Sprouting Book, Avery Publications, (including pgs. 29-37), 1986. |
| | | | | Debra Schwarze, Growing Sprouts, Neb Guide, Jan. 1989. |
| | | | | John Tobe, "Sprouts Elixir of Life", 1970. |
| | | | | Alicia Bay Laurel, "Living on the Earth" a Vintage Book, *date N.A.* |
| | | | | David Ehrlich with George Wolf, Foreward by Peter Albright, M.D., "The Bowell Book", Schocken Books, 1981. |
| | | | | ~~"The Good News Sprouts Recipe Book" ISGA, Aug. 1992.~~ *Duplicate* |
| | | | | Ann Wigmore, "The Hippocrates Diet and Health Program", Avery Publications, 1984. |
| | | | | Sprouting Publications Oahspe Foundation, Health and Sprouting Supplies, *date N.A.* |
| | | | | Sproutletter, #41, Summer, 1989. |
| | | | | The Sproutletter, Number 27, March-April 1985. |
| | | | | Steve Meyerowitz, Growing Vegetables Indoors", 1983. |
| | | | | The Sproutletter, Number 24, Sept.-Oct. 1984. |
| | | | | The Sproutletter, Issue 33, Spring 1987. |
| | | | | The Sproutletter, Number 28, May-June 1985. |
| *KH* | | | | The Sproutletter, Number 26, Jan-Feb 1985. |
| | | | | ~~Sprouting Publications, Health and Sprouting Supplies~~ *Duplicate cite* |

Page 2 of 2

| FORM PTO 1449 (modified) | ATTY DOCKET NO. 046585/0118 | SERIAL NO. 09/118,867 |
|---|---|---|
| U.S. DEPARTMENT OF COMMERCE PATENT AND TRADEMARK OFFICE | APPLICANT Jed FAHEY et al. | |
| LIST OF REFERENCES CITED BY APPLICANT(S) (Use several sheets if necessary) Date Submitted to PTO: October 20, 1999   2 | FILING DATE July 20, 1998 | GROUP 1651 1761 |

OTHER DOCUMENT(S) (Including Author, Title, Date, Pertinent Pages, Etc.)

| | | | |
|---|---|---|---|
| KH | | | The Sproutletter, Number 29, July – August 1985. |
| | | | Sproutletter, #40, Spring, 1989. |
| | | | The Sproutletter, Number 32, Summer. |
| | | | Sproutletter, #44, March 1991. |
| | | | Sproutletter, #36, Winter, 1987-88. |
| | | | Sproutletter, #39, Fall, 1988. |
| | | | Sproutletter, #43, May/June 1990. |
| | | | Sproutletter, #38, Summer, 1988. |
| | | | ~~Sprouting Publications Health and Sprouting Supplies.~~ duplicate cite |
| | | | ~~Spring Sale for Members Only.~~ Date N.A. |
| KH | | | The Sproutletter, A newletter of useful and unusual information on sprouts, raw foods and nutrition. Date N.A. |
| | | | The Sproutletter, #31, Winter. Date N.A. |
| | | | Deirdre Purdy, ed., The Summer Kitchen, A Farmers' Market Cookbook, 1981. |
| | | | Viktoras Kulvinskas, M.S. Co-Director Hippocrates Health Institute, "Love Your Body or how to be a live food lover", 1974. |
| | | | The Sprout House Article from Newspaper, date NA. |
| | | | New Prices – New Products, july 1985 order form. |
| | | | Steve Meyerowitz, Indoor Vegetable Kit, The Sprout House. |
| | | | The Sprout House Newsletter, Issue #15, August, 1992. |
| | | | Sproutman's Exotic Seeds for Sprouting 100% Organically Grown Order Form, date N.A. |
| | | | ~~Complaint for Patent Infringement (Brassica Protection Products, LLC v. The Sproutman, Inc. dated September 20, 1999.~~ |
| | | | ~~Murry-Tizer's Answer, Affirmative Defenses and Counterclaims dated June 28, 1999~~ |
| | | | ~~The Sproutman, Inc.'s Answer, Affirmative Defenses and Counterclaims dated June 28, 1999~~ |
| | | | ~~Request for Reexamination of U.S. Patent No. 5,725,895 filed October 11, 1999~~ |

| EXAMINER | DATE CONSIDERED 2/00 |
|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609; Draw line through citation if not in conformance and not considered.  Include copy of this form with next communication to applicant.

#1651
#11
(Reg. Ext.
(3 mos.)
11/30/99

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | | |
|---|---|---|---|
| In re application of | : | Group Art Unit: | 1651 |
| Jed W. FAHEY et al. | : | Examiner: | C. Tate |
| Serial No.: 09/118,867 | : | **Atty. Dkt. No. 29318/440** | |
| Filed: | July 20, 1998 | : | |
| For: | CANCER CHEMOPROTECTIVE FOOD PRODUCTS | | |

RECEIVED
NOV 2 6 1999
OIPE
TECH CENTER 1600/2900
NOV 1 9 1999
PATENT & TRADEMARK OFFICE

### PETITION FOR EXTENSION OF TIME

Assistant Commissioner for Patents
Washington, DC 20231

Sir:

    It is respectfully requested that an extension of time for the period indicated below be granted in accordance with the provisions of 37 C.F.R. §1.136 to take the action required in the application identified in caption, as reflected by the papers submitted herewith.

| | | | |
|---|---|---|---|
| __x__ | First Month | $110 | ($ 55)* |
| ____ | Second Month | $270 | ($135)* |
| ____ | Third Month | $490 | ($245)* |
| ____ | Fourth Month | $490 | ($245)* |
| ____ | Fifth Month | $490 | ($245)* |

*(Small Entity)     TOTAL EXTENSION FEE:     $55.00

A check including the amount of the above TOTAL EXTENSION FEE is attached. This amount is believed to be correct; however, the Commissioner is hereby authorized to charge any deficiency or credit any overpayment to Deposit Account No. 19-0741. If one or more (additional) extension(s) of time is/are required for the filing of this paper, such extension(s) is/are hereby expressly petitioned for and the Commissioner is authorized to charge the required fee to Deposit Account No. 19-0741.

Respectfully submitted,

__Nov. 19, 1999__
Date

Richard C. Peet
Reg. No. 35,792

FOLEY & LARDNER
3000 K Street, NW, Suite 500
Washington, DC 20007-8696
(202) 672-5300
rk:eot

11/22/1999 MMARMOL 00000060 09118867
)1 FC:215                55.00 OP

- 1 -                46585/118

**3-D20**

#72.
Election
11/30/99

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Attorney Docket No. 46585/118

In re patent application of:

**Fahey** *et al.*

Serial No. 09/118,867

Filed: July 20, 1998

For:    CANCER CHEMOPROTECTIVE FOOD PRODUCTS



Group Art Unit: 1651

Examiner:  C. Tate

### RESPONSE TO REQUIREMENT FOR
### RESTRICTION AND ELECTION OF SPECIES

Assistant Commissioner for Patents
Washington, D.C.  20231

Sir:

In response to the Office Action mailed September 21, 1999 (Paper No. 9), applicants hereby elect with traverse Group III, claims 91-98.  Applicants respectfully submit that the pending claims do not require restriction because examination of all of the pending claims would not require additional searches or otherwise place a serious burden on the examiner.  See MPEP 803.

In addition, the Examiner has indicated that Applicants are required to elect a species with the claims of Group III.  Applicants elect species (b), *i.e.*, cruciferous seeds, with traverse.  Again, Applicants respectfully submit that the an election of species is not required because the pending claims do not require any unduly extensive or burdensome search, or otherwise place a serious burden on the examiner.  See MPEP 808.01(a).

Serial No. 09/118,867                                  Attorney Docket No. 046585/118
_____

An early and favorable action on the merits is earnestly solicited.


                                                 Respectfully submitted,


*November 19, 1999*                              *Richard C. Peet*
Date                                             Richard C. Peet
                                                 Reg. No. 35,792



FOLEY & LARDNER
3000 K Street, NW
Washington Harbour, Suite 500
Washington, DC  20007
Tel:  (202) 672-5300
Fax:  (202) 672-5399

---

**Should additional fees be necessary in connection with the filing of this paper, or if a petition for extension of time is required for timely acceptance of same, the Commissioner is hereby authorized to charge Deposit Account No. 19-0741 for any such fees.**

---

-2-

3-D22



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address:    COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

√,S

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | | ATTORNEY DOCKET NO. |
|---|---|---|---|---|
| 09/118,867 | 07/20/98 | FAHEY | J | 0465585/0118 |

```
┌                              ┐   IM22/0214
    FOLEY & LARDNER
    3000 K STREET NW STE 500
    WASHINGTON DC 20007-5109
└                              ┘
```

| EXAMINER |
|---|
| HENDRICKS, K |

| ART UNIT | PAPER NUMBER |
|---|---|
| 1761 | 12 |

DATE MAILED:    02/14/00

**Please find below and/or attached an Office communication concerning this application or proceeding.**

Commissioner of Patents and Trademarks

PTO-90C (Rev. 2/95)                                                              1- File Copy

**3-D23**

| **Office Action Summary** | Application No. | Applicant(s) |
|---|---|---|
| | 09/118,867 | |
| | Examiner | Group Art Unit |

*—The MAILING DATE of this communication appears on the cover sheet beneath the correspondence address—*

**Period for Response**

A SHORTENED STATUTORY PERIOD FOR RESPONSE IS SET TO EXPIRE ___3___ MONTH(S) FROM THE MAILING DATE OF THIS COMMUNICATION.

- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a response be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If the period for response specified above is less than thirty (30) days, a response within the statutory minimum of thirty (30) days will be considered timely.
- If NO period for response is specified above, such period shall, by default, expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to respond within the set or extended period for response will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).

**Status**

- ☒ Responsive to communication(s) filed on _11-19-99_
- ☐ This action is **FINAL**.
- ☐ Since this application is in condition for allowance except for formal matters, **prosecution as to the merits is closed** in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 1 1; 453 O.G. 213.

**Disposition of Claims**

- ☒ Claim(s) _69-101 & 48-54_ is/are pending in the application.
- Of the above claim(s) _48-54_ is/are withdrawn from consideration.
- ☐ Claim(s) _____ is/are allowed.
- ☒ Claim(s) _69-101_ is/are rejected.
- ☐ Claim(s) _____ is/are objected to.
- ☐ Claim(s) _____ are subject to restriction or election requirement.

**Application Papers**

- ☒ See the attached Notice of Draftsperson's Patent Drawing Review, PTO-948.
- ☐ The proposed drawing correction, filed on _____ is ☐ approved ☐ disapproved.
- ☐ The drawing(s) filed on _____ is/are objected to by the Examiner.
- ☐ The specification is objected to by the Examiner.
- ☐ The oath or declaration is objected to by the Examiner.

**Priority under 35 U.S.C. § 119 (a)-(d)**

- ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 11 9(a)-(d).
  - ☐ All ☐ Some* ☐ None of the CERTIFIED copies of the priority documents have been
  - ☐ received.
  - ☐ received in Application No. (Series Code/Serial Number) _____
  - ☐ received in this national stage application from the International Bureau (PCT Rule 1 7.2(a)).
  - *Certified copies not received: _____

**Attachment(s)**

- ☒ Information Disclosure Statement(s), PTO-1449, Paper No(s). _____
- ☐ Notice of References Cited, PTO-892
- ☒ Notice of Draftsperson's Patent Drawing Review, PTO-948
- ☐ Interview Summary, PTO-413
- ☐ Notice of Informal Patent Application, PTO-152
- ☐ Other _____

**Office Action Summary**

U. S. Patent and Trademark Office
PTO-326 (Rev. 3-97)

Part of Paper No. _13_

Application/Control Number: 09/118,867                     Page 2

Art Unit: 1761

## DETAILED ACTION

### Election/Restriction

Applicant's election with traverse of Group III, claims 91-98 in Paper No. 12 is acknowledged. The traversal is on the ground(s) that "the pending claims would not require additional searches... or a serious burden".

Upon reconsideration of the restriction requirement, it is partially agreed that the pending claims of Groups II-IV would not require additional searches, as they overlap and include extracts of cruciferous seeds/sprouts. As applicant has elected group III drawn to the extracts, additional claims 69-90 and 99-101, as they read upon the extracts and their incorporation into food products, will be examined as well. In total, claims 69-101, as they read upon the extracts and their incorporation into food products, will be examined herein.

### Claim Rejections - 35 USC § 112

The following is a quotation of the second paragraph of 35 U.S.C. 112:

> The specification shall conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the applicant regards as his invention.

Claims 69-101 are rejected under 35 U.S.C. 112, second paragraph, as being indefinite for failing to particularly point out and distinctly claim the subject matter which applicant regards as the invention.

The claims, regardless of the restriction requirement, are indefinite for the recitation of, "said sprout", at line 3 of claim 69 for example. The claims recite that the source may be a seed or sprout (of the extract as elected), then apparently attempt to limit the claim to only the sprout. Grammatical clarification is suggested.

Application/Control Number: 09/118,867

Art Unit: 1761

### Double Patenting

The nonstatutory double patenting rejection is based on a judicially created doctrine grounded in public policy (a policy reflected in the statute) so as to prevent the unjustified or improper timewise extension of the "right to exclude" granted by a patent and to prevent possible harassment by multiple assignees. See *In re Goodman*, 11 F.3d 1046, 29 USPQ2d 2010 (Fed. Cir. 1993); *In re Longi*, 759 F.2d 887, 225 USPQ 645 (Fed. Cir. 1985); *In re Van Ornum*, 686 F.2d 937, 214 USPQ 761 (CCPA 1982); *In re Vogel*, 422 F.2d 438, 164 USPQ 619 (CCPA 1970);and, *In re Thorington,* 418 F.2d 528, 163 USPQ 644 (CCPA 1969).

A timely filed terminal disclaimer in compliance with 37 CFR 1.321(c) may be used to overcome an actual or provisional rejection based on a nonstatutory double patenting ground provided the conflicting application or patent is shown to be commonly owned with this application. See 37 CFR 1.130(b).

Effective January 1, 1994, a registered attorney or agent of record may sign a terminal disclaimer. A terminal disclaimer signed by the assignee must fully comply with 37 CFR 3.73(b).

Claims 69-98 and 101 are rejected under the judicially created doctrine of double patenting over claims 7-8 and 14-16 of U. S. Patent No. 5,725,895, and claims 9-18 of U.S. Patent No. 5,968,567, since the claims, if allowed, would improperly extend the "right to exclude" already granted in the patent.

The subject matter claimed in the instant application is fully disclosed in the patent and is covered by the patent since the patent and the application are claiming common subject matter, as follows: methods of producing the extract from cruciferous sprouts/seeds, the extract itself, and methods of preparing food products containing said extract compositions. These are not patentably distinct inventions.

Furthermore, there is no apparent reason why applicant was prevented from presenting claims corresponding to those of the instant application during prosecution of the application which matured into a patent. See *In re Schneller*, 397 F.2d 350, 158 USPQ 210 (CCPA 1968). See also MPEP § 804.

*GP1761#*
*14*
*T.W.*

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Attorney Docket No. 46585/118

*C-21-00*

In re patent application of:

**Fahey _et al._**

Serial No. 09/118,867

Filed: July 20, 1998

For:     CANCER CHEMOPROTECTIVE FOOD PRODUCTS

Group Art Unit: 1761

Examiner: Hendricks, K.

### PETITION FOR EXTENSION OF TIME
### UNDER 37 C.F.R. § 1.136

Assistant Commissioner for Patents
Washington, D.C.  20231

Sir:

It is respectfully requested that an extension of time for the period indicated below be granted in accordance with the provisions of 37 C.F.R. § 1.136 to take the action required in the application identified in caption, as reflected by the papers submitted herewith.

| | | |
|---|---|---|
| xx First Month | $110($ 55)* | |
| ___Second Month | $270($135)* | |
| ___Third Month | $490($245)* | |
| ___Fourth Month | $490($245)* | |

*_(Small Entity)_TOTAL FEE:  $ 55.00

The Commissioner is hereby authorized to charge the above-referenced fee to Deposit Account No. 19-0741.  If one or more (additional) extension(s) of time is/are required for the filing of this paper, such extension(s) is/are hereby expressly petitioned for and the Commissioner is authorized to charge the required fee to Deposit Account No. 19-0741.

Respectfully submitted,

_June 14, 2000_

Richard C. Peet
Registration No. 35,792

FOLEY & LARDNER
3000 K Street, N.W., Suite 500
Washington, D.C.  20007-5109
Tel: (202) 672-5300
Fax: (202) 672-5399

06/15/2000 SDUONG   00000092 09118867
01 FC:115                110.00 0P

002.351088

**3-D27**

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

**Attorney Docket No. 46585/118**

In re patent application of:

**Fahey** *et al.*

Serial No. 09/118,867

Filed: July 20, 1998

For:   CANCER CHEMOPROTECTIVE FOOD PRODUCTS

Group Art Unit: 1761

Examiner: Hendricks, K.

## AMENDMENT AND REPLY UNDER 37 C.F.R. § 1.111

Commissioner of Patents and Trademarks
Washington, D.C.  20231

Sir:

In reply to the Office Action dated February 14, 2000, please amend the application as set forth below and consider the following Remarks.  A Petition for a one-month extension of time with the requisite fee is attached to extend the time to respond to June 14, 2000, which is within the statutory period.  Should such a request or fee be deficient or absent, consider this paragraph such a request and authorization to charge the appropriate fee under 37 C.F.R. §§ 1.16 to 1.18 to Account No. 19-0741.

## IN THE CLAIMS

Please cancel, without prejudice or disclaimer, claims 48-54 and 59, and amend the remaining claims as follows:

69.     (Amended)   A food product comprising a source of glucosinolates or isothiocyanates, wherein said glucosinolate or isothiocyanate source is a cruciferous seed or cruciferous sprout, or extract [thereof] of said seed or sprout, and wherein said sprout is (A) harvested between the onset of germination up to and including the 2-leaf stage, and (B) not a *Brassica oleracea* variety *capitata*, *Lepidium sativum*, *Sinapis alba*, *Sinapis nigra*, or *Raphanus sativus* sprout.

Serial No. 09/118,867                                    Attorney Docket No. 046585/118

70.    (Amended)    A food product according to claim 69, wherein said [sprouts have] sprout has at least 200,000 units per gram fresh weight of Phase 2 enzyme-inducing potential when measured after [3-days] 3 days of growth from seeds that produce said sprouts.

71.    (Amended)    A food product according to claim 69, wherein said [sprouts have] sprout has at least 250,000 units per gram fresh weight of Phase 2 enzyme-inducing potential when measured after [3-days] of growth from seeds that produce said sprouts.

72.    (Amended)    A food product according to claim 69, wherein said [sprouts have] sprout has at least 300,000 units per gram fresh weight of Phase 2 enzyme-inducing potential when measured after [3-days] 3 days of growth from seeds that produce said sprouts.

73.    (Amended)    A food product according to claim 69, wherein said [sprouts have] sprout has at least 350,000 units per gram fresh weight of Phase 2 enzyme-inducing potential when measured after [3-days] 3 days of growth from seeds that produce said sprouts.

74.    (Amended)    A food product according to claim 69, wherein said [sprouts have] sprout has at least 400,000 units per gram fresh weight of Phase 2 enzyme-inducing potential when measured after [3-days] 3 days of growth from seeds that produce said sprouts.

75.    (Amended)    A food product according to claim 69, wherein said [sprouts have] sprout has at least 450,000 units per gram fresh weight of Phase 2 enzyme-inducing potential when measured after [3-days] 3 days of growth from seeds that produce said sprouts.

76.    (Amended)    A food product according to claim 69, wherein said [sprouts have] sprout has at least 500,000 units per gram fresh weight of Phase 2 enzyme-inducing potential when measured after [3-days] 3 days of growth from seeds that produce said sprouts.

78.    (Amended)    The food product according to claim 77, wherein said [sprouts are] sprout is *Brassica oleracea* variety *italica*.

-2-

Serial No. 09/118,867                                    Attorney Docket No. 046585/118

79.  (Amended)  The food product according to claim 77, wherein said [sprouts are] sprout is *Brassica oleracea* variety *botrytis*.

80.  (Amended)  The food product according to claim 77, wherein said [sprouts are] sprout is *Brassica oleracea* variety *botrytis* subvariety *cauliflora*.

99.  (Amended)  A pill or tablet comprising a cruciferous seed or cruciferous sprout, or extract [thereof] of said seed or sprout, wherein said sprout is harvested between the onset of germination up to and including the 2-leaf stage.

101.  (Amended)  A food product comprising at least two varieties of cruciferous seed or cruciferous sprout, or extract [thereof] of said seed or sprout, wherein said sprout is (A) harvested between the onset of germination up to and including the 2-leaf stage, and (B) not a *Brassica oleracea* variety *capitata*, *Lepidium sativum*, *Sinapis alba*, *Sinapis nigra*, or *Raphanus sativus* sprout.

## Introduction

This communication replies to the Office Action mailed February 14, 2000.  Claims 69-76, 78-80, 99 and 101 are amended to correct inadvertent typographical and grammatical errors.  Claims 69 and 101 are amended to follow the custom of using the word "variety" in designating the variety of *Brassica oleracea* as in claims 78 and 79. Claims 48-54 and 59 are cancelled, without prejudice or disclaimer.

Applicants note that the outstanding Office Action indicates that only claims 48-54 and 69-101 are pending.  Applicants note, however, claim 59 also was pending in the present application.  Because claim 59 is directed to cruciferous sprouts, Applicants assume that this claim would be placed in Group I and withdrawn from consideration. Accordingly, Applicants have cancelled claim 59.

Upon entry of the foregoing amendments, claims 69-101 are present for examination.  Claims 1-68 are canceled without prejudice or disclaimer.  Claims 48-54 and 59 were withdrawn from consideration.  In view of the foregoing amendments and

-3-

Serial No. 09/118,867                    Attorney Docket No. 046585/118

subsequent remarks, Applicants respectfully request reconsideration of the present application.

**Election/Restriction**

In Paper No. 9, the claims of the present application were restricted into the following four groups:

> (I)    Claims 48-54 – cruciferous sprouts;
>
> (II)   Claims 69-90 and 101 – food products obtainable from cruciferous sprouts, cruciferous seeds, or extracts thereof;
>
> (III)  Claims 91-98 – nontoxic solvent extracts; and
>
> (IV)   Claims 99-100 – pills or tablets comprising a cruciferous seed or cruciferous sprout, or extract thereof.

Additionally, the claims of Groups II and III were subject to an election of species requirement. In particular, the claims of Groups II and III were divided into the following species:

> (a)    a cruciferous sprout;
> (b)    a cruciferous seed; and
> (c)    extracts of a cruciferous seed and/or sprout.

In Paper No. 12, filed November 19, 1999, Applicants elected with traverse examination of the claims of Group III, claims 91-98. In addition, Applicants elected examination of species (b), cruciferous seeds.

The present Action indicates that, upon reconsideration, the foregoing restriction has been partially withdrawn. Specifically, the Examiner has agreed to examine the claims of Groups II, III and IV, claims 69-101 as they read upon the extracts and their incorporation into food products. It appears, however, that the election of species requirement has been maintained. Since the examiner indicates in Paper No. 12 that the claims are free of the prior art, the Examiner is obligated to examine the claims of Groups II, III and IV wherein the glucosinolate or isothiocyanate source is a cruciferous sprout or seed. See CFR §1.141. Accordingly, claims 69-101, are being examined, and that claims 48-54 and 59 are withdrawn from consideration.

-4-

Serial No. 09/118,867                    Attorney Docket No. 046585/118

**Examiner's Rejections**

Rejections Under 35 U.S.C. § 112, Second Paragraph

Claims 69-101 stand rejected under 35 U.S.C. § 112, second paragraph, as indefinite. The Action states that the claims are rendered indefinite because of the recitation of "said sprout," at, for example, line 3 of claim 69. According to the Examiner, "[t]he claims recite that the source may be a seed or sprout (of the extract as elected), then apparently attempt to limit the claims to only the sprout. Grammatical clarification is suggested." Action at p. 2.

Applicants respectfully submit that the claims meet the requirements of 35 U.S.C § 112, second paragraph. Contrary to the Examiner's position, the claims do not recite that the source of glucosinolates or isothiocyanates may be a seed or sprout, and then attempt to limit the claims to only the sprout. Rather, the wherein clause noted by the examiner ("wherein the sprout ...") *further defines* the sprout that may be the source of glucosinolates or isothiocyanates. It does not operate to limit the scope of the claims to only sprouts.

Turning to claim 69 as an example, Applicants position may be clarified. Claim 69 recites:

> A food product comprising a source of glucosinolates or isothiocyanates, wherein said glucosinolate or isothiocyanate source is a cruciferous seed or cruciferous sprout, or extract of said seed or sprout, and wherein said sprout is (A) harvested between the onset of germination up to and including the 2-leaf stage, and (B) not a *Brassica oleracea* variety *capitata*, *Lepidium sativum*, *Sinapis alba*, *Sinapis nigra*, or *Raphanus sativus* sprout.

Claim 69 recites a food product. The claimed food product comprises a source of glucosinolates or isothiocyanates. The source of the glucosinolates or isothiocyanates is (1) a cruciferous seed, (2) a cruciferous sprout, or (3) an extract of the cruciferous seed and/or cruciferous sprout. Claim 69 also contains a "wherein" clause which operates to further define the features of the cruciferous sprout. In particular, it is recited that the cruciferous sprout possess the following characteristics: (A) it is harvested between the onset of germination up to and including the 2-leaf stage, and (B) it is not a *Brassica oleracea* variety *capitata*, *Lepidium sativum*, *Sinapis alba*, *Sinapis nigra*, or *Raphanus sativus* sprout.

-5-

Serial No. 09/118,867                                    Attorney Docket No. 046585/118

The second "wherein" clause in claim 69 <u>does not</u> recite that the source of glucosinolates or isothiocyanates **is** a cruciferous sprout; it recites the features by which the cruciferous sprout is defined.

In view of the foregoing, Applicants submit that claims 69-101 particularly point out and distinctly claim the subject matter that Applicants regard as their invention. Therefore, claims 69-101 meet the requirements of 35 U.S.C. § 112, second paragraph. Applicants courteously request that the Examiner reconsider and withdraw the rejection of claims 69-101.

<u>Double Patenting Rejection</u>

Claims 69-98 and 101 stand rejected under the judicially created doctrine of obviousness type double patenting over claims 7-8 and 14-16 of U.S. Patent No. 5,725,895 and claims 9-18 of U.S. Patent No. 5,968,567. Claims 99-100 also stand rejected under the judicially created doctrine of obviousness type double patenting over claims 7-8 and 14-16 of U.S. Patent No. 5,725,895 and claims 9-18 of U.S. Patent No. 5,968,567. The Examiner's grounds for these rejections are set forth on pages 3 and 4 of the Action.

In response to the rejection over U.S. Patent No. 5,968,567, Applicants herewith submit a Terminal Disclaimer, as Exhibit A, disclaiming any patent term that extends beyond the term of U.S. Patent No. 5,968,567, which contains a food product claim.

Applicants do not agree with the basis of the Examiner's obvious-type double patenting rejection over U.S. Patent No. 5,725,895. The present application is a divisional of U.S. Application Serial No. 08/840,234, filed April 11, 1997, that issued as U.S. Patent No. 5,968,567, which is a continuation of U.S. Application Serial No. 08/528,858, filed September 15, 1995 that issued as U.S. Patent No. 5,725,895. The claims of this latter application are the subject of a pending reexamination designated as U.S. Serial No. 90/005,530, and therefore, the final issued claims have not been determined.

Additionally, Applicants direct the Examiner's attention to Exhibit B, that sets forth the Restriction Requirement issued on September 3, 1996 in U.S. Serial No. 08/528,858. This document shows that Group II with claims directed to a solvent extract of cruciferous sprouts was held to be patentably distinct from Group III with claims directed to a method of

-6-

Serial No. 09/118,867                    Attorney Docket No. 046585/118

preparing food products rich in glucosinolates. The claims of Group III have issued in both U.S. Patent No. 5,725,895 and U.S. Patent No. 5,968,567. The present application is a divisional application of U.S. Patent No. 5,968,567, which is a continuation of U.S. Patent No. 5,725,895, and therefore, the Examiner cannot now state that claims that were previously considered to be patentably distinct are now obvious over each other. In view of these arguments, Applicants respectfully submit that the rejection of claims 69-98 and 101 on the grounds of obvious-type double patenting should be withdrawn in regard to U.S. Patent No. 5,725,895. In regard to the rejection of claims 69-98 and 101 on the grounds of obvious-type double patenting over U.S. Patent No. 5,968,567, the enclosed terminal disclaimer obviates this rejection.

**Conclusion**

In view of the foregoing amendments and remarks, Applicants submit that the present claims are in condition for allowance. An early notice in this regard is respectfully requested. Should the Examiner have any questions regarding the present application or believe that further discussion will advance prosecution, the Examiner is invited to contact the undersigned at the number listed below.

Respectfully submitted,

June 14, 2000
_____
Date

Richard C. Peet
Reg. No. 35,792

Foley & Lardner
3000 K Street, NW
Washington Harbour, Suite 500
Washington, DC 20007
Tel: (202) 672-5300
Fax: (202) 672-5399

-7-

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Attorney Docket No. 046585/0118

*In re* patent application of

Jed FAHEY *et al.*

Serial No. 09/118,867

Filed July 20, 1998

For:    CANCER CHEMOPROTECTIVE FOOD PRODUCTS

Art Unit:  1761

Examiner: K. Hendricks

# 16
6/27/00

## TERMINAL DISCLAIMER

Assistant Commissioner for Patents
Washington, D.C. 20231

Sir:

Your Petitioner, JOHNS HOPKINS SCHOOL OF MEDICINE, 2024 E. Monument Street, Suite 2-100, Baltimore, Maryland 21205, represents that it is the owner of the entire right, title, and interest in and to U.S. Patent Application Serial No. 09/118,867, filed July 20, 1998.  Further, your Petitioner represents that it is the owner of U.S. Patent No. 5,968,567, which issued on U.S. Patent Application Serial No. 08/840,234, filed April 11, 1997, which is a continuation of 08/528,858, filed April 15, 1995, as evidenced by the Assignment recorded at the USPTO, Reel 7694, Frame 0746 (copy attached as Exhibit 1). Your Petitioner hereby disclaims the terminal part of the term of any patent granted on the above-identified application which would extend beyond the full statutory term of U.S. Patent No. 5,968,567, and hereby agrees that any patent so granted on the above-identified application shall be enforceable only for and during such period that the legal title to said patent shall be the same as the legal title to U.S. Patent No. 5,968,567, this agreement to run with any patent granted on the above-identified application and to be binding upon the grantee, its successors or assigns.

In making the above disclaimer, Petitioner does not disclaim any terminal part of any patent granted on the above-identified application, prior to the full statutory term of U.S. Patent No. 5,968,567, as defined in 35 USC §§154-156 and 173, in the event that U.S. Patent No. 5,968,567, expires or its failure to pay a maintenance fee, is held unenforceable or is found

08/25/2000 DWN01 5,968,567 expires for failure to pay a maintenance fee, is held unenforceable or is found
01 FC:148      110.00 CH

**3-D35**

Serial No. 09/118,867

invalid in a final judgment by a court of competent jurisdiction, is statutorily disclaimed in whole or terminally disclaimed under 37 CFR §1.321(a), has all claims canceled by a reexamination certificate or as a result of an interference proceeding, or is otherwise deemed not to provide the rights conveyed by 35 USC §154 prior to the full statutory term of U.S. Patent No. 5,968,567, as defined in 35 USC §§154-156 and 173, except for the separation of legal title stated above. Further, Petitioner does not disclaim any extension or restoration of term relating to any patent granted on the above-identified application, which extension or restoration is effected under 35 U.S.C. §§155, 155A or 156 or any other applicable statute. The undersigned, being the Attorney of Record for the above-identified application and duly authorized to act on behalf of Petitioner, certifies to the best of his knowledge and belief, legal title in the above-identified application rests with Petitioner.

   The undersigned declares that all statements made herein of his own knowledge are true and that all statements made on information and belief are believed to be true; and further that these statements were made with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment, or both, under Section 1001, Title 18 of the United States Code, and that such willful false statements may jeopardize the validity of the above-identified application or any patent issuing therefrom.

Respectfully submitted,

Date: _June 14, 2000_                    By: _Richard C. Peet_
                                              Richard C. Peet
                                              Registration No.: 35,792

Foley & Lardner
3000 K Street, N.W.
Suite 500
Washington, D.C. 20007
Tel: (202) 672-5300
Fax: (202) 672-5399

002.351253

-2-

**3-D36**

JHU-TECHNOLOGY LICENSING TEL: 410-955-1245          Apr  4.97 15:13 No.006 P.02



**UNITED STATES DEPARTMENT OF COMMERCE**
Patent and Trademark Office
ASSISTANT SECRETARY AND COMMISSIONER
OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

MARCH 14, 1996                                    PTAS

B SAXE
FOLEY & LARDNER
P.O. BOX 25696
3000 K STREET, N.W., SUITE 500
WASHINGTON, D.C.  20007-5109

*100091892A*

MAR 20 1996

UNITED STATES PATENT AND TRADEMARK OFFICE
NOTICE OF RECORDATION OF ASSIGNMENT DOCUMENT

THE ENCLOSED DOCUMENT HAS BEEN RECORDED BY THE ASSIGNMENT DIVISION OF THE
U.S. PATENT AND TRADEMARK OFFICE.  A COMPLETE MICROFILM COPY IS AVAILABLE
AT THE ASSIGNMENT SEARCH ROOM ON THE REEL AND FRAME NUMBER REFERENCED
BELOW.

PLEASE REVIEW ALL INFORMATION CONTAINED ON THIS NOTICE.  THE INFORMATION
CONTAINED ON THIS RECORDATION NOTICE REFLECTS THE DATA PRESENT IN THE
PATENT AND TRADEMARK ASSIGNMENT SYSTEM.  IF YOU SHOULD FIND ANY ERRORS OR
HAVE QUESTIONS CONCERNING THIS NOTICE, YOU MAY CONTACT THE EMPLOYEE WHOSE
NAME APPEARS ON THIS NOTICE AT 703-308-9723.  PLEASE SEND REQUEST FOR
CORRECTION TO:  U.S. PATENT AND TRADEMARK OFFICE, ASSIGNMENT DIVISION,
BOX ASSIGNMENTS, NORTH TOWER BUILDING, SUITE 10C35, WASHINGTON, D.C. 20231.

RECORDATION DATE: 09/15/1995          REEL/FRAME: 7694/0746
                                      NUMBER OF PAGES: 2

BRIEF:  ASSIGNMENT OF ASSIGNOR'S INTEREST (SEE DOCUMENT FOR DETAILS).

ASSIGNOR:
    FAHEY, JED W.                     DOC DATE: 09/13/1995

ASSIGNOR:
    TALALAY, PAUL                     DOC DATE: 09/13/1995

ASSIGNEE:
    JOHNS HOPKINS SCHOOL OF MEDICINE
    2024 E. MONUMENT STREET, SUITE 2-100
    BALTIMORE, MARYLAND 21205

SERIAL NUMBER: 08528858               FILING DATE: 09/15/1995
PATENT NUMBER:                        ISSUE DATE:

SEDLEY PYNE, EXAMINER
ASSIGNMENT DIVISION
OFFICE OF PUBLIC RECORDS

3-D37

JHU-TECHNOLOGY LICENSING TEL: 410-955-1345    Apr  4.97 15:13 No.006 P.03

FORM PTO-1595 (modified)
(Rev. 6-93)
OMB No. 0651-0011 (exp. 4/94)

11-21-1995

U.S. DEPARTMENT...
Patent...

11/15/95

100201892... original documents or copy thereof.

**To the Honorable Commissioner of Patents and T...**

| 1. Name of conveying party(ies): | 2. Name and address of receiving party(ies): |
|---|---|
| Jed W. FAHEY, Paul TALALAY | Name: Johns Hopkins School of Medicine |
| Additional name(s) of conveying party(ies) attached? No | Internal Address: |
| | Street Address: 2024 E. Monument Street, Suite 2-100 |
| | City: Baltimore, State: MD ZIP: 21205 |

| 3. Nature of conveyance: | |
|---|---|
| XX  Assignment | Merger |
| Security Agreement | Change of Name |
| Other | |
| | Additional name(s) & address(es) attached? No |
| Execution Date: 09-13-95 | |

**4. Application number(s) or patent number(s):**

If this document is being filed together with a new application, the execution date of the application is: 09-13-95

A. Patent Application No.(s) ____    B. Patent No.(s) ____

Additional numbers attached? No

| 5. Name and address of party to whom correspondence concerning document should be mailed: | 6. Total number of applications and patents involved: 1 |
|---|---|
| Name: FOLEY & LARDNER - Attn: B. Saxe | 7. Total fee (37 C.F.R. § 3.41)...... $40.00 |
| Internal Address: P.O. Box 25696 | XX  Enclosed |
| Street Address: 3000 K Street, N.W., Suite 500 | ☐  Authorized to be charged to deposit account |
| City: Washington, D.C.    ZIP: 20007-5109 | 8. Deposit account number: |
| | (Attach duplicate copy of this page if paying by deposit account) |

**DO NOT USE THIS SPACE**

110 MG 10/11/95 08528858    1 581    40.00 CK

**9. Statement and signature.**
To the best of my knowledge and belief, the foregoing information is true and correct and any attached copy is a true copy of the original document.

Bernhard D. Saxe                          September 15, 1995
Name of Person Signing    Signature    Date

Total number of pages including cover sheet, attachments, and document: 2

Mail documents to be recorded with required cover sheet information to:
Commissioner of Patents & Trademarks, Box Assignments
Washington, D.C.  20231

## ^   IGNMENT - WORLDV   )E

For good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, each undersigned inventor has sold and assigned, and by these presents hereby sells and assigns, unto

### JOHNS HOPKINS SCHOOL OF MEDICINE

its successors and assigns, the entire right, title and interest, so far as concerns the United States and the Territories and Possessions thereof and all foreign countries in and to the invention in

### CANCER CHEMOPROTECTIVE FOOD PRODUCTS

as set forth in his United States Patent Application

XX   executed concurrently herewith
___   executed on _____
___   Serial No. _____ filed _____

said application for United States Letters Patent, including all divisional, renewal, substitute, continuation and Convention applications based in whole or in part upon said inventions or upon said applications, and any and all Letters Patent and reissues and extensions of Letters Patent granted for said inventions or upon said applications and every priority right that is or may be predicated upon or arise from said inventions, said applications, and said Letters Patent; said Assignee being hereby authorized to file patent applications in any or all countries on any or all said inventions in the name of the undersigned or in the name of said Assignee or otherwise as said Assignee may deem advisable, under the International Convention or otherwise; the Commissioner of Patents and Trademarks of the United States of America being hereby authorized to issue or transfer all said Letters Patent to said Assignee in accordance herewith; this assignment being under covenant, not only that full power to make the same is had by the undersigned, but also that such assigned right is not encumbered by any grant, license, or other right theretofore given, and that the undersigned will do all acts reasonably serving to ensure that the said inventions, patent applications and Letters Patent shall be held and enjoyed by said Assignee as fully and entirely as the same could have been held and enjoyed by the undersigned if this assignment had not been made, and particularly to execute and deliver to said Assignee all lawful documents including petitions, specifications, oaths, assignments, invention disclaimers, and lawful affidavits in form and substance which may be requested by said Assignee, to furnish said Assignee with all facts relating to said inventions or the history thereof and any and all documents, photographs, models, samples or other physical exhibits which may be of said inventions, and to testify in any proceedings relating to said inventions, patent applications and Letters Patent.

The undersigned hereby grant the firm of FOLEY & LARDNER the power to insert in this Assignment any further identification which may be necessary or desirable to comply with the rules of the U.S. Patent and Trademark Office for recordation of this Assignment.

| NAMES AND SIGNATURES OF INVENTORS | | | | |
|---|---|---|---|---|
| Name: Jed W. FAHEY | Signature: | *[signature]* | Date: | 9/13/95 |
| Name: Paul TALALAY | Signature: | *Paul Talalay* | Date: | 9/13/95 |
| Name: | Signature: | | Date: | |
| NAMES AND SIGNATURES OF WITNESSES | | | | |
| Name: RUTH DILLINGER | Signature: | *[signature]* | Date: | 9/13/95 |
| Name: SHARON KERRY | Signature: | *[signature]* | Date: | 9-13-95 |

Note: Prima facie evidence of execution may optionally be obtained by execution of this document before a U.S. Consul or before a local officer authorized to administer oaths whose authority is proved by a certificate from a U.S. Consul.

IPT-407:4/90(1)(modified)



**UNITED STATES    PARTMENT OF COMMERCE**
Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| APPLICATION NUMBER | FILING DATE | FIRST NAMED APPLICANT | ATTORNEY DOCKET NO. |
|---|---|---|---|

08/628 853    03/15/96    FAHEY                    0    46528/102/30

| | EXAMINER |
|---|---|
| | MURPHY |

FOLEY AND LARDNER
3000 K STREET NW                13M1/0900
SUITE 500
WASHINGTON DC 20007-5109

| ART UNIT | PAPER NUMBER |
|---|---|
| 1302 | 4 |

SEP ~ 4 1996    DATE MAILED: 09/03/96

OIPE JC66
JUN 14 2000
PATENT & TRADEMARK OFFICE

This is a communication from the examiner in charge of your application.
COMMISSIONER OF PATENTS AND TRADEMARKS

## OFFICE ACTION SUMMARY

RESPONSE DUE 10/3/96
Restr./DIV

☐ Responsive to communication(s) filed on _____

☐ This action is FINAL.

☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 D.C. 11; 453 O.G. 213.

A shortened statutory period for response to this action is set to expire _____ month(s), or thirty days, whichever is longer, from the mailing date of this communication. Failure to respond within the period for response will cause the application to become abandoned. (35 U.S.C. § 133). Extensions of time may be obtained under the provisions of 37 CFR 1.136(a).

**Disposition of Claims**

☑ Claim(s) _____ 1-47 _____ is/are pending in the application.

☐ Of the above, claim(s) _____ is/are withdrawn from consideration.

☐ Claim(s) _____ is/are allowed.

☐ Claim(s) _____ is/are rejected.

☐ Claim(s) _____ is/are objected to.

☑ Claims _____ 1-47 _____ are subject to restriction or election requirement.

**Application Papers**

☐ See the attached Notice of Draftsperson's Patent Drawing Review, PTO-948.

☐ The drawing(s) filed on _____ is/are objected to by the Examiner.

☐ The proposed drawing correction, filed on _____ is ☐ approved ☐ disapproved.

☐ The specification is objected to by the Examiner.

☐ The oath or declaration is objected to by the Examiner.

**Priority under 35 U.S.C. § 119**

☐ Acknowledgement is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d).

☐ All ☐ Some* ☐ None   of the CERTIFIED copies of the priority documents have been
   ☐ received.
   ☐ received in Application No. (Series Code/Serial Number) _____
   ☐ received in this national stage application from the International Bureau (PCT Rule 17.2(a)).

*Certified copies not received: _____

☐ Acknowledgement is made of a claim for domestic priority under 35 U.S.C. § 119(e).

**Attachment(s)**

☐ Notice of Reference Cited, PTO-892

☐ Information Disclosure Statement(s), PTO-1449, Paper No(s). _____

☐ Interview Summary, PTO-413

☐ Notice of Draftsperson's Patent Drawing Review, PTO-948

☐ Notice of Informal Patent Application, PTO-152

-- SEE OFFICE ACTION ON THE FOLLOWING PAGES --

PTOL-326 (Rev. 10/95)                                    * U.S. GPO: 1996-405-7

RECEIVED
JUN 14 2001
TC 1700 MAIL ROOM

Serial Number: 08/528858                                      Page 2

Art Unit: 1302

## DETAILED ACTION

### *Election/Restriction*

Restriction to one of the following inventions is required under 35 U.S.C. 121:

I.    Claims 1-6 and 12-16, drawn to cruciferous sprouts, classified in class 800,

subclass 200.

II.   Claims 7-10 and 17-20, drawn to a solvent extract of cruciferous sprouts,

classified in class 530, subclass 370.

III.  Claims 21-26, 28-34, and 36-38, drawn to a method of preparing a food product

rich in glucosinolates, classified in class 426, subclass 049.

IV.   Claims 27, 35, 42, 44, and 47, drawn to a food product rich in glucosinolates,

classified in class 426, subclass 615.

V.    Claims 39 and 40, drawn to a method of reducing the level of carcinogens in a

mammal, classified in class 514, subclass 514.

VI.   Claim 41, drawn to a method of extracting glucosinolates and isothiocyanates from

plant tissue, classified in class 530, subclass 370.

VII.  Claims 11, 43, and 45, drawn to a method of increasing the chemoprotective

amount of Phase 2 enzymes in a mammal, classified in class 514, subclass 002+.

VIII. Claim 46, drawn to cruciferous sprouts, classified in class 800, subclass 200.

The inventions are distinct, each from the other because of the following reasons:

Serial Number: 08/528858

Art Unit: 1302

As between the subject matter of the claims of Group I and claims of Groups II, III, IV V, VI, VII, and VIII; as between the subject matter of the claims of Group II and the claims of Groups III, IV, V, VI, VII, and VIII; as between the subject matter of the claims of Group III and the claims of Groups IV, V, VI, VII, and VIII; as between the subject matter of the claims of Group V and the claims of Groups VI, VII, and VIII; as between the subject matter of the claims of Group VI and the claims of Groups VII and VIII; and as between the subject matter of the claims of Group VII and Group VIII, it is considered that each set of claims to the other are drawn to mutually exclusive subject matter. The requirements of one set of claims to the other are not mandatory.

Because these inventions are distinct for the reasons given above and have acquired a separate status in the art as shown by their different classification and their recognized divergent subject matter, restriction for examination purposes as indicated is proper.

Applicant is advised that the response to this requirement to be complete must include an election of the invention to be examined even though the requirement be traversed (37 CFR 1.143).

Applicant is reminded that upon the cancellation of claims to a non-elected invention, the inventorship must be amended in compliance with 37 CFR 1.48(b) if one or more of the currently named inventors is no longer an inventor of at least one claim remaining in the application. Any amendment of inventorship must be accompanied by a diligently-filed petition under 37 CFR 1.48(b) and by the fee required under 37 CFR 1.17(h).

Serial Number: 08/528858                                    Page 4

Art Unit: 1302

     Any inquiry concerning this communication or earlier communications from the examiner

should be directed to Leslie Wong whose telephone number is (703) 308-1979.

**LESLIE WONG**
**PRIMARY EXAMINER**
**GROUP 1300**

LAW

August 29, 1996

# IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

ATTY. DOCKET NO. 046585/0118

In re Patent Application of

Jed W. FAHEY, *et al.*

Serial No. 09/118,867

Filed: July 20, 1998

Title:    CANCER CHEMOPROTECTIVE FOOD PRODUCTS

Examiner Keith Hendricks

Group Art Unit: 1761

RECEIVED
AUG 23 2000
TECHNOLOGY CENTER 1700

## ASSOCIATE POWER OF ATTORNEY

Assistant Commissioner for Patents
Washington, D.C.  20231

Sir:

      The undersigned attorney of record hereby grants the following attorney(s)/agent(s) an associate power to prosecute the above-identified application and transact all business in the Patent and Trademark Office connected therewith:

**Richard C. Peet, Registration No. 35,792**

      All correspondence should continue to be sent to the associate attorney at the below address.

Respectfully submitted,

Aug. 23, 2000
Date

Bernhard D. Saxe
Registration No. 28,665

Foley & Lardner
3000 K Street, N.W., Suite 500
Washington, D.C.  20007-5109
Phone: (202) 672-5300
Fax: (202) 672-5399

002.250737IN THE
UNITED STATES

UNITED STATES DEPARTMENT OF COMMERCE
Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| APPLICATION NUMBER | FILING DATE | FIRST NAMED APPLICANT | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 09/118,867 | 07/20/98 | FAHEY | J    0465585/0118 |

IM22/0829

FOLEY & LARDNER
3000 K STREET NW STE 500
WASHINGTON DC 20007-5109

| EXAMINER |
|---|
| HENDRICKS, K |

| ART UNIT | PAPER NUMBER |
|---|---|
| 1761 | 18 |

DATE MAILED:

08/29/00

This is a communication from the examiner in charge of your application.
COMMISSIONER OF PATENTS AND TRADEMARKS

## NOTICE OF ALLOWABILITY

All claims being allowable, PROSECUTION ON THE MERITS IS (OR REMAINS) CLOSED in this application. If not included herewith (or previously mailed), a Notice of Allowance and Issue Fee Due or other appropriate communication will be mailed in due course.

[X] This communication is responsive to _amendment and terminal disclaimer_

[X] The allowed claim(s) is/are _69-101_

[ ] The drawings filed on _____ are acceptable.

[ ] Acknowledgement is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d).

    [ ] All [ ] Some* [ ] None of the CERTIFIED copies of the priority documents have been

        [ ] received.

        [ ] received in Application No. (Series Code/Serial Number) _____

        [ ] received in this national stage application from the International Bureau (PCT Rule 17.2(a)).

    *Certified copies not received: _____

[ ] Acknowledgement is made of a claim for domestic priority under 35 U.S.C. § 119(e).

A SHORTENED STATUTORY PERIOD FOR REPLY to comply with the requirements noted below is set to EXPIRE **THREE MONTHS** FROM THE "DATE MAILED" of this Office action. Failure to timely comply will result in ABANDONMENT of this application. Extensions of time may be obtained under the provisions of 37 CFR 1.136(a).

[ ] Note the attached EXAMINER'S AMENDMENT or NOTICE OF INFORMAL APPLICATION, PTO-152, which discloses that the oath or declaration is deficient. A SUBSTITUTE OATH OR DECLARATION IS REQUIRED.

[X] Applicant MUST submit NEW FORMAL DRAWINGS

    [ ] because the originally filed drawings were declared by applicant to be informal.

    [X] including changes required by the Notice of Draftsperson's Patent Drawing Review, PTO-948, attached hereto or to Paper No. _13_.

    [ ] including changes required by the proposed drawing correction filed on _____, which has been approved by the examiner.

    [ ] including changes required by the attached Examiner's Amendment/Comment.

    **Identifying indicia such as the application number (see 37 CFR 1.84(c)) should be written on the reverse side of the drawings. The drawings should be filed as a separate paper with a transmittal letter addressed to the Official Draftsperson.**

[ ] Note the attached Examiner's comment regarding REQUIREMENT FOR THE DEPOSIT OF BIOLOGICAL MATERIAL.

Any reply to this notice should include, in the upper right hand corner, the APPLICATION NUMBER (SERIES CODE/SERIAL NUMBER). If applicant has received a Notice of Allowance and Issue Fee Due, the ISSUE BATCH NUMBER and DATE of the NOTICE OF ALLOWANCE should also be included.

Attachment(s)

[X] Notice of References Cited, PTO-892

[X] Information Disclosure Statement(s), PTO-1449, Paper No(s). _4, 7_

[ ] Notice of Draftsperson's Patent Drawing Review, PTO-948

[ ] Notice of Informal Patent Application, PTO-152

[ ] Interview Summary, PTO-413

[ ] Examiner's Amendment/Comment

[ ] Examiner's Comment Regarding Requirement for Deposit of Biological Material

[ ] Examiner's Statement of Reasons for Allowance

KEITH HENDRICKS
PRIMARY EXAMINER

PTOL-37 (Rev. 8/97)

*U.S. GPO: 1998-433-221/82108

3-D45

***Notice of References Cited***

| Application No. | Applicant(s) |
|---|---|
| 09/118,867 | |
| Examiner | Group Art Unit | Page 1 of 1 |
| 10 | 1761 | |

**U.S. PATENT DOCUMENTS**

| * | | DOCUMENT NO. | DATE | NAME | CLASS | SUBCLASS |
|---|---|---|---|---|---|---|
| | A | | | | | |
| | B | | | | | |
| | C | | | | | |
| | D | | | | | |
| | E | | | | | |
| | F | | | | | |
| | G | | | | | |
| | H | | | | | |
| | I | | | | | |
| | J | | | | | |
| | K | | | | | |
| | L | | | | | |
| | M | | | | | |

**FOREIGN PATENT DOCUMENTS**

| * | | DOCUMENT NO. | DATE | COUNTRY | NAME | CLASS | SUBCLASS |
|---|---|---|---|---|---|---|---|
| | N | | | | | | |
| | O | | | | | | |
| | P | | | | | | |
| | Q | | | | | | |
| | R | | | | | | |
| | S | | | | | | |
| | T | | | | | | |

**NON-PATENT DOCUMENTS**

| * | | DOCUMENT (Including Author, Title, Source, and Pertinent Pages) | DATE |
|---|---|---|---|
| | U | | |
| | V | | |
| | W | | |
| | X | | |

* A copy of this reference is not being furnished with this Office action.
(See Manual of Patent Examining Procedure, Section 707.05(a).)

U.S. Patent and Trademark Office
PTO-892 (Rev. 9-96)

Part of Paper No. 18

*U.S. GPO: 1998-454-457/97506

FORM PTO 948 (REV. 11-97)    U.S. DEPARTMENT OF COMMERCE-Patent and Trademark Office    Application No. 08867

## NOTICE OF DRAFTPERSON'S
## PATENT DRAWING REVIEW

The drawing filed (insert date) 7/20/98 are:

A. _____ not objected to by the Draftperson under 37 CFR 1.84 or 1.152.

B. _____ objected to by the Draftperson under 37 CFR 1.84 or 1.152 as indicated below. The Examiner will require submission of new, corrected drawings when necessary. Corrected drawings must be submitted according to the instructions on the back of this notice.

1. DRAWINGS. 37 CFR 1.84(a): Acceptable categories of drawings:
   Black ink. Color.
   _____ Color drawing are not acceptable until petition is granted.
   _____ Fig.(s)_____
   _____ Pencil and non black ink is not permitted. Fig(s)_____

2. PHOTOGRAPHS. 37 CFR 1.84(b)
   _____ Photographs are not acceptable until petition is granted.
   _____ 3 full-tone sets are required. Fig(s)_____
   _____ Photographs not properly mounted (must bristol board or photographic double-weight paper). Fig(s)_____
   _____ Poor quality (half-tone). Fig(s)_____

3. TYPE OF PAPER. 37 CFR 1.84(e)
   _____ Paper not flexible, strong, white and durable.
   _____ Fig.(s)_____
   X Erasures, alterations, overwritings, interlineations, folds, copy machine marks not acceptable. (too thin)
   _____ Mylar, vellum paper is not acceptable (too thin).
   _____ Fig.(s)_____

4. SIZE OF PAPER. 37 CFR 1.84(F): Acceptable sizes:
   _____ 21.0 cm by 29.7 cm (DIN size A4)
   _____ 21.6 cm by 27.9 cm (8 1/2 x 11 inches)
   _____ All drawings sheets not the same size.
   _____ Sheet(s)_____

5. MARGINS. 37 CFR 18.4(g): Acceptable margins:
   _____ Top 2.5 cm Left 2.5 cm Right 1.5 cm Bottom 1.0 cm
   SIZE: A4 Size
   _____ Top 2.5 cm Left 2.5 cm Right 1.5 cm Bottom 1.0 cm
   SIZE 8 1/2 x 11
   X Margins not acceptable. Fig(s) 1
   _____ Top (T) _____ Left (L)
   _____ Right (R) _____ Bottom (B)

6. VIEWS. CFR 1.84(h)
   REMINDER: Specification may require revision to correspond to drawing changes.
   _____ Views connected by projection lines or lead lines.
   _____ Fig.(s)_____
   Partial views. 37 CFR 1.84(h)(2)
   _____ Brackets needed to show figure as one entity.
   X Fig.(s)_____
   X Views not labeled separately or properly.
   _____ Fig.(s) 2
   _____ Enlarged view not labeled separately or properly.
   _____ Fig.(s)_____

7. SECTIONAL VIEWS. 37 CFR 1.84(h)(3)
   _____ Hatching not indicated for sectional portions of an object.
   _____ Fig.(s)_____
   _____ Sectional designation should be noted with Arabic or Roman numbers. Fig.(s)_____

8. ARRANGEMENT OF VIEWS. 37 CFR 1.84(i)
   _____ Words do not appear on a horizontal, left-to-right fashion when page is either upright or turned, so that the top becomes the right side, except for graphs. Fig.(s)_____
   _____ Views not on the same plane on drawing sheet. Fig.(s)_____

9. SCALE. 37 CFR 1.84(k)
   _____ Scale not large enough to show mechanism without crowding when drawing is reduced in size to two-thirds in reproduction. Fig.(s)_____

10. CHARACTER OF LINES, NUMBERS, & LETTERS. 37 CFR 1.84(l)
    X Lines, numbers & letters not uniformly thick and well defined, clean, durable, and black (poor line quality).
    _____ Fig.(s)_____

11. SHADING. 37 CFR 1.84(m)
    _____ Solid black areas pale. Fig.(s)_____
    _____ Solid black shading not permitted. Fig.(s)_____
    _____ Shade lines, pale, rough and blurred. Fig.(s)

12. NUMBERS, LETTERS, & REFERENCE CHARACTERS.
    37 CFR 1.48(p)
    _____ Numbers and reference characters not plain and legible. Fig.(s)_____
    X Figure legends are poor. Fig.(s) 1, 2
    _____ Numbers and reference characters not oriented in the same direction as the view. 37 CFR 1.84(p)(3) Fig.(s)
    _____ English alphabet not used. 37 CFR 1.84(p)(3) Fig.(s)
    X Numbers, letters and reference characters must be at least .32 cm (1/8 inch) in height. 37 CFR 1.84(p)(3) Fig.(s) 2

13. LEAD LINES. 37 CFR 1.84(q)
    _____ Lead lines cross each other. Fig.(s)_____
    _____ Lead lines missing. Fig.(s)_____

14. NUMBERING OF SHEETS OF DRAWINGS. 37 CFR 1.48(t)
    _____ Sheets not numbered consecutively, and in Arabic numerals beginning with number 1. Fig.(s)_____

15. NUMBERING OF VIEWS. 37 CFR 1.84(u)
    _____ Views not numbered consecutively, and in Arabic numerals, beginning with number 1. Fig.(s)_____

16. CORRECTIONS. 37 CFR 1.84(w)
    _____ Corrections not made from PTO-948 dated_____

17. DESIGN DRAWINGS. 37 CFR 1.152
    _____ Surface shading shown not appropriate. Fig.(s)_____
    _____ Solid black shading not used for color contrast. Fig.(s)_____

COMMENTS

REVIEWER _____ DATE 8/14/98 TELEPHONE NO. 305-8404

ATTACHMENT TO PAPER NO. 13

PTC COPY

**3-D47**



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**

## NOTICE OF ALLOWANCE AND ISSUE FEE DUE

IM22/0029

FOLEY & LARDNER
3000 K STREET NW STE 500
WASHINGTON DC 20007-5109

| APPLICATION NO. | FILING DATE | TOTAL CLAIMS | EXAMINER AND GROUP ART UNIT | | DATE MAILED |
|---|---|---|---|---|---|
| 09/118,867 | 07/20/98 | 033 | HENDRICKS, K | 1761 | 08/29/00 |

| First Named Applicant | FAHEY. | | 35 USC 154(b) term ext. = | 0 Days. |

TITLE OF INVENTION: CANCER CHEMOPROTECTIVE FOOD PRODUCTS

| ATTY'S DOCKET NO. | CLASS-SUBCLASS | BATCH NO. | APPLN. TYPE | SMALL ENTITY | FEE DUE | DATE DUE |
|---|---|---|---|---|---|---|
| 047/5585/0118 | 426-629.000 | P47 | UTILITY | YES | $605.00 | 11/29/00 |

**THE APPLICATION IDENTIFIED ABOVE HAS BEEN EXAMINED AND IS ALLOWED FOR ISSUANCE AS A PATENT. _PROSECUTION ON THE MERITS IS CLOSED._**

**THE ISSUE FEE MUST BE PAID WITHIN _THREE MONTHS_ FROM THE MAILING DATE OF THIS NOTICE OR THIS APPLICATION SHALL BE REGARDED AS ABANDONED. _THIS STATUTORY PERIOD CANNOT BE EXTENDED._**

### HOW TO RESPOND TO THIS NOTICE:

I. Review the SMALL ENTITY status shown above.
  If the SMALL ENTITY is shown as YES, verify your current SMALL ENTITY status:

  A. If the status is changed, pay twice the amount of the FEE DUE shown above and notify the Patent and Trademark Office of the change in status, or
  B. If the status is the same, pay the FEE DUE shown above.

If the SMALL ENTITY is shown as NO:

  A. Pay FEE DUE shown above, or

  B. File verified statement of Small Entity Status before, or with, payment of 1/2 the FEE DUE shown above.

II. Part B-Issue Fee Transmittal should be completed and returned to the Patent and Trademark Office (PTO) with your ISSUE FEE. Even if the ISSUE FEE has already been paid by charge to deposit account, Part B Issue Fee Transmittal should be completed and returned. If you are charging the ISSUE FEE to your deposit account, section "4b" of Part B-Issue Fee Transmittal should be completed and an extra copy of the form should be submitted.

III. All communications regarding this application must give application number and batch number.
  Please direct all communications prior to issuance to Box ISSUE FEE unless advised to the contrary.

**IMPORTANT REMINDER: Utility patents issuing on applications filed on or after Dec. 12, 1980 may require payment of maintenance fees. It is patentee's responsibility to ensure timely payment of maintenance fees when due.**  PATENT AND TRADEMARK OFFICE COPY

PTOL-85 (REV. 10-96) Approved for use through 06/30/99. (0651-0033)

**3-D48**