UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BRASSICA PROTECTION PRODUCTS LLC,

Plaintiff,

-against-

CAUDILL SEED & WAREHOUSE CO., INC.
d/b/a/ CAUDILL SEED CO.,

Defendant.

07 Civ. 7844 (SAS)



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/28/08

## AMENDED STIPULATED PROTECTIVE ORDER

The parties, having agreed that discovery in this case may require disclosure of trade secrets or other confidential research, financial, development or commercial information, and considering the privacy interests in disclosure of this information, and good cause having been shown pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, IT IS HEREBY STIPULATED AND AGREED THAT:

1. Nothing in this Protective Order shall limit or preclude any party from applying to the Court for relief from this Protective Order, or for such further or additional Protective Orders as the Court may deem appropriate.

2. Any party to this action and any non-party from whom discovery is sought in connection with this action (a "Producing Party") may designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" any documents, testimony or other discovery material that contains confidential information, as defined below.

3. All non-public discovery material exchanged between the parties in this action, whether designated under provisions of this Protective Order or not, shall not be used for any business, commercial, competitive, personal or other purpose, and shall be used for purposes of this action only.

A/72435438.2

4. "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" material as used in this Protective Order shall refer to any so designated document, testimony or other discovery material, and all copies thereof, whether produced by a party or non-party, and shall also refer to the information contained in such material, in accordance with the following:

   a. "CONFIDENTIAL," where the Producing Party in good faith determines that such item contains trade secrets, competitively sensitive information or other confidential information the public disclosure of which would, in the good faith judgment of that Producing Party, be detrimental to that Producing Party in the conduct of its business; or

   b. "HIGHLY CONFIDENTIAL," where the Producing Party in good faith determines that such item meets the requirements of items designated as "CONFIDENTIAL" and, in addition, the disclosure of such item to any person employed by or representing the Receiving Party would pose an unreasonable risk of material harm to that Producing Party.

5. All persons receiving "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" material shall take all steps reasonably necessary to prevent the disclosure of such material to anyone other than persons identified below. "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information shall be stored under the direct control of outside counsel of record for a party, who shall be responsible for preventing any disclosure thereof except in accordance with the terms of this Protective Order.

6. Material marked or otherwise designated as "CONFIDENTIAL" shall be maintained in confidence by the party to whom such material is produced and shall not be disclosed to any person except:

   a. the Court and its officers;

b.  outside counsel of record and in-house counsel, if any, for the parties;

c.  employees of such counsel;

d.  translators, duplicating services, litigation support services, auxiliary services of like nature, engaged by such counsel;

e.  the following identified officers, employees or representatives of the parties to this litigation to the extent necessary in the prosecution or defense of claims made in this case, provided that such officers, employees or representatives of a party to this litigation have read this Protective Order and have signed an undertaking in the form of Exhibit A attached hereto, and for so long as they remain officers, employees or representatives of the parties:

(i)  For Plaintiff(s):  Antony Talalay, Jed Fahey, Paul Talalay, William Tew, and Dan Copp.

(ii)  For Defendant:  Dan Caudill, Kean Ashurst, Iris Mudd, and Joe Lyons.

(iii)  If the deposition of a witness for a party is noticed and the witness is not listed above, the party may disclose Confidential material to such witness in preparation for the deposition, provided that he or she has read the Protective Order and signed an undertaking in the form of Exhibit A attached hereto; and

f.  experts, provided they have read this Protective Order and have signed an undertaking in the form of Exhibit A attached hereto.

Material marked or otherwise designated "CONFIDENTIAL" shall not be disclosed to persons in categories 6(d), 6(e) and 6(f) until such persons have executed the agreement annexed as Exhibit A hereto.

7. Material marked or otherwise designated as "HIGHLY CONFIDENTIAL" shall be maintained in confidence by the party to whom such material is produced and shall not be disclosed to any person except:

    a. the Court and its officers;

    b. outside counsel of record for the parties;

    c. employees of such counsel;

    d. translators, duplicating services, litigation support services, auxiliary services of like nature, engaged by such counsel;

    e. present officers or employees of a party to this litigation to the extent necessary in the prosecution or defense of claims made in this case, provided that such officers or employees of a party to this litigation were the author or recipient of the "HIGHLY CONFIDENTIAL" material, and have read this Protective Order and have signed an undertaking in the form of Exhibit A attached hereto; and

    f. experts, provided they have read this Protective Order and have signed an undertaking in the form of Exhibit A attached hereto.

Material marked or otherwise designated "HIGHLY CONFIDENTIAL" shall not be disclosed to persons in categories 7(d), 7(e) and 7(f) until such persons have executed the agreement annexed as Exhibit A hereto.

8. The parties hereto agree that if any person not authorized to receive "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information under the terms of this

Protective Order is present at any deposition in this action, that person shall be asked to leave that proceeding for the period of time during which such information is the subject of questioning.

9. The attorneys of record for a party who wishes to disclose information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to persons other than those identified in Paragraphs 6 or 7 shall notify the attorneys of record for the Producing Party. The attorneys shall discuss in good faith whether disclosure can be made. If they cannot agree, the party seeking disclosure shall request a ruling from the Court, in accordance with Section IV(B)(2) of the Court's individual rules of practice. No disclosure of the information to persons other than those identified in Paragraphs 6 or 7 shall be made pending a ruling by the Court.

10. A party shall not be obligated to challenge the propriety of the designation of information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" at the time made, and failure to do so shall not preclude a later challenge thereof. If a party challenges such a designation, it shall send or give notice to the other party and to any third party who designated the information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" and shall attempt in good faith to resolve any challenge on an expedited and informal basis. The party designating such information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall have the burden of proof as to the validity of each such designation. The information at issue shall continue to be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" until a decision by the parties or the Court makes a determination.

11. Discovery material produced without the designation of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" may be designated subsequent to production or testimony when the Producing Party failed to make such designation at the time of

production or during the testimony through inadvertence or error. If discovery material is designated subsequent to production or testimony, the receiving party shall use reasonable efforts to promptly collect any copies that have been provided to individuals other than those identified in Paragraphs 6 and 7 of the Protective Order. For purposes of this Paragraph, the material will be deemed to be "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" as of the date upon which notice of the designation is received.

12. A party may designate deposition transcripts, or portions thereof "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" during the deposition or within ten (10) days from receipt of the transcript of the depositions. If a party does not designate confidentiality during the deposition, the entire deposition transcript shall be considered to be "CONFIDENTIAL" until such time as the 10 business days have lapsed, the party expressly designates the transcript or portions thereof as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL", or the party expressly indicates that the deposition contains no "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information, whichever occurs sooner.

13. No "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" material shall be filed in the public record of this action. Any document or thing containing or embodying "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" material that is to be filed in this proceeding shall be placed in a sealed enveloped bearing such designation on its front face. In addition, the envelope shall bear the caption of the case; the name of the party filing the sealed envelope; a concise, non-disclosing inventory of its contents for docketing purposes; and shall state thereon that it is filed under the terms of this Protective Order. The party filing the material designated pursuant to this Protective Order shall take all steps required by the Clerk's Office of the Southern District of New York to ensure that such material is filed under seal and maintained as confidential with the Clerk's office.

14. The provisions of this Protective Order with respect to "CONFIDENTIAL" or "HIGHLY CONFIDENITAL" materials or information shall not apply to information which (a) was, is, or becomes public knowledge without a violation of this Protective Order; (b) is acquired in good faith from a third party not subject to this Protective Order, such third party being lawfully in possession of its and not under any restriction prohibiting the release of it; (c) was possessed prior to receipt of the materials or information asserted to be confidential from a source able to provide it without a breach of confidence or duty or (d) is discovered independently by means which do not constitute a violation of this Protective Order.

15. At the conclusion of this case, all material produced pursuant to discovery, and all copies thereof, shall be returned to the Producing Party, or, at the option of the Producing Party, opposing counsel shall certify in writing that such materials have been destroyed, except that Counsel of record may retain one set of all papers filed with the Court, including confidential discovery material.

16. Upon conclusion of this case, counsel of record for the party receiving "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information shall provide to counsel of record for the Producing Party copies of all undertakings (Exhibit A) executed pursuant to this Protective Order.

Inadvertent Production of Privileged Materials

17. In order to facilitate the parties' complete and efficient production of documents, including electronically stored information, the following procedure shall govern the inadvertent production of information subject to a claim of attorney-client privilege, attorney work product or any other legal privilege protecting information from discovery (collectively, "Privileged Material") by any party or nonparty subject to this Order. Such production shall in

no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product or other ground for withholding production to which the producing party or another person otherwise would be entitled; and the receiving party hereby waives any argument that the producing party failed to take steps reasonably necessary to protect such Privileged Material from disclosure.

        18.    a.    If a party receives information that appears on its face to be Privileged Material, upon becoming aware of such receipt, the receiving party shall inform the producing party of the fact, shall identify such Privileged Material, and shall destroy and delete all such Privileged Material and all copies, summaries, notes and work product reflecting the contents of such Privileged Material.

        b.    If a producing party informs a receiving party that any specifically identified Privileged Material has been inadvertently produced to that receiving party, the receiving party promptly shall destroy and delete all such Privileged Material, all copies or summaries thereof, and all notes or other work product reflecting the contents of such Privileged Material; <u>provided that</u>, if the receiving party disputes that the material in question is Privileged Material, the receiving party may retain such material, but may not use such material in the litigation or disclose such material to any person, pending resolution of the dispute.

        19.    In the event a produced document contains Privileged Material and material which is not Privileged Material, the receiving party may retain and use such document, subject to the terms of this Protective Order, only after the Privileged Material has been redacted and deleted from such document.

20.  In the event of any dispute concerning whether material is Privileged Material, the parties shall attempt to resolve the dispute among themselves and, failing such resolution, shall seek a ruling from the Court. In any such dispute, the burden of proof as to the validity of the Privileged Material designation shall remain with whichever party bears such burden under the law, and the inadvertent production of the Privileged Material will not be a factor in the Court's determination.

21.  The provisions of this Section shall not be deemed to prevent any party from seeking an order compelling production of any document or information, including documents or information otherwise subject to the terms of this Section.

22.  This Protective Order shall remain in full force and effect after the termination of this litigation, or until cancelled or otherwise modified by a Court Order, or by written agreement of the parties.

23.  Jurisdiction of this action is to be retained by this Court, after final determination, for purposes of enabling any party to this Protective Order to apply to the Court for such direction, order or further decree as may be appropriate for the construction, modification, enforcement or compliance herewith or for the punishment of any violation hereof, or for such additional relief as may become necessary to realize the intentions of the Protective Order.

Dated: New York, New York
 July 28, 2008

Agreed to by:

| BINGHAM McCUTCHEN LLP | FROST BROWN TODD LLC |
|---|---|
| By: /s/ *signature* | By: /s/ *signature* |
| Richard S. Taffet | Ann Schoen |
| Edward L. Powers | FROST BROWN TODD LLC |
| Lavanya Kilaru | 201 East Fifth Street |
| 399 Park Avenue | Cincinnati, Ohio 45202-4182 |
| New York, New York 10022-4689 | (513) 651-6128 |
| (212) 705-7000 | |

*Attorneys for Plaintiff*
*Brassica Protection Products LLC*

Gregory P. Gulia
Vanessa C. Hew
DUANE MORRIS LLP
1540 Broadway
New York, New York 10036-4086
(212) 692-1000

*Attorneys for Defendant*
*Caudill Seed & Warehouse Co., Inc.*

July 28, 2008

SO ORDERED

/s/ *signature*
Hon. Shira Sheindlin

A/72435438.2

-11-

## EXHIBIT A

## AGREEMENT TO COMPLY WITH
## STIPULATED PROTECTIVE ORDER

I hereby acknowledge receipt of materials or information alleged to be confidential by _____. I certify my understanding that such material is provided to me pursuant to the terms and restrictions of the Stipulated Protective Order (the "Protective Order") in this case of BRASSICA PROTECTION PRODUCTS LLC V. CAUDILL SEED & WAREHOUSE CO., INC. d/b/a/ CAUDILL SEED CO., Case No. 07 Civ. 7844 (SAS), and that I have been given a copy of and have read said Protective Order. I understand that I am to retain control of any copies of any of the aforesaid documentary material and that, upon completion of my assigned duties, I shall be responsible for the identification and disposition of the designated material, including all copies of documentary materials. I further agree to notify any stenographic or clerical personnel who are required to assist me of the terms of said Protective Order. I also agree not to disseminate or use such information, except for purposes of this action and as permitted by said Protective Order or a further Order of the Court.

Dated: _____        Signed: _____